IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MONICA DANIEL HUTCHISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 09-3018-CV-S-RED |
| ) | |
| TEXAS COUNTY, MISSOURI, ) | |
| MICHAEL R. ANDERSON, ) | |
| TEXAS COUNTY PROSECUTING ) | |
| ATTORNEY, and ) | |
| MICHAEL R. ANDERSON, individually, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT ANDERSON'S SUGGESTIONS IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant Michael R. Anderson (hereinafter "Defendant Anderson"), by and through counsel, and in support of his Motion to Dismiss, states as follows:

Plaintiff filed this suit in the U.S. District Court For the Western District of Missouri on January 20, 2009. In her complaint, Plaintiff alleges six counts against Texas County, Missouri, Michael Anderson as Texas County Prosecuting Attorney, and Michael Anderson individually. Plaintiff alleges that she was employed as an administrative assistant in the Texas County Prosecuting Office from January 2003 to December 23, 2005 and that, during that time, Michael Anderson was her immediate supervisor. (Complaint, Count I, ¶s 11 and 12) Count I of Plaintiff's complaint allegedly states a claim for employment discrimination under Title VII. Count II attempts to alleges a cause of action for retaliation under Title VII. Counts III through VI allegedly

state claims for violations of Missouri state law: Count involves a claim for employment discrimination under the Missouri Human Rights Act; Count IV attempts to state a cause of action for malicious prosecution; Count V for abuse of process; and Count VI for defamation.

**I.     Counts I and II of Plaintiff's Complaint Fail to State a Cause of Action for Employment Discrimination and Retaliation Against Michael Anderson and Should Be Dismissed under Federal Rule of Civil Procedure 12(b)(6).**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action for failure to state a claim upon which relief can be granted. Dismissal is appropriate if "it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." ***Fray v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)*** quoting ***Hishon v. King and Spalding, 467 U.S. 69, 73 (1984)***. The complaint must contain facts which state a claim as a matter of law and must not be conclusory. ***Id.*** The Federal Rule of Procedure 12(b)(6) dismissal "serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. ***Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001)***.

Plaintiff, in her complaint, has stated that Michael Anderson was her immediate supervisor. (Complaint, Count I, ¶12). However, under Title VII, supervisors cannot be held liable in their individual capacity.

In ***Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377 (8th Cir. 1995)***, the 8th Circuit recognized that there is a "clear consensus" that "supervisors and other employees cannot be held liable under Title VII in their individual capacities." ***Id. at 381.***

The court also recognized that "[e]very circuit that has considered the issue ultimately has concluded that an employee, even one possessing supervisory authority, is not an employer upon whom liability can be imposed under Title VII." *Id.* In the case at bar, Plaintiff alleges that Michael Anderson is the Prosecuting Attorney of Texas County, Missouri and that Plaintiff was employed as an administrative assistant in the Texas County Prosecuting Attorney's office and that Michael Anderson was her supervisor. (Complaint, Count I, ¶s 9, 11 and 12). However, as supervisors cannot be held liable in their individual capacity, Counts I and II of Plaintiff's Complaint as to Defendant Anderson should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II. Count II of Plaintiff's Complaint Fails to State a Cause of Action for Retaliation Against Michael Anderson and Should Be Dismissed Under Federal Rule of Civil Procedure 12(b)(6)

Even if this Court determines that Count II should not be dismissed as to Michael Anderson because he is not an "employer" under Title VII, Count II should still be dismissed because Plaintiff has not pleaded the necessary elements for a retaliation claim under Title VII.

The elements of a retaliation claim under Title VII are: 1) the plaintiff engaged in a statutorily protected activity; 2) the plaintiff suffered an adverse employment action; and 3) there exists a causal connection between the adverse employment action and the protected activity. ***E.E.O.C. v. Kohler Co., 335 F.3d 766, 772 (8th Circ. 2003); White v. McDonnell Douglas Corp., 985 F.2d 434, 437 (8th Circ. 1993).*** According to Plaintiff's complaint, on December 23, 2005, she was either fired (Complaint, Count II, ¶

2(a)) or resigned from her position with the Texas County Prosecutor's Office. (Complaint, Count I, ¶ 12(o)) However, according to Plaintiff's complaint, she did not file her notice of charge of discrimination until February of 2006, almost two months after her employment had ended. (Complaint, Count II ¶ 2(c)) Plaintiff's complaint is devoid of any claim that she engaged in a statutorily protected activity *prior* to the end of her employment relationship with the Texas County Prosecutor's Office. Therefore, plaintiff has not pleaded a cause of action for retaliation under Title VII and Count II should be dismissed as to Michael Anderson under Federal Rule of Civil Procedure 12(b)(6).

### III. Those Portions of Counts I and II of Plaintiff's Complaint Requesting an Award of Punitive Damages Should be Dismissed For Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6).

In Counts I and II of Plaintiff's Complaint, Plaintiff requests a judgment against Defendant Anderson for punitive damages. (Complaint, Count I Prayer ¶ (d); Count II Prayer ¶ (d)). 42 U.S.C. § 1981a(a)(1) states that

> In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000e-5 or 2000e-16] against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 717 of the Act [42 U.S.C. §§ 2000e-2, 2000e-3, or 2000e-16] and provided that the complaining party cannot recover under section 1981 of this title, the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by

section 706(g) of the Civil Rights Act, from the respondent.

Subsection (b) of 42 U.S.C. § 1981a states that

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

It is unclear from Plaintiff's complaint whether either Count I or II have been brought under 42 U.S.C. § 2000e-5. 42 U.S.C. § 2000e-16 relates to employees of the federal government, so is clearly not at issue as Plaintiff was not an employee of the federal government. Even if Counts I and II of her complaint were brought under 42 U.S.C. 2000e-5, that section of Plaintiff's complaint asking for punitive damages must be dismissed for failure to state a cause of action because Plaintiff has not pleaded the required prerequisites under 42 U.S.C. §1981a(a)(1). Plaintiff has not alleged, in either Count I or II of her complaint, that she cannot recover under 42 U.S.C. § 1981 as is a required prerequisite for obtaining punitive damages under 42 U.S.C. §1981a(a)(1). Nor has Plaintiff alleged that any of Defendant's alleged acts were done with "malice or with reckless indifference" as required by 42 42 U.S.C. §1981a(b)(1). Therefore, those portions of Counts I and II of Plaintiff's complaint seeking punitive damages against Defendant Anderson should be dismissed for failure to state a cause of action under Fed.R.Civ.P. 12(b)(6).

## IV. Count III of Plaintiff's Complaint Fails to State a Cause of Action for Employment Discrimination Under Missouri Law Against Michael Anderson and Should Be Dismissed Under Federal Rule of Civil Procedure 12(b)(6).

In Count III of her Complaint, Plaintiff has alleged a cause of action for employment discrimination against Michael Anderson under the Missouri Human Rights Act. Specifically, Plaintiff states that Defendant Anderson violated Sections 213.055 and 213.070 RSMo. (Complaint, Count III, ¶s 4 and 5). Section 213.055 RSMo. only prohibits discrimination by an "employer" and the word "employer" is defined in Section 213.010(7).

Defendant Anderson does not meet the definition of "employer" under the Missouri Human Rights Act. In **Lenhardt**, the 8th Circuit determined that the definition of "employer" in the Missouri Human Rights Act is analogous to the definition of "employer" in Title VII. **55 F.3d at 380**. The **Lenhardt** Court determined that the Missouri Supreme Court would conclude that the Missouri Human Rights Act "does not subject fellow employees, including supervisors or managers, to individual liablity." **Id. at 381**. Michael Anderson was Plaintiff's supervisor. Therefore, that portion of Count III of Plaintiff's complaint alleging a violation of Section 213.055 RSMo should be dismissed as to Michael Anderson for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6).

**V. Those Portions of Counts III Through VI Relying on a Showing of Negligence on Defendant Anderson's Part Should Be Dismissed For Failure to State a Cause of Action Under Federal Rule of Civil Procedure 12(b)(6).**

Michael Anderson, in his capacity as prosecutor for Texas County, is immune from suit for negligent acts under the doctrine of official immunity. Under this doctrine, public employees are protected "from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." ***Southers v. City of Farmington, 263 S.W.3d 603, 610 (Mo. banc 2008)*** "Whether an act can be characterized as discretionary depends on the degree of reason and judgment required." *Id.* Discretionary acts require an exercise of reason "in the adaption of means to an end and discretion in determining how or whether an act should be done or a course pursued. *Id.* Public employees are not protected, however, under the official immunity doctrine for torts committed while acting in a ministerial capacity. *Id.* A ministerial act consists of "a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." *Id.* Whether an act is discretionary or not is determined on a case by case basis and the factors to be considered include: "(1) the nature of the public employee's duties; (2) the extent to which the act involves policy making or exercise of professional judgment; and (3) the consequences of not applying official immunity." *Id.*

In Counts III through VI, Plaintiff has alleged causes of action against Defendant Anderson in his official capacity as Texas County Prosecutor. The alleged acts of Michael Anderson were discretionary. None of the alleged acts detailed in Count II through VI of Plaintiff's Complaint constitute those types of acts which would be "of a

clerical nature" such that Defendant Anderson was required to perform a certain clerical act in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed given the state of facts presented. As such, to the extent that any of Counts III through VI of Plaintiff's Complaint constitute a negligent act, they should be dismissed for failure to state a cause of action under Federal Rule of Civil Procedure 12(b)(6).

## VI. Count IV of Plaintiff's Complaint Should Be Dismissed Under Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Cause of Action for Malicious Prosecution Against Michael Anderson.

In Count IV of Plaintiff's Complaint, Plaintiff alleges a cause of action for malicious prosecution against Defendant Anderson. As the basis for Count IV, Plaintiff relies upon an allegation that Defendant Anderson commenced a civil lawsuit against Plaintiff and then later dismissed the lawsuit without prejudice. (Complaint, Count IV, ¶s 2, 3 and 4).

In order to state a claim for malicious prosecution, Plaintiff must demonstrate the following elements: "(1) commencement of an earlier suit against plaintiff; (2) instigation of the suit by defendant; (3) termination of the suit in plaintiff's favor; (4) lack of probable cause for the suit; (5) malice by defendant in instituting the suit; and (6) damage to plaintiff resulting from the suit." ***State ex rel. Police Retirement System of St. Louis v. Mummert*, 875 S.W.2d 553, 555 (Mo. banc 1994)** "for purposes of malicious prosecution, an underlying action is deemed terminated when: (1) a final judgment is

entered on the merits; (2) the action is dismissed by the court with prejudice; or (3) the action is abandoned." *Doyle v. Crane, 200 S.W.3d 581, 586 (Mo. App. W.D. 2006)*. In situations involving a prior case that was dismissed without prejudice, that dismissal will be considered by the courts to be in favor of the plaintiff in the current action when the party who brought the original suit has manifested an intent to abandon that suit, and absent that showing, a dismissal without prejudice does not constitute a termination of the suit in the current plaintiff's favor. In the case at bar, Plaintiff has not pled that Defendant Anderson intends to abandon his prior suit against Plaintiff. Nor has Mr. Anderson in any way manifested an intent to do so. Thus, Count IV should be dismissed against Defendant Anderson under Federal Rule of Civil Procedure 12(b)(6).

**VII.    Count V of Plaintiff's Count for Abuse of Process Against Michael Anderson Should Be Dismissed for Failure to State a Claim Under Missouri Law.**

Count V of Plaintiff's Petition alleges a claim of abuse of process against Defendant Anderson based on the prior lawsuit Defendant Anderson brought against Plaintiff and based on a subpoena obtained by Defendant Anderson prior to filing the prior suit against Plaintiff. (Complaint, Count V, ¶s 2 through 9). In order to state a claim for abuse of process under Missouri law, a pleading must set forth ultimate facts establishing the following elements: (1) the present defendant made an illegal, improper, perverted use of process, which is neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such a legal, perverted or improper use of process; and (3) damage resulted to the defendant.

***Stafford v. Muster, 582 S.W.2d 670, 678 (Mo. banc 1979)***. The phrase "use of process" means some willful definitive act which is not authorized by the process. ***Id.***

In Missouri there is no liability for abuse of process where a defendant has done nothing more that pursue a lawsuit to its authorized conclusion, regardless of how evil his intent was in bringing the lawsuit. ***Meugler v. Berndsen, 964 S.W.2d 459, 462 (Mo. App. E.D. 1998)***. So long as a plaintiff is pursuing his requested remedy, no action for abuse of process will hold. ***Kopp v. Franks, 792 S.W.2d 413, 424 (Mo. App. S.D. 1990)*** "the essence of abuse of process is not the commencement of action without justification, but it is the misuse of process for an end other than that which it was designed to accomplish." ***Id.*** quoting ***Guirl v. Guirl, 708 S.W.2d 239, 245 (Mo. App. E.D. 1986)***. "[T]he test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process." ***Ritterbusch v. Holt, 789 S.W.2d 491, 493 Fn. 1 (Mo. Banc 1990)***. Plaintiff has not pleaded that, either after obtaining the subpoena or after filing the lawsuit, Defendant Anderson took any willful and definite act that was not authorized by said process. Therefore, Count V fails to state a claim under Missouri law against Defendant Anderson and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**VIII. Count VI of Plaintiff's Claim for Defamation Fails to State a Cause of Action Against Michael Anderson and Should Be Dismissed.**

In support of her claim for defamation, Plaintiff relies upon statements Defendant Anderson made in his Petition filed in Texas County Circuit Court. (Complaint, Count VI,

-10-

¶3). Under Missouri law, statements made during judicial proceedings are absolutely privileged if they are related to the issues before the court. ***Barge v. Ransom, 30 S.W.3d 889, 890 (Mo. App. S.D. 2000)***; ***Li v. Metropolitan Life Insurance Company, Inc., 955 S.W.2d 799, 803 (Mo. App. E.D. 1997)***. This absolute privilege applies to any defamatory matter contained in pleadings that are filed according to law in a court having jurisdiction, so long as that matter is relevant and pertinent to the case and it is immaterial whether the allegations contained in the pleadings were false and maliciously made. ***Laun v. Union Electric Company of Missouri, 166 S.W.2d 1065, 1069 (Mo. 1943)***. Therefore, that portion of Plaintiff's defamation complaint relying upon allegedly false and defamatory statements contained in the pleadings filed by Defendant Anderson against Plaintiff in the prior lawsuit, should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendant Michael R. Anderson respectfully requests the court to enter an order dismissing all of the Counts of Plaintiff's Complaint against him, and for such other and further relief as the court deems just under the circumstances.

**TAYLOR, STAFFORD, CLITHERO, FITZGERALD & HARRIS, LLP**

By /s/Warren E. Harris
_____
Warren E. Harris
Missouri Bar No. 40372
wharris@taylorstafford.com
3315 E. Ridgeview, Suite 1000
Springfield, MO 65804
Tel: 417-887-2020
Fax: 417-887-8431

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I, Warren E. Harris, hereby certify that on the 25th day of February 2009 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Plaintiff, David L. Steelman.

                                         /s/ Warren E. Harris
                                         Warren E. Harris