IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Monica Daniel Hutchison,** | ) | |
| *Plaintiff*, | ) ) ) | |
| vs. | ) ) | Case No. 09-3018-CV-S-RED |
| **Texas County, Missouri, Michael R. Anderson, Texas County Prosecuting Attorney & Michael R. Anderson, individually,** | ) ) ) ) | |
| *Defendants*. | ) ) | |

*Texas County, Missouri's Reply to Plaintiff's Response to
Defendant Texas County's Statement of Uncontroverted Material
Facts and Response to Plaintiff's Statement of Additional Material Facts*

**I. Texas County's Reply to Plaintiff's Response to Defendant Texas County's Statement of Uncontroverted Material Facts**

1. Uncontroverted.

2. Uncontroverted.

3. Uncontroverted.

4. Uncontroverted.

5. Uncontroverted.

6. Uncontroverted.

7. *Plaintiff does not dispute the statement of fact set forth in Paragraph 7.* Plaintiff contests the legal effect of the statement, but not the fact itself. Further, Plaintiff admits that County prosecutors commence and prosecute actions on behalf of the State of Missouri.

8. Uncontroverted.

9. *Plaintiff does not dispute the statement of fact set forth in Paragraph 9.* Plaintiff's purported statement of "fact" is nothing more than a broad generalization, unsupported by any reference to the record. While Plaintiff alleges the Texas County Commission "controlled many aspects of her employment," she fails to provide examples of any specific aspect they allegedly controlled. Further, her statement that she submitted timesheets to

the County Commission is supportive of Texas County's assertion that its involvement in Plaintiff's employment was limited to payroll matters. Plaintiff's assertion that she submitted leave requests to the Commission is directly contrary to her deposition testimony, in which she testified that any leave requests were communicated directly to Defendant Anderson, and, in the even that Defendant Anderson was unavailable, she communicated her absence to the other individuals working in the Prosecuting Attorney's office. (DX-B at 83).

10. Uncontroverted.

11. Uncontroverted.

12. Uncontroverted.

13. Uncontroverted.

14. ***Plaintiff does not dispute the statement set forth in Paragraph 19.*** Plaintiff's assertion that Texas County's Statement of Fact No. 14 is "impossible to respond to" is disingenuous. Plaintiff states that Texas County's usage of the phrase "any other role" is improper because Texas County did not define what role Donald Troutman and the Texas County Commission had with respect to the "training, management and oversight of individuals selected by Anderson to work in the Prosecuting Attorney's office." However, the role of both Donald Troutman and the Texas County Commission was set forth in Texas County's Statements of Fact Nos. 9 through 13, in which Texas County stated that the Commission's role was limited to payroll matters. Therefore, Statement of Fact No. 14 was a cumulative statement based upon the foregoing Statements of Fact. Further, Texas County incorporates by reference its response to Paragraph 9, above.

15. Uncontroverted.

16. Uncontroverted.

17. ***Plaintiff does not dispute the statement set forth in Paragraph 19.*** Plaintiff's purported additional "fact" – that Plaintiff labeled and copied exhibits for Defendant Anderson – merely corroborates Texas County's assertion that she prepared exhibits for Defendant Anderson.

2

18. Uncontroverted.

19. ***Plaintiff does not dispute the statement set forth in Paragraph 19.*** Plaintiff admits she was the only employee of Defendant Anderson's private law practice. Plaintiff's additional facts, which amount to vague generalizations devoid of specificity or citations to the record, do not rebut the statement of fact offered by Texas County. Even assuming, *arguendo*, but incorrectly, any distinction exists between Texas County's proffered Statement of Fact and Plaintiff's Responses, any such distinction is insufficient to create a genuine issue of <u>material</u> fact.

20. Uncontroverted.

21. Uncontroverted.

22. Uncontroverted.

23. Uncontroverted.

24. Uncontroverted.

25. ***Plaintiff does not dispute the statement set forth in Paragraph 25.*** Plaintiff's purported additional fact is a misstatement of the language present in the Texas County Personnel Administration Manual. The applicable provision states, "The elected official or department head shall be the hiring authority in each office and upon the approval of the Texas County Commission, shall have responsibility for filling any vacancy within his/her office." (PX-A at 10). Further, the Personnel Manual corroborates Texas County's statement of fact in that it confirms Defendant Anderson, as an elected official, was the hiring authority for the Prosecuting Attorney's office.

26. Uncontroverted.

27. Uncontroverted.

28. ***Plaintiff does not dispute the statement set forth in Paragraph 28.*** Instead, Plaintiff attempts to contradict her own prior testimony by referencing two (2) pages of the Texas County Personnel Administration Manual, the salient portion of which states, "The normal workday for <u>most</u> County offices shall be determined by the County Commission." (PX-A at 7-

3

8) (emphasis added). While the Commission may determine the workday for "most" County offices, nothing in the Personnel Manual indicates that the Commission had <u>any</u> role in determine the workday for Plaintiff or any other employee in the Prosecuting Attorney's office. The remaining provisions on pages 7-8 of the Personnel Manual merely contain the County's policies regarding the computation and administration of employee compensation and do not contain any guidelines regarding the actual work schedule of County employees. Plaintiff testified in her deposition as follows:

```
1    Q. Did [Texas County Commission] tell you what hours your hours were
2       going to be?
3    A. I believe I just assumed that it was the
4       regular courthouse hours, eight to five.
5    Q. Okay.
6    A. I don't believe they told me specifically.
7    Q. Did they specifically tell you that you
8       would be reporting to them in any way?
9    A. No. My direct supervisor was Mr. Anderson. (DX-B at 83).
```

See also Texas County's Responses to Plaintiff's Statement of Additional Material Facts, paragraphs 55-57. Moreover, Plaintiff alleged in ¶ _____ of the Second Amended Complaint that Anderson was her immediate supervisor and possessed the authority to hire and fire Plaintiff and other employees of the Texas County Prosecuting Attorney's office.

29. Uncontroverted.

30. Uncontroverted.

31. Uncontroverted.

32. Uncontroverted.

33. Uncontroverted.

34. Uncontroverted.

35. ***Plaintiff does not dispute the statement set forth in Paragraph 35.*** Plaintiff's statement that she "assisted" with the preparation of criminal complaints merely elaborates on Texas County's statement of fact and does not contradict Texas County's assertion that she

prepared criminal complaints. Even assuming, *arguendo*, but incorrectly, any distinction exists between Texas County's proffered Statement of Fact and Plaintiff's Responses, any such distinction is insufficient to create a genuine issue of <u>material</u> fact.

    36.    Uncontroverted.

    37.    Uncontroverted.

    38.    Uncontroverted.

    39.    Uncontroverted.

    40.    Uncontroverted.

    41.    ***Plaintiff does not dispute the statement set forth in Paragraph 41.*** Plaintiff's statement that she "denied handling phone calls that would come into the office on her own" is irrelevant, in that Texas County made no such assertion in its statement of fact. Therefore, Plaintiff's addition of this "fact" does not create an issue of fact. In addition, Plaintiff admitted in her deposition that she was responsible for screening Defendant Anderson's telephone calls:

```
16   Q. And you would screen calls as they
17   came in; right?
18   A. Yes. I would take messages for him, yes. (DX-B at 92).
```

Even assuming, *arguendo*, but incorrectly, any distinction exists between Texas County's proffered Statement of Fact and Plaintiff's Responses, any such distinction is insufficient to create a genuine issue of <u>material</u> fact.

    42.    Uncontroverted.

    43.    Uncontroverted.

    44.    Uncontroverted.

    45.    Uncontroverted.

    46.    Uncontroverted.

    47.    Uncontroverted.

    48.    Uncontroverted.

    49.    Uncontroverted.

5
Case 6:09-cv-03018-RED   Document 132   Filed 05/19/10   Page 5 of 10

50. Plaintiff's denial does not create a genuine issue of material fact. The significance of Texas County's statement of fact lies in fact that Plaintiff was the first individual hired by Defendant Anderson to work in the Prosecuting Attorney's office and that she was his only employee until he hired a second individual. The specific identity of the second individual is irrelevant and has no impact upon the legal preposition addressed in Texas County's Motion for Summary Judgment.

51. Uncontroverted.

52. Uncontroverted.

53. Uncontroverted.

54. Uncontroverted.

## II. Texas County's Response to Plaintiff's Statement of Additional Material Facts

55. Uncontroverted.

56. Uncontroverted.

57. Uncontroverted because there is no genuine dispute of material fact. Texas County admits that a Texas County elected official "is the hiring authority in each office." However, the Texas County Personnel Administration Manuel does not state that the County "reserves the right to approve hiring." Rather, the applicable provision states, "The elected official or department head shall be the hiring authority in each office and upon the approval of the Texas County Commission, shall have responsibility for filling any vacancy within his/her office." (PX-A, p. 10). A reasonable interpretation of the language at issue is not that Texas County has "reserved the right to approve hiring," but rather that Texas County must approve the addition of any new individual to payroll. Although Texas County disagrees with Plaintiff's interpretation of the wording present in the Personnel Manual, the subject matter of the disagreement is not a fact material to the resolution of Texas County's Motion for Summary Judgment.

58. Uncontroverted.

59. Though controverted, there is no genuine dispute of material fact. Texas County disputes Plaintiff's Statement of Fact to the extent that Plaintiff does not define the length of time denoted by the phrase "shortly after." However, because the employment of Angie Holder is not in any way relevant to the resolution of Texas County's Motion for Summary Judgment, Texas County's disagreement with Plaintiff's Statement of Fact does not create a genuine issue of material fact.

60. Uncontroverted.

61. Uncontroverted because Plaintiff's misstatement of the record does not create a genuine issue of fact. Plaintiff's purported statement of fact alleges Defendant Anderson testified that Plaintiff was not authorized to issue subpoenas. However, Plaintiff's statement of fact is incomplete, in that Plaintiff omits the portion of Defendant Anderson's deposition in which he clarified the portion of his testimony cited by Plaintiff and explained that Plaintiff possessed the authority to issue certain subpoenas without first seeking his approval. A complete recitation of Defendant Anderson's testimony is as follows:

> 11 Q. So she was not authorized to set up what
> 12 officers or witnesses could or could not appear at a
> 13 case; is that correct?
> 14 A. That's correct. But let me kind of fill in
> 15 the blanks there a little bit. The way it would
> 16 work, the typical court day, we may have 200 files,
> 17 250 cases on some occasions. All of these files
> 18 would be prepared before going to Court.
> 19 If there was a lit of witnesses needed for
> 20 a preliminary hearing or a misdemeanor trial or
> 21 something of that nature, **[Plaintiff] knew how to go through**
> 22 **that file and figure out who those witnesses were and**
> 23 <u>**she was authorized send those subpoenas**</u>**.**

(PX-B at 18) (emphasis added)

Further, Plaintiff's testified at her deposition that on certain types of cases, such as those involving DWIs, she issued subpoenas without first consulting Defendant Anderson:

```
           9      A. [ . . . ] Or on, like, misdemeanors, if he would
          10      say we're going to have a trial date like on
          11      a DWI, I just automatically knew we needed
          12      to subpoena this officer because that's who
          13      issued the ticket.
          14      Q.  Okay. And so for DWI cases in particular,
          15      when a ticket or a DWI complaint would get
          16      filed, you'd see the arresting officer.
          17      Once you found out what the trial date was,
          18       you'd issue a subpoena to that officer, and
          19      you'd coordinate with that officer to make
          20      sure that he showed up for the hearing;
          21      right?
          22      A. Correct.
          23      Q. nd you did that as a matter of just kind of
          24      general office practice.  You didn't need
          25      Mike to tell you to call the highway patrol
           1      Officers every time a DWI came through?
           2      A. Correct, unless there was more to it.
```

(DX-B at 95-96).

Plaintiff has attempted to create an issue of fact by intentionally omitting the portion of Defendant Anderson's testimony that corroborates her own testimony regarding her authority to issue certain subpoenas.  Because both Plaintiff and Defendant Anderson have offered testimony that is identical in substance, Plaintiff has failed to create a genuine issue of fact.

      62.    Though controverted, there exists no genuine issue of material fact.  Plaintiff admits that she had access to confidential information because she was entrusted with the duty of maintaining and photocopying Defendant Anderson's case files. Whether or not Plaintiff actually read the confidential information contained within the files is immaterial to the resolution of Texas County's Motion for Summary Judgment. Further, Plaintiff's broad assertion that she was not exposed to "confidential information" is a legal conclusion insofar and not a statement of fact. Accordingly, there exists no genuine issue of material fact.

      However, it should be noted that Plaintiff's contention regarding her lack of exposure to confidential information in connection with criminal investigations and/or the cases handled by Defendant Anderson is directly contradicted by Plaintiff's previous testimony at her deposition.

Plaintiff testified that she attended Defendant Anderson's interviews with female victims in order to comfort the victims by having the presence of another female. (DX-B at 91). In so stating, Plaintiff's has admitted that she was exposed to confidential information during her employment with Defendant Anderson. It is well-established that a party, after giving a deposition, may not later file an affidavit with directly contrary statements in an effort to evade summary judgment. *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1366 (8th Cir. 1983). In light of *Camfield Tires, Inc.*, Plaintiff's purported "fact" is not genuine because Plaintiff has not offered a legitimate reason for contradicting her previous deposition testimony. *Id.* at 1365.

63. Uncontroverted insofar as "keeping" a work calendar refers to the fact Anderson possessed a calendar. Plaintiff has admitted that she was responsible for scheduling appointments for Defendant Anderson both while he was in private practice and during her employment in the Prosecuting Attorney's office. (DX-B at 39-41, 92). Plaintiff's new Statement of Fact does not contradict Plaintiff's previous testimony regarding her involvement in the scheduling of appointments.

64. Though controverted, there exists no genuine issue of material fact. Whether Plaintiff made substantive decisions or exclusively performed clerical work is immaterial to the resolution of Texas County's Motion for Summary Judgment because the personal staff exemption is applicable to clerical and secretarial employees, as well as those who made substantive decisions. *Bland v. State of New York*, 263 F. Supp. 2d 526, 537-38 (E.D. N.Y. 2003). Further, Plaintiff's purported statement of fact is merely Plaintiff's unsupported opinion and broad generalization regarding her subjective opinion regarding the definition of "clerical work" and "substantive decisions."

65. Though controverted, there exists no genuine issue of material fact. The facts relevant to resolution of Texas County's Motion for Summary Judgment include the nature of Plaintiff's employment, her employment relationship with Defendant Anderson, and the tasks she performed during the course of her employment. The precise wording of Plaintiff's title is

not relevant to the instant motion and therefore Plaintiff's characterization of her job title is not a fact material to the resolution of Texas County's Motion for Summary Judgment.

66. Uncontroverted.

67. Uncontroverted.

68. Uncontroverted.

69. Uncontroverted.

Respectfully submitted,

**THE LOWENBAUM PARTNERSHIP, L.L.C.**

By: */s/ Corey L. Franklin*
IVAN L. SCHRAEDER, MBA 35383
COREY L. FRANKLIN, MBE 52066
222 South Central Avenue, Suite 901
St. Louis, Missouri 63105
314.863.0092 - *Telephone*
314.746.4848 – *Facsimile*
ils@lowenbaumlaw.com
clf@lowenbaumlaw.com

Dated: May 19, 2010

COUNSEL FOR DEFENDANT –
*Texas County, Missouri*

### *Certificate of Service*

I hereby certify that I have on this 19th day of May, 2010, served a true and correct copy of the foregoing via the United States District Court for the Western District of Missouri's CM/ECF electronic filing system upon the following counsel of record:

| | |
|---|---|
| DAVID L. STEELMAN | WARREN E. HARRIS |
| STEPHEN F. GAUNT | *Taylor, Stafford, Clithero, Fitzgerald* |
| *Steelman, Gaunt & Horsefield* | *& Harris, LLP* |
| *901 Pine Street, Suite 110* | *3315 East Ridgeview* |
| *P.O. Box 1257* | *Suite 1000* |
| *Rolla, Missouri 65402* | *Springfield , MO 65804* |
| | |
| COUNSEL FOR PLAINTIFF – | COUNSEL FOR DEFENDANT – |
| *Monica Daniel Hutchison* | *Michael Anderson* |

*/s/ Corey L. Franklin*
