MONICA DANIEL HUTCHISON, )
 )
   **Plaintiff,** )
 ) **Case No.:  09-3018-CV-S-RED**
**vs.** )
 ) **Jury Trial Demanded**
**TEXAS COUNTY, MISSOURI;** )
**MICHAEL R. ANDERSON,** )
**TEXAS COUNTY PROSECUTING** )
**ATTORNEY; and** )
**MICHAEL R. ANDERSON, individually** )
 )
   **Defendants.** )

## SUGGESTIONS IN SUPPORT OF MOTION FOR PROTECTIVE ORDER LIMITING THE SCOPE OF DEPOSITION OF SETH WALKER

COMES NOW Plaintiff and in support of her motion for protective order states and informs the court as follows:

1. Rule 26(b)(1) clearly limits discovery to information "that is relevant to any party's claim or defense."  Under the rule, the court may only order discovery "of any matter *relevant* to the subject matter involved in the action".  Thus, Defendants' examination of Mr. Walker during his deposition should be limited to information that is relevant to claims or defenses in the action and a defendant may not "embark on the proverbial fishing expedition" based upon "the theoretical potential relevance of any information" which may be obtained by the discovery sought.  ***Woods v. Fresenius Medical Care Group of North America***, 2008 W.L. 151836, p.1 (S.D. Ind. 2008).

Furthermore, Rule 26(c)(1)(D) empowers the court to protect a party or any person from whom discovery is sought "from annoyance, embarrassment, oppression, or undue burden or expense", through an order which may forbid inquiry into certain matters.  The United States Supreme Court has noted that discovery provisions, like all of the Federal Rules of Civil Procedure,

are to be construed to secure the just, speedy and inexpensive determination of every action. "To this end, the requirement of 26(b)(1) that the materials sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression or undue burden or expense….'. Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control of the discovery process." *Herbert v. Lando*, 99 S.Ct. 1635, 1649 (1979).

Plaintiff's suggestions in support of her motion for protective order limiting the scope of her own deposition contained a detailed discussion of the claims made by Plaintiff and the lack of relevance of her personal sex life and sexual conduct in general to those claims. Those arguments and authorities are incorporated herein as if fully set forth once again.

With respect to Mr. Walker's deposition, counsel for Defendant Anderson has taken the position that he may ask Mr. Walker any question he wants to about Plaintiff's personal sex life and sexual conduct. In his arguments to counsel for Plaintiff, counsel for Defendant Anderson has asserted such questioning is relevant on the defamation claim as going to Plaintiff's reputation and is also relevant to show potential bias on the part of Mr. Walker.

Both of these arguments were made, and rejected by this Court, in connection with Plaintiff's earlier motion for protective order seeking to limit the scope of her own deposition. The transcript of that telephone hearing held on February 19, 2010 shows that Mr. Harris, counsel for Defendant Anderson argued:

> MR. HARRIS:….with regard to the defamation claim she has got the burden to show - she has to prove absolutely that there was an actual damage to her reputation as a result of that. So with regard to her - we all know what the allegations were in Mr. Anderson's petition but with regard to the defamation claim, it is obviously much broader because the question then becomes what

Case 6:09-cv-03018-RED   Document 135   Filed 05/21/10   Page 2 of 6

was her reputation prior to Mr. Anderson filing the lawsuit that they claim gave rise to the defamation.

THE COURT: Doesn't the reputation come from what other people say about it as opposed to establishing it yourself by finding that maybe she has got a risqué sex life and so then all at once you transposed that to reputation?

Mr. HARRIS: With regard to her burden of proof, yes, she has to show that others - that the value of her reputation in the eye of others was changed by these comments. She has got to bring forth witnesses to show that. Obviously if she brings forth witnesses to show that - and this is another area that allows us to get in to that - if she's had sexual relations with these witnesses that she brings forward, we are entitled to inquire about that to find out if the witnesses are biased toward her, in her favor. So it is a method of inquiring about bias and if the fact of the matter is - I mean, to be blunt about it, this woman did not have a reputation for chastity before this lawsuit was filed, there can't be any damage.

THE COURT: Well, let's just get to the core here. I don't think that this situation opens it up that you get to go into every sexual relationship she has had since 2001. Now I think you are entitled to get into her discussions in the office clear back to 2001 about her sexual activity. Any claim or actual conduct where she said - whatever you said, police officer or whatever that was in a back room, any kind of sexual conduct at the office, I think you are entitled to get into that. Any evidence of multiple partner relationships, you call it a swinger style sex ring, group sex that involved people that Anderson claims he saw around the prosecutor's office; in other words, if he said A, B and C were around the office and were not employees in the office, I think it's fair game to ask if she had sex or discussed it or whatever that would be related to this activity he's alleging. Those would all be fair game in her deposition. But the idea that somehow you just get to fish for everybody that she's had sex with, that's too much.

So now let's figure out what's going to work. You say if she establishes – if she has witnesses that are going to say that her reputation was hurt, then I think it should be required that the plaintiff identify who those witnesses are going to be and then you get to ask about them. I think that's fair game, just has she ever had sex with them. That question I'm okay with. But we're not going to just open it up that somehow her entire sex life for the last – for that five-year period is fair game."

Transcript page 5 lines 14-25 through 7 lines 1-16.

When asked for further clarification, the Court specifically ruled that Ms. Hutchison could be

asked about any "law enforcement or County personnel that she had sex with during this period of

3

March 1, 2005 to December 23, 2005" as well as activity and discussions about sex in the Prosecutor's office, then stated "but outside of the office with people not related to the office back at that time, that 2001 to 2005, I don't see the need to expand that." Transcript page 10 lines 3 through 6.

Counsel for Defendant Anderson then stated that "I'm perfectly fine with - that's perfectly fine. I didn't really have any intention to go anywhere beyond that anyway." Transcript page 10 lines 8 through 10.

In light of this Court's prior ruling, a similar protective order should be entered here. This Court has already rejected Defendant Anderson's arguments for unlimited inquiry into Plaintiff's sex life and correctly noted that reputation comes from what other people say, and that the Defendant cannot "transpose" what they learn about Plaintiff's conduct into reputation evidence. Furthermore, with respect to witness bias this Court noted that when reputation witnesses are identified the Defendant could ask "just has she ever had sex with them. That question I am okay with. But we are not going to just open it up that somehow her entire sex life for the last-for that five year period is fair game." Along those lines, it should be kept in mind that Mr. Walker is *not* being called by Plaintiff as a reputation witness. Counsel for Defendant Anderson has noticed Mr. Walker up as one of his witnesses and identified him in his initial disclosures. Apparently, he believes he should be able to impeach his *own* witness with sex questions. Plaintiff does not agree that this Court's ruling with respect to Plaintiff's witnesses, and in particular her reputation witnesses, regarding bias impeachment should be extended to witnesses the Defendant names and brings into the case. However, if this Court disagrees, and finds that Defendant Anderson may impeach his own witness with respect to bias, then the line of questioning should be limited as it is with witnesses named and called by Plaintiff.

4

Federal Rule of Evidence 403 should also be kept in mind, and provides "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." It is clear that Defendants will seek to portray Mrs. Hutchison as promiscuous, and make this trial about her personal sex life rather than what it should actually be about, and the result of this stigmatization of Plaintiff would result in unfair prejudice to her and confusion of the issues.

Plaintiff's general sexual conduct and sexual history are not relevant in this case. To the extent they have any limited relevance, questioning on those topics would subject Plaintiff and third parties such as Mr. Walker to annoyance, embarrassment, oppression or undue burden and expense. Therefore, this court should issue a protective order directing that Seth Walker not be asked any questions regarding Plaintiff's sexual conduct and personal sex life: 1) regarding time periods other than between March 1, 2005 and December 23, 2005, when she left the Prosecuting Attorney's office; or 2) involving sexual encounters which did not occur in the Texas County courthouse or were not arranged from her position in the Prosecutor's office, unless the encounter involved law enforcement or Texas County personnel. Furthermore, *if* relevant to potential bias, Mr. Walker may be asked only whether he has had sexual relations with Plaintiff.

Respectfully Submitted,

STEELMAN, GAUNT & HORSEFIELD


By:     /s/   Stephen F. Gaunt
        MO Bar #33183
        David L. Steelman, MO Bar #27334
        901 Pine Street, Ste. 110
        P.O. Box 1257
        Rolla, MO  65402
        Telephone:  573-341-8336
        Fax:  573-341-8548
        dsteelman@steelmanandgaunt.com
        sgaunt@steelmanandgaunt.com

        ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I, Stephen F. Gaunt, hereby certify that on the 21st day of May, 2010 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Corey L. Franklin
The Lowenbaum Partnership, LLC
222 South Central Avenue, Ste. 901
St. Louis, MO  63105
Counsel for Defendant Texas County, Missouri

Warren E. Harris
Taylor, Stafford, Clithero, Fitzgerald & Harris, LLP
3315 East Ridgeview, Ste. 1000
Springfield, MO 65804
Counsel for Defendant Michael Anderson


                                        /s/   Stephen F. Gaunt
                                            Stephen F. Gaunt

6