IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **MONICA DANIEL HUTCHISON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No.: 09-3018-CV-S-RED |
| vs. | ) |
| | ) **Jury Trial Demanded** |
| **TEXAS COUNTY, MISSOURI;** | ) |
| **MICHAEL R. ANDERSON,** | ) |
| **TEXAS COUNTY PROSECUTING** | ) |
| **ATTORNEY; and** | ) |
| **MICHAEL R. ANDERSON, individually** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S REPLY TO DEFENDANT ANDERSON'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO DESIGNATE REBUTTAL EXPERT WITNESS**

COMES NOW Plaintiff, Monica Daniel Hutchison, by and through counsel, and in reply to Defendant Anderson's Suggestions in Opposition to Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Leave to Designate Rebuttal Expert Witness, states as follows:

In her Motion for Reconsideration of Order Denying Plaintiff's Motion for Leave to Designate Rebuttal Witness, Plaintiff respectfully submitted that this Court reached incorrect conclusions on both the facts and law relevant to Plaintiff's Motion for Leave to Designate Rebuttal Expert Witness. Defendant, in his suggestions in opposition, confirms Plaintiff's argument concerning the Court's incorrect factual conclusion and fails to present any authority supporting the legal conclusions reached by the Court.

    I.    <u>Incorrect Factual Conclusions</u>.

Plaintiff noted that this Court stated "Plaintiff has the option of using her identified expert for rebuttal", then explained why Plaintiff does not, in fact, have the option of using her identified

1

expert for rebuttal under the circumstances presented because Defendant's Rule 35 exam and testing introduced into this case the need for a specific type of expertise: neuropsychological training in the administration and interpretation of the neuropsychological test given to Plaintiff.

Defendant apparently agrees with Plaintiff that Plaintiff does not, in fact, have the option of using of her identified expert for rebuttal in this case because nowhere in his response does he contend that Plaintiff's expert, Dina Vitoux, has the specific expertise required to rebut the opinions of Dr. Pribor, which were based in part on testing she conducted. It is, therefore, clear that this Court's factual conclusion regarding Dina Vitoux's ability to testify in rebuttal was incorrect.

Rather than address the incorrect factual conclusion pointed out by Plaintiff, Defendant responds by implying that Plaintiff should have designated a neuropsychological testing expert in her case in chief, or at least prior to Dr. Pribor's testing. In this regard, Defendant continues to miss the point that the issues in question are *rebuttal* issues. For example, Defendant notes that "Plaintiff waited until after she had seen the results of such testing and the report produced by the psychologist utilized by Dr. Pribor" before raising the issue of a rebuttal expert, as if this was somehow improper. Of course Plaintiff waited until there was something to rebut; i.e., until she had seen the results of the testing and report produced by Defendant. How could Plaintiff rebut what has not yet happened or opinions that have not yet been rendered?

Defendant also points out, with enthusiasm, but without the crucial timeline information, that "Plaintiff's counsel knew that Defendant Anderson intended to have Plaintiff subjected to a Rule 35 examination which included psychiatric testing." In support of that statement, Defendant cites a February 8, 2010 email and attaches a February 23, 2010 letter from counsel for Defendant Anderson to counsel for Plaintiff. However, this simply confirms that Plaintiff first learned that Defendant Anderson intended to have Plaintiff subjected to a Rule 35 examination which included

psychiatric testing *after* Plaintiff's counsel had designated her experts on January 6, 2010. Thus, Defendant agrees that Plaintiff could not have known of the need for a neuropsychologist with the expertise to interpret the results of psychiatric testing in time to designate such an expert in conformance with the original scheduling order for non-rebuttal experts. New issues and new facts, including test results, were introduced into this case after Plaintiff was required to designate her experts under the scheduling order.

It should also be noted that even during the February time period when Plaintiff's counsel and Defendant's counsel were discussing Defendant's request for a Rule 35 examination, Plaintiff's counsel did not know if the Court would order the requested testing and, in fact, this Court did not issue its order granting Defendant's request for a Rule 35 examination including psychiatric testing until April 26, 2010, well after Dina Vitoux's deposition on March 16, 2010.

Again, Plaintiff has requested leave to name a *rebuttal* expert, not present an additional expert in her case in chief. Rebuttal experts are named after designation of the opposing party's expert under the Federal Rules of Civil Procedure. See Rule 26(a)(2)(C), allowing designation of a rebuttal expert 90 days prior to trial or 30 days after the other party's disclosure of their experts, whichever is *later*. *Dixon v. Certainteed Corporation, et al.,* 168 F.R.D. 51, 54 (D. Kansas 1996). Here, Plaintiff took prompt action by filing her Motion for Leave to Designate Expert Witness the day after deposing Defendant's expert, Dr. Pribor, and within two weeks of Defendant's disclosure of Dr. Pribor as an expert witness.

Defendant's suggestion that Plaintiff should have sought leave to designate her rebuttal expert sooner is not only unsupported by any citation to authority, but is contrary to the Federal Rules of Civil Procedure, case law and common sense. It is, quite simply, impossible to name a rebuttal expert until the expert offering the opinions to be rebutted has been disclosed and deposed.

3

Even if a party may suspect that they will need a certain type of expert to testify in rebuttal, it is impossible to provide a report from the rebuttal expert containing the opinions the rebuttal expert will offer until the opposing party has designated their own experts. Furthermore, in this case, Plaintiff did not suspect, when she designated her original experts, that Defendant would request a Rule 35 examination that would include neuropsychological testing of the Plaintiff, as shown by the attachments produced by Defendant Anderson in connection with his Suggestions in Opposition to Plaintiff's Motion for Reconsideration.

Given that Defendant does not dispute the incorrect factual conclusion Plaintiff suggested in her motion for reconsideration and appears to agree that Dina Vitoux lacks the expertise to offer rebuttal expert testimony regarding the neuropsychological testing which plays a role in Dr. Pribor's opinion, Plaintiff respectfully submits that this Court should reconsider its Order Denying Plaintiff's Motion for Leave to Designate Rebuttal Expert Witness. If it does not do so, the result will be an unrebutted, one-sided interpretation of neuropsychological testing, as to which Defendant's expert agrees that neuropsychological experts can, and often do, disagree.

II. Incorrect Legal Conclusions.

In her Motion for Reconsideration, Plaintiff pointed out that "this Court, in its Order, suggests that Plaintiff is limited, in designating rebuttal expert witnesses, to experts previously endorsed by Plaintiff to testify as part of her case in chief. This statement is unsupported by any citation to authority, and Plaintiff has found no supporting authority. In fact, case law is to the contrary."

While Defendant attempts to distinguish the cases cited by Plaintiff on their facts, Defendant cites no authority to the contrary and cites no case upholding a Court refusing to allow a party to

designate a rebuttal expert, whether new or previously disclosed, when the request is made in a timely fashion.

It appears, based upon the briefs filed by both parties on this Motion for Reconsideration, that the Court's action here is unprecedented. That is why Plaintiff cited to general authority supporting the proposition that she has a right to present a qualified expert during her rebuttal case, and that allowing "new rebuttal experts simply levels the playing field and eliminates any strategic or tactical advantage that defendants may have gained" from being allowed to designate their experts after Plaintiff, and thus having "seen Plaintiff's hand". Again, Defendant has cited no authority contrary to these well established principles.

Defendant's argument for not allowing Plaintiff to designate a qualified rebuttal expert is based entirely on "the Court's scheduling order", which was silent on the issue of designation of rebuttal experts and was not cited by the Court in its order denying Plaintiff's Motion for Leave to Designate Rebuttal Expert. Even though this Court did not say so, Defendant apparently believes that in issuing its original scheduling order, this Court precluded parties from designating rebuttal experts after the deadline established for non-rebuttal experts. However, it is well established that when a scheduling order is silent on the time for designation of rebuttal experts, the timing and service of rebuttal experts is governed by Rule 26(a)(2)(C). See *A&J Mfg., LLC v. Kingsford Products Co.*, LLC, 2010 W.L. 1956042 (S.D. Ga. 2010) (Citing *Moore v. King County Fire Protection Dist.* No.26, No. C05-442, 2006 W.L. 2061196, at 13 (W.D. Wash. 2006) "[w]hen the scheduling order does not set a date for the rebuttal expert deadline, the parties may resort to Fed. R. Civ. P. 26(a)(2)(C)"; and *Dunn v. Zimmer, Inc.*, No. 3; 00CV1306, 2005 W.L. 563095, at n.1 "the court's scheduling order did not establish a time for the disclosure of rebuttal experts and therefore Rule 26(a)(2)(C) applies as a default").

5

Because Plaintiff's designation of rebuttal expert is timely under Rule 26(a)(2)(C), which, as previously explained, would allow Plaintiff to designate an expert rebuttal witness up to 90 days before trial, in this case September 14, 2010, and Rule 26(a)(2)(C) applies as a default in light of the scheduling order's silence as to designation of rebuttal experts, Defendant is left with no argument for denying Plaintiff's Motion for Leave to Designate Rebuttal Expert.  Defendant cites no authority limiting parties in rebuttal to previously disclosed experts, cites no case denying a timely motion for leave to designate a rebuttal expert, and cites no case contrary to the authorities presented by Plaintiff supporting a party's right to name a qualified rebuttal expert witness and name new rebuttal experts, and, thus, has failed to challenge Plaintiff's assertion that this Court incorrectly interpreted the law in concluding that Plaintiff is limited in designating rebuttal expert witnesses to experts previously endorsed by the Plaintiff to testify as part of her case in chief.

Respectfully Submitted,

STEELMAN, GAUNT & HORSEFIELD

By:  /s/   Stephen F. Gaunt
MO Bar #33183
David L. Steelman, MO Bar #27334
901 Pine Street, Ste. 110
P.O. Box 1257
Rolla, MO  65402
Telephone:  573-341-8336
Fax:  573-341-8548
dsteelman@steelmanandgaunt.com
sgaunt@steelmanandgaunt.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

       I, Stephen F. Gaunt, hereby certify that on the 26th day of August, 2010 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Warren E. Harris
Taylor, Stafford, Clithero, Fitzgerald & Harris, LLP
3315 East Ridgeview, Ste. 1000
Springfield, MO 65804
Counsel for Defendant Michael Anderson

Corey L. Franklin
The Lowenbaum Patnership, LLC
222 South Central Avenue, Ste. 901
St. Louis, MO 63105
Counsel for Defendant Texas County, Missouri

                                                                /s/   Stephen F. Gaunt
                                                                   Stephen F. Gaunt