IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MONICA DANIEL HUTCHISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 09-3018-CV-S-RED |
| | ) | |
| TEXAS COUNTY, MISSOURI, | ) | |
| MICHAEL R. ANDERSON, | ) | |
| TEXAS COUNTY PROSECUTING | ) | |
| ATTORNEY, and | ) | |
| MICHAEL R. ANDERSON, individually, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANDERSON'S OBJECTIONS TO PLAINTIFF'S DEPOSITION
DESIGNATIONS AND DEFENDANT ANDERSON'S COUNTER-DESIGNATIONS**

COMES NOW Defendant Michael Anderson, by and through counsel, and for his

objections to Plaintiff's deposition designations and his counter-designations, states as

follows:

**DANNY MCNEW
OBJECTIONS**

1. Page 37, Line 24 - Page 38, Line 5.
**OBJECTION:** Hearsay.

2. Page 44, Lines 9 - 20.
**OBJECTION:** Hearsay.

3. Page 45, Lines 14 - 20.
**OBJECTION:** Hearsay.

4. Page 50, Line 17 - Page 54, Line 16.
**OBJECTION:** Relevance.

5. Page 54, Lines 19 - 23.
**OBJECTION:** Relevance.

Case 6:09-cv-03018-RED   Document 236   Filed 11/24/10   Page 1 of 21

6.    Page 56, Lines 6 - 12.
**OBJECTION:**    Hearsay.

7.    Page 57, Lines 2 - 6.
**OBJECTION:**    Hearsay.

8.    Page 57, Lines 7 - 14.
**OBJECTION:**    Hearsay.

9.    Page 57, Lines 15 - 25.
**OBJECTION:**    Hearsay.

10.    Page 58, Lines 1 - 10.
**OBJECTION:**    Relevance.

The portions of the testimony objected to are attached hereto as Exhibit A and hereby incorporated.

## DANNY MCNEW
## COUNTER-DESIGNATIONS

1.    Page 5, Lines 4 - 6.
2.    Page 5, Line 21 - Page 6, Line 1.
3.    Page 6, Lines 6 - 9.
4.    Page 6, Lines 15 - 21.
5.    Page 7, Lines 5 - 10.
6.    Page 7, Line 19 - Page 8, Line 1.
7.    Page 8, Lines 7 - 14.
8.    Page 8, Lines 21 - 25.
9.    Page 9, Lines 10 - 13.
10.    Page 9, Lines 20 - 24.
11.    Page 11, Lines 3 - 25.
12.    Page 12, Lines 1 - 24.
13.    Page 13, Line 11 - Page 14, Line 1.
14.    Page 14, Line 13 - Page 15, Line 1.
15.    Page 16, Line 20 - Page 17, Line 19.
16.    Page 19, Lines 8 - 10.
17.    Page 19, Line 25 - Page 20, Line 3.
18.    Page 20, Line 13 - Page 21, Line 9.
19.    Page 22, Lines 6 - 19.
20.    Page 22, Line 25 - Page 23, Line 3.
21.    Page 23, Line 20 - Page 24, Line 7.
22.    Page 25, Lines 2 - 5.
23.    Page 25, Lines 14 - 22.

24.     Page 26, Lines 10 - 22.
25.     Page 27, Line 22 - Page 28, Line 12.
26.     Page 29, Lines 5 - 6.
27.     Page 29, Lines 22 - 25.
28.     Page 31, Lines 1 - 17.
29.     Page 32, Lines 16 - 19.
30.     Page 33, Lines 6 - 9.
31.     Page 33, Line 24 - Page 34, Line 4.
32.     Page 34, Lines 21 - 24.
33.     Page 35, Lines 15 - 19.
34.     Page 37, Lines 18 - 23.
35.     Page 38, Lines 6 - 12.
36.     Page 76, Line 10 - 15.
37.     Page 76, Line 21 - Page 77, Line 6.
38.     Page 79, Line 9 - Page 80, Line 11.
39.     Page 81, Line 13 - Page 82, Line 5.
40.     Page 82, Lines 9 - 18.
41.     Page 82, Line 24 - Page 83, Line 6.
42.     Page 84, Lines 2 - 16.
43.     Page 84, Line 23 - Page 85, Line 3.
44.     Page 85, Line 7 - Page 87, Line 3.

**JEFF KINDER**
**OBJECTIONS**

1.     Page 44, Lines 8 - 24.
**OBJECTION:**     Calls for one witness to comment upon the testimony of another.

2.     Page 46, Lines 7 - 9.
**OBJECTION:**     Hearsay.
       The portions of the testimony objected to are attached hereto as Exhibit B and hereby incorporated.

**JEFF KINDER**
**COUNTER-DESIGNATIONS**

1.     Page 5, Lines 7 - 10.
2.     Page 8, Lines 10 - 12.
3.     Page 8, Line 23 - Page 9, Line 3.
4.     Page 10, Lines 6 - 25.
5.     Page 12, Lines 4 - 9.
6.     Page 12, Lines 13 - 16.
7.     Page 17, Lines 11 - 16.

8.      Page 21, Lines 17 - 25.
9.      Page 23, Lines 1 - 3.
10.     Page 23, Lines 8 - 15.
11.     Page 24, Line 15 beginning with the word "when" - Page 25, Line 12.
12.     Page 30, Lines 7 - 14.
13.     Page 33, Lines 2 - 7.
14.     Page 33, Line 25 - Page 34, Line 12.
15.     Page 49, Line 19 - Page 50, Line 18.

## JESSICA SPARKS
## COUNTER-DESIGNATIONS

1.      Page 5, Lines 3 - 4.
2.      Page 9, Line 23 - Page 10, Line 14.
3.      Page 11, Lines 19 - 23.
4.      Page 15, Lines 20 - 25.
5.      Page 16, Lines 3 - 15.
6.      Page 16, Line 25 - Page 17, Line 3.
7.      Page 17, Lines 8 - 25.
8.      Page 18, Lines 1 - 3.
9.      Page 19, Lines 2 - 14.
10.     Page 30, Lines 4 - 6.
11.     Page 32, Line 22 - Page 33, Line 5.
12.     Page 37, Lines 15 - 24.

## HAROLD EMDE
## OBJECTIONS

Defendant objects to the admission of any testimony from Harold Emde. Mr.

Emde is the EEOC investigator who conducted the investigation in this case.

Information regarding the EEOC investigation is irrelevant and is prohibited by

**Fed.R.Evid. 402**. The admission of such testimony is within the sound discretion of the

trial court. ***Johnson v. Yellow Freight Systems, 734 F.2d 1304, 1309 (8th Cir. 1984)***.

The court may exclude such information if the source of the information or other

circumstances indicated a lack of trustworthiness or if sufficient negative factors are

present. ***Id.*** Fed.R.Evid. 803(a)(c).

-4-

As stated in Johnson, a trial judge may correctly perceive a danger of unfair prejudice to a defendant by the admission of an EEOC finding. Johnson, 734 F.2d at 1209. Further, Mr. Emde's testimony indicates a lack of trustworthiness concerning his investigation. He testified that he did not interview anyone but Monica Daniel Hutchison, Mildred Williams, who also has a cause of action pending against Defendant Anderson, and Michael Anderson. (Emde depo., P.63, L.24-25; P.64, L.1-3). Even though Mr. Emde was provided with a list of persons who may have relevant information by Mr. Anderson, including co-workers in the prosecuting attorney's office, Mr. Emde did not interview any of these individuals. (Emde depo., P.63, L.9-23.). For these reasons, his testimony should be excluded in its entirety. Further, the deposition testimony that has been designated by the Plaintiff includes Mr. Emde's testimony regarding the admission of the EEOC investigative file, and these arguments apply equally to the investigative file and the portions thereof that were marked as exhibits during his deposition.

1.    Page 12, Line 7 - Page 14, Line 19.
**OBJECTION:**    Hearsay.

2.    Page 15, Lines 11 - 22.
**OBJECTION:**    Hearsay.

3.    Page 16, Lines 4 - 19.
**OBJECTION:**    Hearsay and relevance.

4.    Page 19, Lines 15 - 18.
**OBJECTION:**    Relevance.

5.    Page 19, Line 19 - Page 21, Line 6.
**OBJECTION:**    Hearsay.

6.    Page 21, Line 14 - Page 22, Line 10.
**OBJECTION:**    Hearsay.

7.      Page 22, Line 20.
**OBJECTION:**      Hearsay and relevance.

8.      Page 24, Line 5 - Page 25, Line 20.
**OBJECTION:**      Hearsay and relevance.

9.      Page 26, Lines 6 - 17.
**OBJECTION:**      Hearsay and relevance.

10.     Page 27, Line 1 - Page 30, Line 16.
**OBJECTION:**      Hearsay.

11.     Page 32, Line 10 - Page 33, Line 3.
**OBJECTION:**      Hearsay.

12.     Page 33, Lines 4 - 18.
**OBJECTION:**      Hearsay and relevance.

13.     Page 34, Line 10 - Page 35, Line 7.
**OBJECTION:**      Relevance.

14.     Page 35, Lines 15 - 21.
**OBJECTION:**      Relevance and lack of foundation.

15.     Page 35, Line 22 - Page 36, Line 14.
**OBJECTION:**      Relevance.

16.     Page 36, Lines 15 - 24.
**OBJECTION:**      Relevance and lack of foundation.

17.     Page 37, Line 4 - 15.
**OBJECTION:**      Relevance and lack of foundation.

18.     Page 37, Line 24 - Page 39, Line 14.
**OBJECTION:**      Hearsay and relevance.

The portions of the testimony objected to are attached hereto as Exhibit C and hereby incorporated.

**HAROLD EMDE**
**COUNTER-DESIGNATIONS**

-6-

Subject to Defendant's objections regarding the admissibility being overruled,

Defendant designates the following portions of Harold Emde's deposition:

1.	Page 41, Line 22 - Page 42, Line 2.
2.	Page 50, Lines 18 - 22.
3.	Page 54, Lines 11 - 17.
4.	Page 55, Lines 1 - 19.
5.	Page 56, Lines 6 - 17.
6.	Page 57, Line 19 - Page 58, Line 19.
7.	Page 60, Lines 4 - 17.
8.	Page 61, Lines 18 - 24.
9.	Page 62, Lines 8 - 19.
10.	Page 63, Line 9 - Page 66, Line 5.

## SETH WALKER
## OBJECTIONS

1.	Page 30, Lines 5 - 12; 16 - 17.
**OBJECTION:**	Relevance.

2.	Page 31, Lines 2 - 11.
**OBJECTION:**	Relevance.

3.	Page 31, Lines 13 - 24.
**OBJECTION:**	Relevance.

4.	Page 32, Lines 13 - 25.
**OBJECTION:**	Relevance.

5.	Page 45, Lines 5 - 16.
**OBJECTION:**	Relevance and unfairly prejudicial.

6.	Page 46, Lines 10 - 25.
**OBJECTION:**	Relevance and unfairly prejudicial.

7.	Page 47, Lines 1 - 22.
**OBJECTION:**	Relevance and unfairly prejudicial.

8.	Page 48, Lines 7 after "yeah" - Line 10.
**OBJECTION:**	Unresponsive and speculative. Mr. Walker went on to say at Page 50, Line 21 that he should specify he did not run his license plates, he did not see him, he could not swear that it was him. He simply says it was a vehicle that looked very

-7-

similar to his. Therefore, Mr. Walker lacked an adequate foundation to make the statements.

       9.      Page 48, Line 15 - Page 49, Line 20.

**OBJECTION:**      Unresponsive and speculative. Mr. Walker went on to say at Page 50, Line 21 that he should specify he did not run his license plates, he did not see him, he could not swear that it was him. He simply says it was a vehicle that looked very similar to his. Therefore, Mr. Walker lacked an adequate foundation to make the statements.

       10.     Page 53, Line 18 - Page 54, Line 2.

**OBJECTION:**      Speculation, improper hypothetical and relevance.

      The portions of the testimony objected to are attached hereto as Exhibit D and hereby incorporated.

## SETH WALKER
## COUNTER-DESIGNATIONS

    1.     Page 3, Lines 13 - 16.
    2.     Page 5, Line 10 - 16.
    3.     Page 6, Line 2 - Page 7, Line 2.
    4.     Page 11, Lines 2 - 5.
    5.     Page 13, Line 11 - Page 14, Line 2.
    6.     Page 16, Lines 12 - 18.
    7.     Page 16, Lines 23 - 25.
    8.     Page 17, Lines 17 - 22.
    9.     Page 18, Line 10 - Page 19, Line 6.
    10.    Page 19, Lines 14 - 19.
    11.    Page 20, Line 11 beginning with "did" - Line 20.
    12.    Page 21, Lines 12 - 17.
    13.    Subject to Defendant's objection to Plaintiff's designation being overruled, Page 45, Line 5 - Page 46, Line 9.
    14.    Subject to Defendant's objection to Plaintiff's designation being overruled, Page 47, Line 17 beginning with "have" - Page 48, Line 5.
    15.    Subject to Defendant's objection to Plaintiff's designation being overruled, Page 48, Lines 6 - 19.
    16.    Page 51, Lines 7 - 21.
    17.    Page 53, Line 18 - Page 54, Line 8.
    18.    Page 55, Line 18 - Page 56, Line 5.
    19.    Page 58, Lines 8 - 15.
    20.    Page 58, Line 24 - Page 59, Line 9.

## DR. DAVID MYERS, D.O.
## OBJECTIONS

1.      Page 42, Line 19 - Page 43, Line 1.

**OBJECTION:**      In his answer, Dr. Myers expresses that he thinks statements made against her defamed her character. This is a legal conclusion, invades the province of the jury, is beyond the scope of his expertise, and was not contained in his report and it is non-responsive to the question. It is also unfairly prejudicial to Defendant Anderson.

The portions of the testimony objected to are attached hereto as Exhibit E and hereby incorporated.

## DR. DAVID MYERS, D.O.
## COUNTER-DESIGNATIONS

1.      Page 3, Line 19 - Page 5, Line 11.
2.      Page 5, Line 25 - Page 6, Line 19.
3.      Page 7, Line 21 - Page 8, Line 6.
4.      Page 8, Line 22 - Page 9, Line 11.
5.      Page 15, Line 16 - Page 16, Line 3.
6.      Page 16, Lines 16 - 25.
7.      Page 29, Lines 4 - 14.
8.      Page 35, Lines 20 - 22.
9.      Page 36, Lines 1 - 4.
10.     Page 36, Lines 14 - 17.
11.     Page 37, Lines 10 - 14.
12.     Page 38, Lines 2 - 7.
13.     Page 38, Lines 16 - 25.
14.     Page 39, Lines 9 - 18.
15.     Page 41, Lines 3 - 16.
16.     Page 43, Lines 15 - 17.
17.     Page 44, Lines 8 - 10.
18.     Page 44, Line 24 - Page 45, Line 3.
19.     Page 46, Lines 4 - 21.
20.     Page 59, Lines 11 - 16.
21.     Page 67, Line 19 - Page 68, Line 14.
22.     Page 72, Lines 2 - 5.
23.     If the court does not sustain the objection to Page 72, Line 22 - Page 73.
24.     Page 80, Line 24 - Page 81, Line 8.
25.     Page 82, Lines 6 - 15.
26.     Page 83, Lines 1 - 6.
27.     Page 83, Lines 23 - 25.
28.     Page 84, Lines 23 - 25.
29.     Page 85, Lines 8 - 12.
30.     Page 86, Lines 10 -12.

Case 6:09-cv-03018-RED   Document 236   Filed 11/24/10   Page 9 of 21

## CHRISTINA MOSLEY
## OBJECTIONS

    1.    Page 138, Lines 9 - 20.
**OBJECTION:**    Defendant objects because the Plaintiff has not designated a question and it contains hearsay.

    2.    Page 139, Lines 13 - 25.
**OBJECTION:**    Defendant objects because Plaintiff has failed to designate the witness' complete answer.

    3.    Page 140, Lines 21 - 25.
**OBJECTION:**    Defendant objects because Plaintiff has failed to designate the question.

    4.    Page 148, Lines 14 - 20.
**OBJECTION:**    Irrelevant and argumentative.

    5.    Page 152, Line 24 - Page 153, Line _.
**OBJECTION:**    Defendant objects because Plaintiff did not designate the witness' full answer.

    6.    Page 154, Lines 3 - 4 and Page 154, Lines 14 - 25.
**OBJECTION:**    Relevance. Even if it is relevant it is unfairly prejudicial.

    7.    Page 155, Lines 22 - 24 and Page 156, Lines 8 - 15.
**OBJECTION:**    Calls for a legal conclusion and invades the province of the jury.

    8.    Page 161, Line 25 - Page 162, Line 3.
**OBJECTION:**    Irrelevant and even if relevant it is unfairly prejudicial.

    9.    Page 166, Lines 2 - 9.
**OBJECTION:**    Relevance to the extent it mentions the EEOC investigation.

    10.    Page 175, Line 25 - Page 176, Line 12.
**OBJECTION:**    Plaintiff fails to designate the witness' complete answer so that the designation is deceptive.

    11.    Page 176, Line 23 - Page 177, Line 15.
**OBJECTION:**    Hearsay.

    12.    Page 181, Lines 16 - 17.
**OBJECTION:**    Defendant objects because it contains a non-verbal answer and required the court reporter to interpret the witness' response.

-10-

13.     Page 183, Lines 9 - 14.
**OBJECTION:**     Hearsay.

14.     Page 184, Line 11 - Page 185, Line 8.
**OBJECTION:**     Hearsay.

15.     Page 186, Lines 14 - 21.
**OBJECTION:**     Hearsay.

16.     Page 189, Lines 13 - 25.
**OBJECTION:**     Hearsay.

17.     Page 200, Lines 4 - 20.
**OBJECTION:**     Hearsay.

18.     Page 203, Line 12 - Page 204, Line 21 and Page 205, Line 4 - Page 206, Line 4.
**OBJECTION:**     Defendant objects because Plaintiff has omitted a portion of the witness' answer.

19.     Page 207, Line 25 - Page 208, Line 7 and Page 209, Lines 18 - 23.
**OBJECTION:**     Defendant objects as it is vague, ambiguous, misleading and irrelevant.

20.     Page 220, Lines 10 - 25.
**OBJECTION:**     Hearsay.

The portions of the testimony objected to are attached hereto as Exhibit F and hereby incorporated.


<u>**BRAD EIDSON**</u>
<u>**OBJECTIONS**</u>

1.     Page 75, Lines 14 - 17 and Page 75, Line 24 - Page 76, Line 5.
**OBJECTION:**     Lacks foundation and calls for speculation in that the question asked the witness to comment about what others in the community may have thought and not the witness' opinion.

The portions of the testimony objected to are attached hereto as Exhibit G and hereby incorporated.

-11-

## **BRAD EIDSON**
## **COUNTER-DESIGNATIONS**

1.    Page 6, Lines 6 - 9.
2.    Page 10, Lines 8 - 21.
3.    Page 11, Lines 16 - 25.
4.    Page 12, Lines 1 - 6.
5.    Page 12, Line 11 - Page 13, Line 3.
6.    Page 19, Lines 13 - 25.
7.    Page 20, Lines 1 - 13.
8.    Page 23, Lines 1 - 7.
9.    Page 26, Lines 13 - 16.
10.   Page 43, Line 24 - Page 44, Line 8.
11.   Page 47, Line 19 - Page 48, Line 1.
12.   Page 48, Lines 5 - 14.
13.   Page 58, Lines 15 - 21.
14.   Page 63, Line 11 starting with "you never" - Line 17.
15.   Page 64, Lines 12 - 23.
16.   Page 68, Lines 9 - 24.
17.   If Defendant's objection is overruled, Page 74, Line 22 - Page 75, Line 3.

## **BRAD ELLSWORTH**
## **OBJECTIONS**

1.    Page 23, Lines 15 - 17 and Page 24, Lines 3 - 6.
**OBJECTION:**      Speculation and improper commentary, lack of foundation and relevance.

2.    Page 24, Lines 20 - 21 and Page 25, Lines 1 - 2.
**OBJECTION:**      Calls for speculation and is vague and ambiguous.

3.    Page 74, Lines 19 - 25 and Page 75, Lines 8 - 13.
**OBJECTION:**      Speculation.

4.    Page 75, Lines 14 - 19.
**OBJECTION:**      Speculation and lack of foundation.

5.    Page 76, Lines 5 - 14 and Page 77, Lines 14 - 15.
**OBJECTION:**      Improper expert testimony from a non-disclosed expert and lack of foundation.

The portions of the testimony objected to are attached hereto as Exhibit H and hereby incorporated.

-12-

## BRAD ELLSWORTH
## COUNTER-DESIGNATIONS

1.      Page 32, Lines 11 - 25.
2.      Page 34, Lines 10 - 16.
3.      Page 37, Line 16 - 25.
4.      Page 54, Lines 6 - 25.
5.      Page 55, Lines 1 - 25.
6.      Page 56, Lines 1 - 25.
7.      Page 57, Lines 1 - 21.
8.      Page 59, Lines 20 - 25.
9.      Page 60, Lines 1 - 25.
10.     Page 61, Lines 1 - 25.
11.     Page 62, Lines 1 - 25.
12.     Page 63, Lines 1 - 5.
13.     Page 63, Lines 23 - 25.
14.     Page 64, Lines 1 - 4.
15.     Page 65, Lines 22 - 25.
16.     Page 66, Lines 1 - 10.
17.     Page 66, Lines 20 - 23.
18.     Page 73, Lines 1 - 14.
19.     If objection to Page 76, Lines 5 - 14 and Page 77, Lines 14 - 15 is overruled, Defendant hereby designates Page 77, Line 20 - 25 and Page 78, Lines 1 - 3.
20.     Page 80, Lines 7 - 19.

## DEBBIE JAMES
## OBJECTIONS

1.      Page 16, Lines 20 - 23.
**OBJECTION:**     Improperly asks a witness to review and comment upon the testimony of another witness.

2.      Page 18, Lines 4 - 7.
**OBJECTION:**     Relevance and improperly asks a witness to review and comment upon the testimony of another witness.

3.      Page 20, Lines 21 - 25.
**OBJECTION:**     Relevance and unfairly prejudicial.

4.      Page 21, Line 1 - Page 23, Line 22.
**OBJECTION:**     Relevance, unfairly prejudicial and also is a collateral issue. This subject is covered in Defendant's Motion in Limine point 13.

-13-

5.      Page 23, Line 23 - Page 24, Line 14.
**OBJECTION:**      Relevance and unfairly prejudicial.

The portions of the testimony objected to are attached hereto as Exhibit I and hereby incorporated.


## DEBBIE JAMES
## COUNTER-DESIGNATIONS

1.      Page 7, Lines 15 - 17.
2.      Page 8, Lines 12 - 18.
3.      Page 9, Lines 10 - 14.
4.      Page 12, Lines 12 - 15.
5.      Page 13, Lines 13 - 19.
6.      Page 26, Lines 14 - 18.
7.      Page 27, Lines 12 - 25.
8.      Page 28, Lines 1 - 14.
9.      Page 31, Lines 1 - 24.


## TERRY HADEN
## OBJECTIONS

1.      Page 27, Line 20 - Page 28, Line 2.
**OBJECTION:**      The testimony constitutes improper opinion testimony from a lay witness and is irrelevant and even if it is relevant it would lead to confusion of issues in the minds of the jury.

2.      Page 29, Lines 3 - 6.
**OBJECTION:**      The testimony constitutes improper opinion testimony from a lay witness and is irrelevant and even if it is relevant it would lead to confusion of issues in the minds of the jury.

3.      Page 41, Lines 13 - 21.
**OBJECTION:**      Irrelevant and even if it is relevant it would be unfairly prejudicial to Defendant Anderson because it would undermine his right to have counsel provide a defense to Plaintiff's allegations in this case.

4.      Page 117, Line 22 - Page 118, Line 15.
**OBJECTION:**      Irrelevant and even if it is relevant it would be unfairly prejudicial to Defendant Anderson because it would undermine his right to have counsel provide a defense to Plaintiff's allegations in this case.

-14-

5.      Page 118, Line 23 - Page 119, Line 7.
**OBJECTION:**      The testimony is improper opinion testimony from a lay witness who has not been disclosed as an expert or more established as qualified to render such opinions.

6.      Page 125, Lines 5 - 11 and Lines 19 - 22.
**OBJECTION:**      The questions assume facts not in evidence in that he filed the lawsuit against Ms. Hutchison as a prosecuting attorney. Further, the witness' opinion is irrelevant and even if it is relevant it would lead to confusion of the issues because the witness' subjective opinion whether or not is wrong is not the legal standard at issue in the case.

7.      Page 126, Lines 7 - 8.
**OBJECTION:**      The witnesses being shocked by the issues and the subpoena is irrelevant.

The portions of the testimony objected to are attached hereto as Exhibit J and hereby incorporated.


## TERRY HADEN
## COUNTER-DESIGNATIONS

1.      Page 5, Lines 5 - 6.
2.      Page 5, Lines 12 - 20.
3.      Page 6, Lines 2 - 8.
4.      Page 25, Lines 10 - 12.
5.      Page 39, Lines 2 - 17.
6.      Page 51, Lines 21 - 25.
7.      Page 52, Lines 1 - 5.
8.      Page 59, Lines 17 - 25.
9.      Page 60, Lines 1 - 3.
10.     Page 66, Lines 22 - 25.
11.     Page 67, Lines 1 - 15.
12.     Page 67, Lines 23 - 25.
13.     Page 68, Lines 1 - 16.
14.     Page 80, Line 25 - Page 81, Line 6.

Defendant intends to call Terry Haden as a witness at trial in Defendant's case. However, if Ms. Haden should be unavailable for some reason, Defendant designates the following portions of Ms. Haden's deposition to be offered in Defendant's case:

15.     Page 82, Lines 22 - 25.
16.     Page 83, Lines 1 - 25.

17.   Page 84, Lines 1 - 16.
18.   Page 84, Line 24 - Page 85, Line 3.
19.   Page 85, Lines 15 - 25.
20.   Page 86, Lines 1 - 18.
21.   Page 86, Line 25.
22.   Page 87, Lines 1 - 25.
23.   Page 88, Lines 1 - 25.
24.   Page 89, Lines 1 - 25.
25.   Page 90, Lines 1 - 25.
26.   Page 91, Lines 1 - 20.
27.   Page 91, Lines 24 - 25.
28.   Page 92, Lines 1 - 4.
29.   Page 94, Lines 12 - 17.
30.   Page 96, Lines 9 - 20.
31.   Page 96, Line 25.
32.   Page 97, Lines 1 - 25.
33.   Page 98, Lines 1 - 9.
34.   Page 98, Lines 12 - 23.
35.   Page 99, Lines 10 - 22.
36.   Page 100, Lines 20 - 25.
37.   Page 101, Lines 1 - 25.
38.   Page 102, Line 25.
39.   Page 104, Lines 6 - 20.
40.   Page 110, Lines 11 - 25.
41.   Page 111, Lines 1 - 2.
42.   Page 113, Lines 13 - 17.

## STEPHANIE CREEK POUNDS
## OBJECTIONS

1.   Page 20, Lines 5 - 7.
**OBJECTION:**      Plaintiff does not designate the answer that was responsive to that question. In fact, no answer was responsive to that question after objection by counsel. Another question was asked and an answer was given at Page 20, Lines 13 - 17.

2.   Page 21, Lines 24 - 25 and Page 22, Lines 1 - 7.
**OBJECTION:**      Hearsay.

3.   Page 24, Lines 5 - 14.
**OBJECTION:**      Hearsay.

4.   Page 24, Lines 20 - 21.
**OBJECTION:**      Hearsay.

-16-

5.      Page 25, Lines 5 - 17.
**OBJECTION:**        Hearsay.

6.      Page 25, Lines 24 - 25 - Page 26, Line 10.
**OBJECTION:**        Hearsay.

7.      Page 27, Line 1 - Page 28, Line 3.
**OBJECTION:**        Hearsay.

8.      Page 29, Lines 7 - 13.
**OBJECTION:**        Hearsay.

9.      Page 32, Lines 10 - 16.
**OBJECTION:**        Hearsay.

10.     Page 35, Lines 11 - 18.
**OBJECTION:**        Hearsay.

11.     Page 35, Lines 19 - 24.
**OBJECTION:**        Hearsay.

12.     Page 36, Lines 5 - 7.
**OBJECTION:**        Hearsay.

13.     Page 41, Lines 13 - 25.
**OBJECTION:**        Hearsay.

14.     Page 88, Lines 15 - 20 and Line 25 and Page 89, Lines 1 - 4 and Lines 9 - 10.
**OBJECTION:**        Calls for a legal conclusion as to whether something is or is not libelous or slanderous.

15.     Page 90, Lines 3 - 6.
**OBJECTION:**        Irrelevant.

16.     Page 135, Lines 11 - 25 and Page 136, Lines 1 - 6.
**OBJECTION:**        Improper designation of deposition testimony. It is simply Mr. Steelman reading the deposition testimony of Mr. Anderson to the witness. Even if the answer is included it is objectionable because it is one lay witness testifying about the accuracy of another lay witness' testimony.

17.     Page 139, Lines 3 - 9.
**OBJECTION:**        Having one lay witness comment about the testimony of another lay witness.

-17-

The portions of the testimony objected to are attached hereto as Exhibit K and hereby incorporated.

<u>**STEPHANIE CREEK POUNDS**</u>
<u>**COUNTER-DESIGNATIONS**</u>

1.     Page 20, Lines 13 - 17.
2.     Page 42, Lines 1 - 23.
3.     Page 43, Lines 1 - 15.
4.     Page 49, Lines 9 - 13.
5.     Page 50, Lines 2 - 9.
6.     Page 50, Lines 17 - 25.
7.     Page 51, Lines 1 - 21.
8.     Page 54, Line 25 - Page 55, Line 9.
9.     Page 55, Lines 18 - 25.
10.    Page 61, Lines 23 - 25.
11.    Page 62, Lines 1 - 7.

Defendant intends to call Stephanie Creek Pounds as a witness at trial in Defendant's case. However, if Ms. Pounds should be unavailable for some reason, Defendant designates the following portions of Ms. Pounds' deposition to be offered in Defendant's case:

12.    Page 92, Lines 14 - 25.
13.    Page 93, Lines 1 - 25.
14.    Page 94, Lines 1 - 25.
15.    Page 95, Lines 1 - 25.
16.    Page 96, Lines 1 - 25.
17.    Page 97, Lines 1 - 25.
18.    Page 98, Lines 1 - 25.
19.    Page 99, Lines 14 - 25.
20.    Page 100, Lines 1 - 2.
21.    Page 109, Lines 14 - 25.
22.    Page 110, Line 1 and Page 110, Lines 12 - 25.
23.    Page 111, Line 1.
24.    Page 113, Lines 16 - 24.
25.    Page 114, Lines 9 - 19.
26.    Page 115, Lines 11 - 25.
27.    Page 116, Line 1.
28.    Page 117, Lines 12 - 22.
29.    Page 118, Lines 24 - 25.
30.    Page 119, Lines 1 - 5.
31.    Page 121, Lines 20 - 25.
32.    Page 122, Lines 1 - 5.

-18-

33.    Page 131, Lines 13 - 21.
34.    Page 133, Line 25.
35.    Page 134, Lines 1 - 11.
36.    Page 143, Lines 19 - 25.
37.    Page 144, Lines 1 - 9.

## MICHAEL ANDERSON
## OBJECTIONS

1.    Page 74, Lines 5 - 9.
**OBJECTION:**    Irrelevant and injects the EEOC investigation into the case.

2.    Page 97, Lines 7 - 9.
**OBJECTION:**    Plaintiff designates the question, but no answer to the question.

3.    Page 137, Lines 1 - 3.
**OBJECTION:**    Plaintiff did not designate a question to go with the answer.

4.    Page 138, Lines 22 - 25, Page 139, Line 1 and Page 139, Lines 14 - 22.
**OBJECTION:**    Calls for speculation, also relevance given that Michael Anderson has no claim pending whether or not he was damaged or believes he was damaged is irrelevant.

5.    Page 142, Lines 1 - 2 and Lines 9 - 14
**OBJECTION:**    Relevance.

6.    Page 143, Lines 1 - 18.
**OBJECTION:**    Relevance.

7.    Page 144, Line 8 - Page 146, Line 5.
**OBJECTION:**    Relevance.

8.    Page 147, Lines 1 - 10.
**OBJECTION:**    Incomplete designation in that it does not include a question and omits the testimony given earlier on Page 146, Lines 21 - 25.

9.    Page 149, Lines 8 - 20.
**OBJECTION:**    Improper deposition designation in that Plaintiff does not designate a question to go with the answer.

10.    Page 152, Lines 23 - 25.
**OBJECTION:**    Plaintiff has designated an incomplete answer. The answer to the question continues onto Page 153, Line 1.

-19-

11.      Page 153, Line 24 - Page 154, Line 10.
**OBJECTION:**      Irrelevant. It injects the EEOC issue into the case and it is not one of the claimed defamatory statements made by Mr. Anderson in Plaintiff's Second Amended Complaint.

12.      Page 161, Lines 8 - 25.
**OBJECTION:**      Irrelevant. It injects the EEOC issue into the case and it is not one of the claimed defamatory statements made by Mr. Anderson in Plaintiff's Second Amended Complaint. Further, Plaintiff failed to completely designate the witness' answer, which continues to Page 162, Line 1.

13.      Page 164, Line 14 - Page 165, Line 3.
**OBJECTION:**      Irrelevant. It injects the EEOC issue into the case and it is not one of the claimed defamatory statements made by Mr. Anderson in Plaintiff's Second Amended Complaint.

14.      Page 169, Lines 1 - 4.
**OBJECTION:**      Improper designation in that Plaintiff does not designate the question to which Mr. Anderson is responding.

15.      Page 175, Lines 7 - 20.
**OBJECTION:**      Irrelevant and injects the EEOC investigation into the case.

16.      Page 184, Line 19 - Page 185, Line 13.
**OBJECTION:**      Irrelevant.

17.      Page 198, Lines 14 - 22.
**OBJECTION:**      Best evidence rule.

18.      Page 199, Lines 6 - 17.
**OBJECTION:**      Best evidence rule.

19.      Page 201, Lines 2 - 4.
**OBJECTION:**      Best evidence rule.

20.      Page 201, Lines 10 - 25.
**OBJECTION:**      Best evidence rule.

21.      Page 202, Lines 6 - 9 after the word "yes".
**OBJECTION:**      This statement is non-responsive to the question and injects potential uncharged crimes by Mr. Anderson into the case.

22.      Page 203, Lines 6 - 12.
**OBJECTION:**      Best evidence rule.

23.     Page 204, Lines 1 - 4.
**OBJECTION:**          Improper designation in that Plaintiff designates the answer without a question.

24.     Page 209, Lines 2 - 19.
**OBJECTION:**          It injects the EEOC investigation of the case and is irrelevant in that Plaintiff has not claimed these statements are defamatory.

25.     Page 210, Lines 9 - 15.
**OBJECTION:**          It injects the EEOC investigation of the case and is irrelevant in that Plaintiff has not claimed these statements are defamatory.

26.     Page 211, Line 16 - Page 212, Line 3.
**OBJECTION:**          It injects the EEOC investigation of the case and is irrelevant in that Plaintiff has not claimed these statements are defamatory.

The portions of the testimony objected to are attached hereto as Exhibit L and hereby incorporated

**TAYLOR, STAFFORD, CLITHERO,
FITZGERALD & HARRIS, LLP**

/s/Warren E. Harris
By_____
Warren E. Harris
Missouri Bar No. 40372
wharris@taylorstafford.com
3315 E. Ridgeview, Suite 1000
Springfield, MO 65804
Tel: 417-887-2020
Fax: 417-887-8431
**COUNSEL FOR DEFENDANT
ANDERSON**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the 24th day of November 2010 the foregoing *Defendant Anderson's Objections to Plaintiff's Deposition Designations and Defendant Anderson's Counter-Designations* was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Plaintiff, David L. Steelman and Corey L. Franklin.

/s/ Warren E. Harris_____
Warren E. Harris

-21-
