IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MONICA DANIEL HUTCHISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 09-3018-CV-S-RED |
| | ) | |
| TEXAS COUNTY, MISSOURI, | ) | |
| MICHAEL R. ANDERSON, | ) | |
| TEXAS COUNTY PROSECUTING | ) | |
| ATTORNEY, and | ) | |
| MICHAEL R. ANDERSON, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT MICHAEL ANDERSON'S ADDITIONAL STATEMENT OF UNCONTROVERTED FACTS

COMES NOW Defendant Michael R. Anderson (hereinafter Anderson), by and through counsel, and in addition to the Joint Statement of Uncontroverted Facts previously filed with the court submits the following facts which are uncontroverted by virtue of Plaintiff's admission of these items in response to Defendant's Motion for Summary Judgment:

On or about August 14, 2010, Defendant Michael R. Anderson filed his Motion for Summary Judgment. Included in that Motion for Summary Judgment was a Statement of Uncontroverted Facts. On or about September 20, 2010, the Plaintiff filed her Suggestions in Opposition to Anderson's Motion for Summary Judgment, which included a response to Anderson's Statement of Uncontroverted Facts. In her Suggestions, the Plaintiff admitted the following facts were uncontroverted:

-1-

- 8. Prior to working for Defendant Anderson at the Texas County Prosecutor's Office, the Plaintiff worked for Defendant Anderson at Defendant Anderson's private law practice starting in January of 2001.
- 38. The Plaintiff testified that, on one occasion, she invited Defendant Anderson and his wife to a strip club.
- 41. The Plaintiff testified that after Defendant Anderson won the election for Texas County Prosecutor, he asked her to come work for him at the prosecutor's office and that she had a choice to either continue working at the private law firm with other attorneys or to move to the prosecutor's office and continue working for Defendant Anderson.
- 42. The Plaintiff testified that, after she started working for Defendant Anderson at the prosecutor's office, several other employees were hired and that the Plaintiff never saw any conduct from the Defendant that she found to be sexually harassing toward the other employees, and none of the other employees ever complained to her that Defendant Anderson was sexually harassing them.
- 43. The Plaintiff began her employment at the prosecutor's office in January of 2003.
- 44. While employed at the Texas County Prosecutor's Office, the Plaintiff would attend conferences with Defendant Anderson and other employees of the prosecutor's office.

- 48. The Plaintiff testified that, on one of the conference trips, she and another employee of the prosecutor's office went to a strip club to see male strippers.

- 49. The Plaintiff testified that, while she was employed at the prosecutor's office, she went to strip clubs with another member of the prosecutor's office staff approximately two or three times.

- 50. The Plaintiff testified that she would talk about things at the office with her co-workers and with Defendant Anderson that were not appropriate in the office and should have been kept outside of work.

- 52. The Plaintiff testified that, while she was working at the prosecutor's office, if a fellow employee asked her, "Hey, did you get some this weekend?", then she would say yes or no, and if they asked her whether it was good, she would reply yes or no.

- 53. While employed at the Texas County Prosecutor's Office, the Plaintiff had sex with Jimmy Willis, who was some type of plainclothes officer employed by Texas County.

- 54. While working at the prosecutor's office, the Plaintiff discussed her and Jimmy Willis' sex life with her fellow employees.

- 56. During a party at her house, and while she was employed at the prosecutor's office, the Plaintiff exposed her breasts to other members of the prosecuting attorney's staff.

- 58. On one occasion at one of the conferences, Defendant Anderson took the Plaintiff and other members of the staff out to eat, and

when they came back, they went to the hotel pool and went swimming together. It was at night and after they got done swimming, they went back to their rooms, changed and met at the bar in the lounge.

- 59. The Plaintiff testified that, after everyone went swimming, changed and met at the bar, she had drinks with Defendant Anderson and she felt comfortable having drinks with Defendant Anderson.

- 61. The Plaintiff testified that she did not consider Defendant Anderson asking her to have a drink to be offensive or harassing.

- 62. The Plaintiff testified that she, Defendant Anderson, and the other office employees stayed at the bar for another 1 to 1 ½ hours having drinks and dancing.

- 66. The Plaintiff testified that she never shared her sex life information with Defendant Anderson and Defendant Anderson did not share any information regarding his sex life with her.

- 71. After December 1, 2005, and until December 12, 2005, the Plaintiff was not employed with the Texas County Prosecuting Attorney's Office.

- 72. On or about December 8, 2005, Corporal Jeff Kinder contacted the Plaintiff to determine whether she was interested in returning to work for the prosecutor's office.

- 73. On or about December 12, 2005, the Plaintiff returned to her employment at the Texas County Prosecuting Attorney's Office.

-4-

Case 6:09-cv-03018-RED   Document 256   Filed 12/01/10   Page 4 of 9

- 80. The Plaintiff testified that she then called Officer Mike Hood to let him know that Defendant Anderson had left and she told Officer Hood that she would call him if Defendant Anderson came back.

- 83. The Plaintiff called in sick for work on Monday, December 19th, but reported for work on Tuesday, December 20, 2005.

- 85. The Plaintiff testified that she did not think that Defendant Anderson was entitled to have a copy of the tape.

- 87. The investigative subpoena that Defendant Anderson sought had to be signed off on by a judge.

- 92. The Plaintiff produced a copy of the tape and then resigned from her position with the Texas County Prosecuting Attorney's Office.

- 93. As far as the Plaintiff knows, no one ever searched her person or her house for a copy of the tape.

- 96. The Plaintiff testified that while she was employed at the prosecuting attorney's office, she had a sexual relationship with Corporal Jeff Kinder that lasted close to a year. Corporal Kinder was married at this time and the Plaintiff knew that he was married.

- 97. While the Plaintiff was employed at the Texas County Prosecutor's Office, she had a sexual affair with Chief Danny McNew of the Licking Police Department. Chief McNew was married at the time and the Plaintiff knew that he was married. The Plaintiff stated that Chief McNew's wife did not know about the affair.

- 98. The Plaintiff stated that she did not consult an attorney regarding the investigative subpoena for a copy of the tape.
- 99. The Plaintiff testified that she was not forced to have her home searched.
- 102. The Plaintiff testified that no employer or prospective employer has ever brought up either the lawsuit that Defendant Anderson filed against her or the lawsuit that she is currently seeking against Defendant Anderson.
- 103. The Plaintiff testified that, as far as she knows, any information that any employer or prospective employer knows about either the lawsuit she filed against Defendant Anderson or the lawsuit Defendant Anderson filed against her was information that she voluntarily provided to them.
- 104. The Plaintiff testified that she had two copies of the recording of the tape, and that nothing happened to her copy of the tape after she produced one copy to the Judge.
- 106. No prospective employer of the Plaintiff has refused her employment based on the allegations contained in Defendant Anderson's lawsuit.
- 109. No organization that the Plaintiff belongs to has terminated her membership in the organization due to the allegations contained in Defendant Anderson's complaint.
- 116. In August of 2009, three and one-half years after her employment relationship with Defendant Anderson ended, the Plaintiff first sought treatment with Dina Vitoux.

- 118. The Plaintiff testified that Defendant Anderson's conduct that occurred while the Plaintiff was employed at Anderson's private law firm did not inhibit her ability to do her work or make her fell like it was necessary to seek new employment.

- 119. As of December 1, 2005, the Plaintiff was not preparing evidence to file a sexual harassment suit against Defendant Anderson.

- 120. The lawsuit that Michael Anderson filed in May of 2006 against the Plaintiff was filed by Anderson in his individual capacity as a Missouri licensed attorney representing himself and not in his capacity as the Texas County Prosecuting Attorney.

- 135. When Defendant Anderson ran for the prosecutor's office in 2002, the Plaintiff placed one of Anderson's campaign signs in her yard and took another sign to place in her mother's yard. The Plaintiff also participated in a parade where she wore a T-shirt that said "Vote for Michael Anderson."

In her Suggestions in Opposition, the Plaintiff admitted that the following paragraphs were also uncontroverted but added on additional information in her response:

- 51. The Plaintiff testified that, while she was employed at the prosecutor's office, she would discuss her sex life with other members of the prosecuting attorney's office staff.

- 67. The Plaintiff testified that she does not feel that the alleged incident at the conference involving the other man was sexually harassing. (Deposition of Plaintiff, Page 152, Lines 18-20).

- 78. The Plaintiff testified that she spoke with Officer Mike Hood of the Licking Police Department and told him that Defendant Anderson was outside of her house beating on her door and that she thought he was drunk and mad and trying to get into her house. The Plaintiff testified that she asked Officer Hood to drive by to get the Defendant to leave.
- 101. The Plaintiff testified that she is not aware of any employment opportunities that she has lost or was unable to attain as a result of Defendant Anderson terminating her employment.

Respectfully Submitted,

**TAYLOR, STAFFORD, CLITHERO, FITZGERALD & HARRIS, LLP**

By  /s/Warren E. Harris
 Warren E. Harris
 Missouri Bar No. 40372
 wharris@taylorstafford.com

By  /s/Lance A. Roskens
 Lance A. Roskens
 Missouri Bar No. 59408
 lroskens@taylorstafford.com
 3315 E. Ridgeview, Suite 1000
 Springfield, MO 65804
 Tel: 417-887-2020
 Fax: 417-887-8431
 **COUNSEL FOR DEFENDANT ANDERSON**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of December, 2010, the foregoing *Defendant Michael Anderson's Additional Statement of Uncontroverted Facts* was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Plaintiff, David L. Steelman and counsel for Defendant Texas County, Corey L. Franklin.

          /s/ Warren E. Harris
          Warren E. Harris