IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MONICA DANIEL HUTCHISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 09-3018-CV-S-RED |
| vs. ) | |
| ) | **Jury Trial Demanded** |
| TEXAS COUNTY, MISSOURI; ) | |
| MICHAEL R. ANDERSON, ) | |
| TEXAS COUNTY PROSECUTING ) | |
| ATTORNEY; and ) | |
| MICHAEL R. ANDERSON, individually ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DEPOSITION DESIGNATIONS
AND COUNTER-DESIGNATIONS**

COMES NOW Plaintiff, by and through counsel, and for her objections to Defendant's

Deposition Designations and Counter-Designations and states as follows:

**MONICAL DANIEL HUTCHISON OBJECTIONS**

1. Pg. 73, Lines 13-25
   **OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

2. Pg. 74, Lines 1-25
   **OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

3. Pg. 75, Lines 1-25
   **OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

4. Pg. 76, Lines 1-17
   **OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

1

5. Pg. 77, Lines 10-15
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

6. Pg. 120, Lines 13-25
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

7. Pg. 121, Lines 1-4
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

8. Pg. 121, Lines 11-23
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

9. Pg. 122, Line 7 – Pg. 123, Line 7
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

10. Pg. 124, Lines 2-6, 11 and 15-22
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

11. Pg. 130, Line 8 – Pg. 131, Line 1
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

12. Pg. 131, Line 13 – Pg. 132 Line 24
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

13. Pg. 137, Line 14 – Page 139, Line 7
**OBJECTION:** **Out of context unless Pg. 137, Lines 10-13 are added to the designation. Furthermore, Pg. 138, Lines 12-24 are non-responsive to any question.**

2

14. Pg. 159, Line 18 – Page 160, Line 8
   **OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

15. Pg. 160, Lines 17-21
   **OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

16. Pg. 161, Lines 3-5
   **OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

17. Pg. 197, Line 23 – Pg. 198, Line 10
   **OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

18. Pg. 205, Lines 14-18
   **OBJECTION:** **Out of context and does not start with the original question asked. Plaintiff objects to this deposition excerpt unless Defendant adds Pg. 205, Lines 9-13.**

19. Pg. 216, Line 22 – Pg. 217, Line 8
   **OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

The portions of the testimony objected to are attached hereto as Exhibit A and incorporated herein.

### DR. DALE HALFAKER OBJECTIONS

Defendant has filed a Motion to Exclude the Testimony of Dr. Halfaker. Defendant has also designated deposition excerpts Defendant wishes to read from Dr. Halfaker's testimony. If Plaintiff is not allowed to call Dr. Halfaker as a witness, prior to Defendant reading these excerpts, which lack context and do not reflect the entirety of Dr. Halfaker's opinions, then Plaintiff objects to each and every designation by Defendant of Dr. Halfaker's deposition based upon Rule 403, and that

3

allowing Defendant to set the stage with misleading, out of context, and partial information from Dr. Halfaker would create unfair prejudice to Plaintiff, confuse the issues, and mislead the jury.

Furthermore, Plaintiff objects to the use of the deposition of Dr. Halfaker, except for impeachment of Dr. Halfaker's testimony if he testifies as a witness at trial pursuant to Rule 32(a)(2), because Dr. Halfaker is not an unavailable witness within Rule 32(a)(4) as he is located in Springfield, which is less than 100 miles from the place of trial and there is no other showing of unavailability within the meaning of Rule 32. Thus, each and every excerpt from Dr. Halfaker's deposition offered by Defendant constitutes inadmissible hearsay.

If Plaintiff is allowed to call Dr. Halfaker, Plaintiff has no objection to Defendant using these deposition excerpts in cross-examination or rebuttal of Dr. Halfaker's testimony.

The portions of the testimony objected to are attached hereto as Exhibit B and are hereby incorporated.

## OBJECTIONS TO DANNY MCNEW COUNTER-DESIGNATIONS

1. Pg. 14, Lines 17-25, Pg. 15, Lines 1-5
   **OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

2. Pg. 16, Line 20 – Pg. 17, Line 19
   **OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

3. Pg. 23, Line 20 – Pg. 24 Line 7
   **OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

4. Pg. 31, Lines 1-17
   **OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

5.     Pg. 32, Lines 16-19
**OBJECTION:**     **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Lack of foundation and assumes facts not in evidence. If Plaintiff's objection is overruled, Plaintiff designates and reserves the right to read the following portions of Mr. McNew's deposition: Pg. 32, Lines 22-25, Pg. 33, Lines 1-5.**

6.     Pg. 33, Lines 6-9
**OBJECTION:**     **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

7.     Pg. 34, Lines 21-24
**OBJECTION:**     **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

8.     Pg. 76, Lines 10-15
**OBJECTION:**     **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Lack of foundation and assumes facts not in evidence.**

9.     Pg. 76, Line 21 – Pg. 77, Line 6
**OBJECTION:**     **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

10.     Pg. 81, Line 13 – Pg. 82, Line 5
**OBJECTION:**     **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

11.     Pg. 82, Lines 9-18
**OBJECTION:**     **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

12.     Pg. 82, Line 24 – Pg. 83, Line 6
**OBJECTION:**     **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

The portions of the testimony objected to are attached hereto as Exhibit C and are hereby incorporated.

### PLAINTIFF'S DANNY MCNEW COUNTER-DESIGNATIONS

1. Pg. 6, Lines 22-25 and Pg. 7, Line 1

2. Pg. 19, Lines 11-24

3. Pg. 26, Lines 23-25 and Pg. 27, Lines 1-4

### PLAINTIFF'S JESSICA SPARKS COUNTER-DESIGNATIONS

1. Pg. 10, Lines 15-25, Pg. 11, Lines 1-4

2. Pg. 12, Lines 11-14

3. Pg. 33, Lines 6-20

### OBJECTIONS TO SETH WALKER COUNTER-DESIGNATIONS

1. Pg. 6, Lines 22-25, Pg. 7, Lines 1-2
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Hearsay.

2. Pg. 16, Lines 12-18
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Hearsay. Improper impeachment of character.

3. Pg. 16, Lines 23-25
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Hearsay. Improper impeachment of character.

4. Pg. 17, Lines 17-22
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Hearsay. Improper impeachment of character.

5. Pg. 18, Line 10 – Pg. 19, Line 6
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

6. Pg. 19, Lines 14-19
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

7. Pg. 51, Lines 7-21
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

8. Pg. 55, Line 18 – Pg. 56, Line 5
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

The portions of the testimony objected to are attached hereto as Exhibit D and are hereby incorporated.

## **PLAINTIFF'S SETH WALKER COUNTER-DESIGNATIONS**

1. Pg. 7, Line 23 – Pg. 8, Line 22

2. Pg. 54, Lines 9-13

3. Pg. 59, Lines 10-13

## **OBJECTIONS TO DR. DAVID MYERS COUNTER-DESIGNATIONS**

1. Pg. 72, Lines 2-5
**OBJECTION:** **Relevance**.

The portions of the testimony objected to are attached hereto as Exhibit E and are hereby incorporated.

## PLAINTIFF'S DR. DAVID MYERS COUNTER-DESIGNATIONS

1. Pg. 6, Lines 20-25, Pg. 7, Line 1

2. Pg. 8, Lines 7-21

3. Pg. 9, Lines 12-19

4. Pg. 17, Lines 1-4

5. Pg. 41, Lines 17-19

6. Pg. 43, Lines 10-14 and 18-19

7. Pg. 44, Lines 3-7 and 11-16

## BRAD EIDSON OBJECTIONS

1. Pg. 74, Line 22 – Pg. 75, Line 3
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Also, improper opinion testimony from a lay witness and calls for speculation.**

The portions of the testimony objected to are attached hereto as Exhibit F and incorporated herein.

## PLAINTIFF'S BRAD EIDSON COUNTER-DESIGNATIONS

1. Pg. 44, Lines 7-11

## OBJECTIONS TO BRAD ELLSWORTH COUNTER-DESIGNATIONS

1. Pg. 56, Lines 15-25 and Pg. 57, Lines 1-7
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Also calls for improper opinion testimony from a lay witness.**

2. Pg. 63, Lines 23-25 and Pg. 64, Lines 1-4
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Also calls for improper opinion testimony from a lay witness. Invades the province of the jury by soliciting an opinion on the ultimate questions to be decided by the jury.**

3. Pg. 65, Lines 22-25 and Pg. 66, Lines 1-10
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Also calls for improper opinion testimony from a lay witness. Best Evidence Rule. The document in question speaks for itself.**

4. Pg. 80, Lines 7-19
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Also calls for improper opinion testimony from a lay witness. Speculation.**

The portions of the testimony objected to are attached hereto as Exhibit G and are hereby incorporated.

## OBJECTION TO TERRY HADEN COUNTER-DESIGNATIONS

Plaintiff objects to the use of the deposition of Terry Haden, except for impeachment of her testimony if she testifies as a witness at trial pursuant to Rule 32(a)(2), because Terry Haden is not an unavailable witness within Rule 32(a)(4) as she is located less than 100 miles from the place of trial and there is no other showing of unavailability within the meaning of Rule 32. Thus, each and every counter-designation from Terry Haden's deposition offered by Defendant constitutes inadmissible hearsay.

Furthermore, Plaintiff specifically objects to the Terry Haden counter-designation as follows:

1. Pg. 25, Lines 10-12
**OBJECTION:** **Lack of foundation, speculation, lack of relevance, calls for improper lay witness opinion.**

2. Pg. 51, Lines 21-25
**OBJECTION:** **Non-responsive to the question, and lack of foundation.**

3. Pg. 52, Lines 1-5
**OBJECTION:** **Lack of foundation, speculation.**

4. Pg. 59, Lines 17-25

9

**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

5. Pg. 60, Lines 1-3
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

6. Pg. 66, Lines 22-25 and Pg. 67, Lines 1-15
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

7. Pg. 67, Lines 22-25 and Pg. 68, Lines 1-16
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

8. Pg. 83, Lines 12-25
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Also calls for improper opinion by a lay witness.

9. Pg. 84, Lines 1-16
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation and speculation.

10. Pg. 85, Lines 20-25 and Pg. 86, Lines 1-6
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, speculation and calls for an improper lay witness opinion.

11. Pg. 86, Line 25 – Pg. 87, Lines 1-15
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.

12. Pg. 88, Lines 1-25
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.

13. Pg. 89, Lines 4-24
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

14. Pg. 90, Lines 14-25
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

15. Pg. 91, Lines 1-8
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

16. Pg. 91, Lines 24-25 and Pg. 92, Lines 1-4
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

17. Pg. 94, Lines 12-17
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

18. Pg. 96, Lines 1-10 and Line 25
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

19. Pg. 97, Lines 1-25
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

20. Pg. 98, Lines 1-9
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and**

misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.

21. Pg. 98, Lines 14-23
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

22. Pg. 99, Lines 10-22
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

23. Pg. 101, Lines 3-25
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

24. Pg. 102, Line 25
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

25. Pg. 110, Lines 11-25
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

26. Pg. 111, Lines 1-2
**OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, speculation, and based upon hearsay and calls for an improper lay witness opinion.**

The portions of the testimony objected to are attached hereto as Exhibit H and are hereby incorporated.

## **OBJECTION TO STEPHANIE CREEK POUNDS COUNTER-DESIGNATIONS**

Plaintiff objects to the use of the deposition of Stephanie Creek Pounds, except for impeachment of her testimony if she testifies as a witness at trial pursuant to Rule 32(a)(2), because Stephanie Creek Pounds is not an unavailable witness within Rule 32(a)(4) as she is located less than 100 miles from the place of trial and there is no other showing of unavailability within the meaning of Rule 32. Thus, each and every counter-designation from Stephanie Creek Pounds' deposition offered by Defendant constitutes inadmissible hearsay.

Furthermore, Plaintiff specifically objects to the Stephanie Creek Pounds counter-designation as follows:

1. Pg. 42, Lines 21-23
   **OBJECTION:** **Speculation and lack of foundation**.

2. Pg. 43, Lines 1-15
   **OBJECTION:** **Speculation and lack of foundation.**

3. Pg. 49, Lines 9-13
   **OBJECTION:** **Relevance. She testified "it didn't happen in the office" and that "it was personal".**

4. Pg. 50, Lines 2-9 and 17-25
   **OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury**

5. Pg. 51, Lines 1-21
   **OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

6. Pg. 54, Line 25 – Pg. 55, Line 9
   **OBJECTION:** **Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.**

7. Pg. 55, Lines 18-25

13

**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

8. Pg. 61, Lines 22-25 and Pg. 62, Lines 1-7
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

9. Pg. 93, Lines 6-17
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

10. Pg. 95, Lines 18-25 and Pg. 96, Lines 1-25
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

11. Pg. 97, Lines 1-25
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

12. Pg. 98, Lines 1-25
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

13. Pg. 99, Lines 23-25
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

14. Pg. 100, Lines 1-2
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

15. Pg. 110, Line 12 – Pg. 111, Line 1
**OBJECTION:** Relevance.

16. Pg. 113, Lines 16-24

**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

17. Pg. 114, Lines 9-19
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

18. Pg. 115, Lines 11-25
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

19. Pg. 117, Lines 12-22
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

20. Pg. 118, Lines 24 -25 and Pg. 119, Lines 1-5
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

21. Pg. 121, Lines 20-25 and Pg. 122, Lines 1-5
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, lack of foundation, calls for speculation and improper opinion testimony by a lay witness.

22. Pg. 131, Lines 13-21
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury. Improper evidence of other wrongs or acts pursuant to Rule 404.

23. Pg. 133, Line 25 and Pg. 134, Lines 1-3
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury, improper evidence of other wrongs or acts pursuant to Rule 404.

24. Pg. 143, Lines 19-25 and Pg. 144, Lines 1-9
**OBJECTION:** Lack of relevance and should also be excluded under Rule 403 as unfairly prejudicial, creating confusion of issues, and misleading the jury.

The portions of the testimony objected to are attached hereto as Exhibit I and are hereby incorporated.

Plaintiff reserves the right to read into evidence additional portions of the above mentioned depositions, and the depositions of any witness called by Defendant in their case, as necessary for purposes of impeachment or rebuttal.

                                        Respectfully Submitted,

                                        STEELMAN, GAUNT & HORSEFIELD


By:    /s/    Stephen F. Gaunt
           MO Bar #33183
           David L. Steelman, MO Bar #27334
           901 Pine Street, Ste. 110
           P.O. Box 1257
           Rolla, MO 65402
           Telephone: 573-341-8336
           Fax: 573-341-8548
           dsteelman@steelmanandgaunt.com
           sgaunt@steelmanandgaunt.com

           ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Stephen F. Gaunt, hereby certify that on the 1st day of December, 2010 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Warren E. Harris
Taylor, Stafford, Clithero, Fitzgerald & Harris, LLP
3315 East Ridgeview, Ste. 1000
Springfield, MO 65804
Counsel for Defendant Michael Anderson

/s/ Stephen F. Gaunt
Stephen F. Gaunt