IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MONICA DANIEL HUTCHISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 09-3018-CV-S-RED |
| vs. ) | |
| ) | Jury Trial Demanded |
| TEXAS COUNTY, MISSOURI; ) | |
| MICHAEL R. ANDERSON, ) | |
| TEXAS COUNTY PROSECUTING ) | |
| ATTORNEY; and ) | |
| MICHAEL R. ANDERSON, individually ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S TRIAL BRIEF**

Many of the legal and evidentiary issues have been briefed in the context of various motions to dismiss, Defendant's Motion for Summary Judgment, and the various motions in limine, and will not be re-briefed here. However, Plaintiff believes that further briefing on the issue of damages might be appropriate.

1. <u>Malicious Prosecution Damages</u>.

Plaintiff's malicious prosecution claim is based upon Missouri state law, and Missouri law governs the substance of the jury instructions to be given at trial on that claim, including the issue of damages. <u>Passantino v. Johnson and Johnson Consumer Products, Inc.</u>, 212 F.3d 493, 508 (9th Cir. 2000); <u>Sayer v. Musicland Group, Inc.</u>, 850 F.2d 350, 352 (8th Cir. 1988). Missouri has no special damage instruction for malicious prosecution, and M.A.I. 4.01 applies. M.A.I. 4.01 allows the jury to award the plaintiff "such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence."

Under Missouri law, the damages recoverable in a malicious prosecution action are those that are "the natural and probable consequences" of that prosecution. *Stafford v. Muster*, 582 S.W.2d 670 (Mo banc 1979). While reasonable attorney fees and expenses incurred by the plaintiff in defending the underlying lawsuit are properly recoverable, actual damages are not limited to recovery of such expenditures under Missouri law. *Young v. Jack Boring's, Inc.*, 540 S.W.2d 887, 897 (Mo. App 1976). Instead, "damages are recoverable for *every element of the injury*, including mental and physical suffering, injury to fame and reputation, and the general impairment of social standing". Id. Additional elements of damage include injury to credit, deprivation of use of property, and actual loss and injury to property. 34 Mo. Prac. §27:13. Furthermore, plaintiffs are entitled to recover for mental anguish, humiliation, and mental suffering. *Mullen v. Dayringer*, 705 S.W.2d 531, 536 (Mo. App 1985).

Of special importance to this case, a plaintiff in a malicious prosecution action who has established the essential elements of the cause of action may recover for harm to his reputation, disgrace and distress resulting from that prosecution "*without specific proof of such injuries*." *Pernoud v. Martin*, 891 S.W.2d 528, 539 (Mo. App 1995). In the *Pernoud* case, the trial court rejected a defense motion for new trial or remittuter based on defendant's argument that "no actual damages" were proven "other than costs and attorneys' fees". The court noted that in addition to offering evidence sufficient to establish the underlying elements of his cause of action for malicious prosecution, the physician defendant in the underlying suit, with respect to damages, testified that the suit was "published in a local newspaper, and that other doctors were aware of plaintiff's action. Since defendant [in the underlying suit] did not have to prove harm to his reputation and disgrace and distress specifically, we find this evidence is sufficient for a showing of damages." Id.

2

Defendant Anderson has not claimed that any of the harm Plaintiff has alleged and testified to was unforeseeable or unintended. In fact, from the issuance of his press releases and statements to others in this case, it is quite clear that Defendant intended to harm plaintiff's reputation, cause plaintiff mental anguish and humiliation, disgrace her, and impair her social standing. In any event, a defendant may be liable for unintended harm caused by his actions in a malicious prosecution case. <u>Stafford v. Muster</u>, 582 S.W.2d at 680 n.6.

In light of the damages alleged above, Plaintiff continues to assert that Mr. Anderson's 2009 statement to the press that Plaintiff's EEOC claim had been investigated and that "those investigations found no basis for a claim" are part of Mr. Anderson's actions in this case which have caused damage to her reputation and mental suffering and anguish. Mr. Anderson lied to the public about what the EEOC investigation found regarding the claim Plaintiff filed against Defendant Anderson with the EEOC, and Defendant Anderson continued through his false statements to attempt to prevent people from believing Plaintiff's version of what had occurred.

2. <u>Abuse of Process Damages</u>.

Under Missouri law, as in the case of malicious prosecution, an abuse of process plaintiff may recover for all personal injuries that were proximately caused by the defendant's abuse of process. In <u>Sanders v. Pete and Son's Garage, Inc.</u>, 769 S.W.2d 844 (Mo. App 1989), the Court of Appeals rejected the defendant's claim "that there was no evidence of damages to support respondent Becky Covell's counter-claim for abuse of process", finding sufficient plaintiff's testimony "that because of the suit she had to take time to appear in court and discuss the case; that the lawsuit made her nervous and caused her to have an upset stomach and lack of sleep." <u>Id</u> at 845.

In <u>Owen v. Owen</u>, 642 S.W.2d 410 (Mo. App 1982) the brother of a husband who was in the midst of a dissolution proceeding filed suit against his brother and sister-in-law to recover money and the defendant's sister-in-law counter-claimed for abuse of process. The court, after considering the sufficiency of the evidence to establish an abuse of process claim, stated as follows:

> [i]f believed by the jury, which it evidently was, Mary's evidence illustrates that H.R. [brother] wanted Mary to settle the dissolution action upon his or Harley's [husband] terms or upon both of their terms. In exchange for Mary's capitulation, H.R. would dismiss his action. This surely demonstrated the true and basic purpose of H.R.'s lawsuit, i.e., to coerce Mary into settling the dissolution action in a manner which she could not be legally forced to do. We believe that if the jury accepted this evidence, it showed an ulterior motive on H.R.'s part in bringing this action to do something collateral to the lawsuit which she could not be legally forced to do, i.e., capitulate in the dissolution action upon the terms dictated by H.R.

<u>Id</u> at 415.

The court then went on to consider the defendant brother-in-law's argument that there was no substantial evidence to support actual or punitive damages. "He argues that the only evidence of actual damage was Mary's testimony that because of H.R.'s action and lawsuit she had suffered mental anguish and has hired attorneys who had expended a minimum of 40 hours on the case with no showing of the lawyer's charges or the reasonableness thereof." In rejecting that argument, the court noted

> [a]lbeit Mary's testimony was brief as to the fact that H.R.'s actions had caused her 'very much' mental anguish, the jury's consideration of the issue was not limited to Mary's abbreviated testimony on the subject. Rather it had the right, as it apparently did, to consider *all of the events and circumstances surrounding the litigation*….the jury, we believe, could reasonably conclude that such conduct by H.R. caused Mary considerable mental anguish from

> September 1979 when he obtained some $74,000.00 in marital assets from Harley until February 1981 when the jury verdict terminated the trial in the instant cause….Mary, under the facts, was entitled to recover from mental anguish suffered because of H.R.'s doings. Damages for mental anguish cannot be precisely measured and the determination of the amounts thereof is primarily an issue for the jury.

Id at 415.

Once again, Plaintiff submits that evidence of Defendant's false statements to the press during this lawsuit regarding the outcome of the EEOC proceeding are part of the "circumstances surrounding the litigation" which are relevant for establishing mental anguish in an abuse of process claim under Missouri law and should be admitted for that purpose.

3. 42 U.S.C. §1983 Damages.

The damage instruction for actual damages under 42 U.S.C.§1983 is 8th Circuit Model Instruction §5.27A which, like M.A.I. 4.01, instructs the jury to "award the plaintiff such sum as you find will fairly and justly compensate the plaintiff for any actual damages you find the plaintiff sustained as a direct result of the defendant's conduct".

In Carey v. Piphus, 435 U.S. 247 (1978) the United States Supreme Court made it clear that in a §1983 action, a plaintiff may be fully compensated for all injuries caused by the deprivation of his or her rights. Those damages include, but are not limited to, mental and emotional distress. Id at 262. The Court went on to state "distress is a personal injury familiar to the law, *customarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff*." Id at 263 - 264. The Supreme Court also discussed cases dealing with the awards of damages in the context of racial discrimination, denial of voting rights, and denial of Fourth Amendment rights, including cases indicating that damages may be awarded for humiliation and distress caused by unlawful arrests, searches and seizures, and that evidence the

plaintiff suffered humiliation, embarrassment and discomfort supported "substantial" compensatory damages. 435 U.S. at 265. Of particular interest is Seaton v. Sky Realty Company, 491 F.2d, 634 (7th Cir. 1974). The Supreme Court noted that the "court's comment in *Seaton* that '[h]umiliation can be inferred from the circumstances as well as established by the testimony'…suggests that the court considered the question of actual injuries to be one of fact." 435 U.S. at 265 n.22.

From the above, it appears, as is the case with the malicious prosecution and abuse of process claims, that Plaintiff is entitled to introduce any evidence of actual damage, including evidence of humiliation, mental distress, mental anguish, or similar damages.

In addition, Defendant is potentially libel for attorney fees under 42 U.S.C. §1988(b) in the event that Plaintiff prevails on her §1983 claim, and Plaintiff will be asking this Court to determine and award an appropriate sum for those damages.

STEELMAN, GAUNT & HORSEFIELD

By:  /s/   Stephen F. Gaunt
     MO Bar #33183
     David L. Steelman   MO Bar #27334
     901 Pine Street, Ste. 110
     P.O. Box 1257
     Rolla, MO  65402
     Telephone:  573-341-8336
     Fax:  573-341-8548
     sgaunt@steelmanandgaunt.com
     dsteelman@steelmanandgaunt.com

     ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Stephen F. Gaunt, hereby certify that on the 3rd day of December 2010 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Warren E. Harris
Taylor, Stafford, Clithero, Fitzgerald & Harris, LLP
3315 East Ridgeview, Ste. 1000
Springfield, MO 65804
Counsel for Defendant Michael Anderson

/s/  Stephen F. Gaunt
Stephen F. Gaunt