IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MONICA DANIEL HUTCHISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 09-3018-CV-S-RED |
| vs. ) | |
| ) | **Jury Trial Demanded** |
| TEXAS COUNTY, MISSOURI; ) | |
| MICHAEL R. ANDERSON, ) | |
| TEXAS COUNTY PROSECUTING ) | |
| ATTORNEY; and ) | |
| MICHAEL R. ANDERSON, individually ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF RESPONDING TO DEFENDANT'S TRIAL BRIEF REGARDING QUALIFIED IMMUNITY DEFENSE IN 42 U.S.C. §1983**

COMES NOW Plaintiff, by and through counsel, and for her supplemental trial brief responding to Defendant Anderson's Trial Brief Regarding Qualified Immunity Defense in 42 U.S.C. §1983 states as follows:

Defendant Anderson asserts in his trial brief that he is entitled to qualified immunity with respect to Plaintiff's §1983 claim for retaliation based on the First Amendment and on Plaintiff's §1983 claim for sexual harassment. Contrary to the implication in Defendant's trial brief that he "properly preserved" this issue and that "the Court has denied Anderson's summary judgment motion on this aspect", the only claim with respect to which Defendant asserted either absolute or qualified immunity in his Motion for Summary Judgment was Plaintiff's claim for abuse of process based upon the issuance of the subpoena.

The issues raised here by Defendant have not been brought to the Court's attention by any previous motions. At p. 21 -22 of Defendant's Suggestions in Support of his Motion to

1

Dismiss Plaintiff's Second Amended Complaint, Defendant asserts immunity from a civil suit for damages under §1983 *for initiating a prosecution*. The discussion that follows is all directed obtaining the subpoena, to the extent it is included in Plaintiff's §1983 claim, and Defendant Anderson's actions in contacting the Missouri Attorney General's office in order to instigate an investigation. The claim of absolute immunity on that motion was with respect to "Defendant Anderson's role in seeking the subpoena from Judge Ellsworth," and in arguing that it if not entitled to absolute immunity, he is entitled to qualified immunity, Defendant Anderson asserted that "in contacting the Missouri Attorney General's office in order to instigate an investigation, and in seeking the subpoena," Defendant Anderson was exercising one of his discretionary functions. Again, as in the summary judgment motion, there is no claim of either absolute or qualified immunity with respect to the §1983 retaliation or sexual harassment claims.

Furthermore, Defendant's trial brief assertion that he is entitled to qualified immunity on those claims is not well taken. In <u>Tuggle v. Mangan</u>, 348 F.3d 714 (8th Cir. 2003), the main case upon which Defendant relies, contrary to this Court's determination on the Motion for Summary Judgment here, the Court there held that the facts viewed in the light most favorable to the plaintiff did not show that the defendant's conduct violated a federal constitutional or statutory right. Because this Court has already concluded that there was, in fact, a violation of a federal constitutional or statutory right, Plaintiff has met the initial threshold test of demonstrating violation of a federal constitutional or statutory right. Defendant, in his trial brief, makes no argument that the rights in question were not "clearly established" or rights of which a reasonable person would have been unaware, and the second test for avoiding qualified immunity is also met here. This Court applied well established law regarding §1983 sexual harassment and First Amendment claims in finding the violation of the federal constitutional and

statutory rights in question, and rights under those statutes are "clearly established". There was no novel application of the law in this case, nor was there any necessity of resolving any conflict of law regarding the questions presented.

In effect, Defendant in his trial brief asserts that he is entitled to qualified immunity if Plaintiff fails to prove her case for sexual harassment or First Amendment retaliation at trial. Of course, if Plaintiff fails to establish those violations of rights at trial, Plaintiff will not obtain a verdict on those counts and it will not be necessary to consider, at that point, qualified immunity. Thus, there is no need to use special interrogatories to the jury as suggested by Defendant.

STEELMAN, GAUNT & HORSEFIELD

By: /s/ Stephen F. Gaunt
MO Bar #33183
David L. Steelman   MO Bar #27334
901 Pine Street, Ste. 110
P.O. Box 1257
Rolla, MO  65402
Telephone:  573-341-8336
Fax:  573-341-8548
sgaunt@steelmanandgaunt.com
dsteelman@steelmanandgaunt.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I, Stephen F. Gaunt, hereby certify that on the 6th day of December 2010 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Warren E. Harris
Taylor, Stafford, Clithero, Fitzgerald & Harris, LLP
3315 East Ridgeview, Ste. 1000
Springfield, MO 65804
Counsel for Defendant Michael Anderson

    /s/ Stephen F. Gaunt
    Stephen F. Gaunt