IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MONICA DANIEL HUTCHISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-3018-CV-S-RED |
| | ) | |
| TEXAS COUNTY, MISSOURI, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Michael Anderson's Motion for Reconsideration of Order Denying in part Defendant's Motion for Summary Judgment (Doc. 259). Defendant requests the Court reconsider its Order (Doc. 257). The Court has also received and reviewed Plaintiff's Suggestions in Opposition to Defendant Anderson's Motion for Reconsideration of Order Denying in part Defendant's Motion for Summary Judgment (Doc. 264).

Defendant raises two issues in his Motion. First, Defendant argues he is entitled to absolute immunity concerning the issuance of the subpoena that serves as one basis for Plaintiff's abuse of process claim. In the Court's Order denying this part of Defendant Anderson's Motion for Summary Judgment, the Court found there was a genuine issue of material fact concerning whether Anderson was acting within the scope of his duties as County Prosecutor when he had the subpoena issued to Plaintiff. Defendant now indicates that through a stipulation of facts between the parties, there is no longer a genuine issue of material fact regarding whether Defendant was acting within the scope of his duties. However, even assuming, without determining, Defendant was acting within the scope of his duties, he is not entitled to a defense of absolute immunity on this issue.

As the Court previously noted in its Order denying in part Defendant Anderson's Motion for Summary judgment, the Missouri Court of Appeals has recognized that a prosecutor is entitled to absolute immunity under certain circumstances. *See* Order (Doc. 257) p. 16. The Missouri Court of Appeals turned to United States Supreme Court precedence on the issue. The United States Supreme Court has recognized limitations on a prosecutor's right to assert absolute immunity. *See Van de Kamp v. Goldstein*, 129 S. Ct. 855, 861 (2009). In *Kalina v. Fletcher*, 522 U.S. 118 (1997), the Supreme Court determined that a prosecutor was not entitled to absolute immunity because the prosecutor was acting as a "complaining witness" when seeking an arrest warrant, by personally vouch[ing] for the truth of the facts" contained in the application for the warrant. *Id*. at 121, 131. The Supreme Court also noted that

> " '[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other ... [t]hus if a prosecutor plans and executes a raid on a suspected weapons cache, he has no greater claim to complete immunity than activities of police officers allegedly acting under his direction.' "

*Id*. at 126 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). It is clear that it is the "nature of the function performed" that necessitates whether a prosecutor is entitled to absolute immunity. *Id*. at 127.

Therefore, under the unique circumstances of this case, Defendant Anderson is not entitled to absolute immunity.

Defendant next argues he is entitled to qualified immunity with respect to Plaintiff's 42 U.S.C. § 1983 hostile work environment based on sexual harassment claim. The Court previously determined that the facts in the record were sufficient on this claim to survive summary judgment.

2

Defendant cites to no additional facts, but argues he is entitled to qualified immunity. However, if Defendant created a hostile work environment, he is not entitled to a qualified immunity defense. *Wright v. Rolette Cnty.*, 417 F.3d 879, 886 (8th Cir. 2005).

For the reasons set forth above, Defendant Michael Anderson's Motion for Reconsideration of Order Denying in part Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

DATED:    December 8, 2010            */s/ Richard E. Dorr*
                                      RICHARD E. DORR, JUDGE
                                      UNITED STATES DISTRICT COURT

3