IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MONICA DANIEL HUTCHISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 09-3018-CV-S-RED ) |
| TEXAS COUNTY, MISSOURI, MICHAEL R. ANDERSON, TEXAS COUNTY PROSECUTING ATTORNEY, and MICHAEL R. ANDERSON, individually, | ) ) ) ) ) ) |
| Defendants. | ) |

### SUGGESTIONS IN SUPPORT OF DEFENDANT ANDERSON'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

COMES NOW Defendant Michael R. Anderson, by and through counsel, and for his Suggestions in Support of his Motion for Leave to File an Amended Answer states as follows:

On or about November 29, 2010, the Plaintiff filed her Joint Stipulation of Uncontroverted Facts (Doc. No. 249) in which she set forth that Defendant Anderson was acting as the prosecuting attorney of Texas County when Anderson requested the issuance of a criminal investigative subpoena.

On December 1, 2010, this court issued its Order Denying in Part Anderson's Motion for Summary Judgment. In particular, this court denied Anderson's Motion for Summary Judgment on Count V (Abuse of Process) which was argued on the basis that Anderson was entitled to absolute immunity for his actions in seeking the subpoena.

-1-

On or about December 2, 2010, Defendant Anderson filed his Motion for Reconsideration requesting that the court reconsider its ruling on Anderson's absolute immunity defense to Hutchison's abuse of process claim.

On or about December 8, 2010, this court denied Anderson's Motion for Reconsideration.

Anderson then appealed this court's denial of his Motion for Summary Judgment and Motion for Reconsideration as to Anderson's absolute immunity defense.

On February 8, 2011, the U.S. Court of Appeals for the Eighth Circuit issued its Mandate dismissing Anderson's appeal.

On February 9, 2011, this court entered its order lifting the prior stay it had placed on this action.

Because of Hutchison's admission that Anderson was acting as the Texas County Prosecutor when he sought the criminal investigative subpoena and because of this court's denial of Anderson's Motion for Summary Judgment and the court of appeals' dismissal of Anderson's appeal, it has become necessary for Anderson to amend his answer in order to assert an additional affirmative defense.

Missouri law provides for a three (3) year statute of limitations for actions brought against an official for liability incurred by the doing of an act in the official's capacity. RSMo. §516.130.

Given Defendant Anderson needs to amend his answer to raise the statute of limitations as a defense to Plaintiff's abuse of process claim relating to the investigative subpoena, and that the Plaintiff has admitted that Anderson was acting as the Texas County Prosecuting Attorney when he sought the criminal investigative subpoena, then the

Plaintiff will not be prejudiced by allowing Anderson to amend his answer in order to assert this additional affirmative defense.

Pursuant to Federal Rule of Civil Procedure 15(a)(2) a party may amend its pleading with the court's leave. Leave should freely be given when justice so requires.

**TAYLOR, STAFFORD, CLITHERO,
FITZGERALD & HARRIS, LLP**

By    /s/Warren E. Harris
      Warren E. Harris
      Missouri Bar No. 40372
      wharris@taylorstafford.com

By    /s/Lance A. Roskens
      Lance A. Roskens
      Missouri Bar No. 59408
      lroskens@taylorstafford.com
      3315 E. Ridgeview, Suite 1000
      Springfield, MO 65804
      Tel: 417-887-2020
      Fax: 417-887-8431
      **COUNSEL FOR DEFENDANT ANDERSON**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 21st day of February, 2011, the foregoing *Suggestions in Support of Defendant Anderson's Motion for Leave to File an Amended Answer* was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Plaintiff, David L. Steelman and counsel for Defendant Texas County, Corey L. Franklin.

      /s/ Lance A. Roskens
      Lance A. Roskens