IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MONICA DANIEL HUTCHISON, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 09-3018-CV-S-RED |
| TEXAS COUNTY, MISSOURI, MICHAEL R. ANDERSON, TEXAS COUNTY PROSECUTING ATTORNEY, and MICHAEL R. ANDERSON, individually, | ) |
| Defendants. | ) |

**DEFENDANT MICHAEL ANDERSON'S SUGGESTIONS IN OPPOSITION TO THE PLAINTIFF'S MOTION TO AMEND THE JOINT STIPULATION OF UNCONTROVERTED FACTS**

COMES NOW Defendant Michael R. Anderson (hereinafter Anderson), by and through counsel, and for his Suggestions in Opposition to the Plaintiff's Motion to Amend the Joint Stipulation of Uncontroverted Facts, states as follows:

On November 29, 2010, the Plaintiff filed her Joint Stipulation of Uncontroverted Facts (Doc. No. 249). That document was drafted by the Plaintiff's counsel. The Joint Stipulation was drafted after conversations between Warren Harris, counsel for Defendant Anderson, and David Steelman, counsel for the Plaintiff. At no point in time during the discussion regarding the criminal investigative subpoena was the phrase "purporting to act" ever discussed or agreed to by counsel.

After their phone conversation, the Plaintiff's counsel drafted her Joint Stipulation of Uncontroverted Facts and filed it with the court. Contained within that document was the following agreed to stipulation: "On December 23, 2005, Michael Anderson, acting as

-1-

prosecuting attorney of Texas County, requested Judge Ellsworth of Texas County to issue a criminally investigative subpoena . . ." The Plaintiff has now filed her Motion to Amend her Joint Stipulation of Uncontroverted Facts.

"A stipulation is an agreement between the parties as to a fact of the case, and as such, it is evidence introduced by both of the parties." ***U.S. v. Hawkins*, 215 F.3d 858, 860 (8th Cir. 2000)**. In *Hawkins*, the Eighth Circuit was faced with a similar issue. The defendant had entered into a joint stipulation stating that the defendant had been previously convicted of "several crimes" that were felonies. *Id.* On appeal, the defendant argued that the stipulation violated previously established case law. *Id.* The Eighth Circuit declined to address the defendant's contention, holding that the stipulation became evidence introduced by both of the parties. *Id.* Citing to the Supreme Court case of ***Ohler v. United States*, 529 U.S. 753, 755 (2000)**, the Eighth Circuit held that a party introducing evidence cannot complain that the evidence was erroneously admitted. *Id.* See also ***9 John Henry Wigmore*, Evidence §§ 2588 through 2599, at 821-822 (James H. Chadbourn 1981) (vital feature of a stipulation is its conclusiveness on the party making it).**

In her Suggestions in Support of her Motion to Amend, the Plaintiff states that the parties "knew the stipulation meant purporting to act as prosecuting attorney of Texas County." This is a misrepresentation of the facts and a misrepresentation of the language used in the stipulation. Counsel for Anderson did not stipulate to the "purporting to act" language and will not stipulate to such language. Counsel for Defendant believes that the stipulation means exactly what it says, that Defendant Anderson was acting as the

-2-

prosecuting attorney when he requested the subpoena. In fact, under Missouri law only a prosecutor has authority to seek an investigative subpoena. **§56.085, RSMo.**

The Plaintiff's argument essentially boils down to a claim that Anderson was not acting properly as the prosecuting attorney at the time he sought the investigative subpoena. However, whether or not he was acting properly or improperly is a question of fact for the jury. What has already been stipulated by the Plaintiff is that Anderson was acting as the prosecuting attorney when he sought the subpoena.

The Plaintiff points to her Second Amended Complaint and her Response to Anderson's Motion for Summary Judgment in support of her argument. A review of the Plaintiff's Second Amended Complaint reveals that the allegations concerning the investigative subpoena are contained in two separate paragraphs. Those are paragraphs 12(O) of Count I and paragraph 8 of Count V. The Plaintiff has already represented to the court that Count I, in its original context, was only against Texas County and Anderson in his capacity as the Texas County Prosecutor. Paragraph 8 of Count V specifically states that "Defendant Michael R. Anderson, as Texas County Prosecuting Attorney, obtained said subpoena through false statements, false pretenses and deceit." Noticeably absent from the complaint is any language regarding Anderson "purporting to act" as the Texas County Prosecutor.

On pages 36 and 37 of the Plaintiff's Response to Anderson's Motion for Summary Judgment (Doc. No. 207), the Plaintiff pointed to Anderson's obtaining the subpoena as support for her §1983 claim. Of course, in order for conduct to support a §1983 claim, Anderson must have been acting under color of state law, which once again supports the

already stipulated fact that Anderson was acting as the Texas County Prosecuting Attorney when he sought the subpoena.

The Plaintiff stipulated to a certain fact. After that fact was stipulated to, Defendant Anderson incorporated it into his legal arguments. It was not until Defendant Anderson incorporated the stipulation that the Plaintiff began claiming that counsel for Defendant Anderson had misconstrued the stipulation. Having pleaded a specific fact, and then having stipulated to that fact, the Plaintiff should not now be able to argue that the Plaintiff really meant something different than what the Plaintiff originally pleaded and what was actually stipulated to by the parties. As the Plaintiff was the party that drafted and filed the stipulation of fact, she should not now be able to claim that she intended to stipulate to something other than what she did. For all of the above stated reasons, the court should deny the Plaintiff's Motion to Amend her Joint Stipulation of Uncontroverted Facts.

**TAYLOR, STAFFORD, CLITHERO, FITZGERALD & HARRIS, LLP**

By  /s/ Warren E. Harris
    Warren E. Harris
    Missouri Bar No. 40372
    wharris@taylorstafford.com

By  /s/ Lance A. Roskens
    Lance A. Roskens
    Mo. Bar No. 59408
    lroskens@taylorstafford.com
    3315 E. Ridgeview, Suite 1000
    Springfield, MO 65804
    Tel: 417-887-2020
    Fax: 417-887-8431
    **COUNSEL FOR DEFENDANT ANDERSON**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 4th day of March, 2011, the foregoing *Defendant Michael Anderson's Suggestions in Opposition to the Plaintiff's Motion to Amend the Joint Stipulation of Uncontroverted Facts* was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Plaintiff, David L. Steelman and Corey L. Franklin.

                                        /s/ Lance A. Roskens
                                        Lance A. Roskens