IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MONICA DANIEL HUTCHISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 09-3018-CV-S-RED |
| vs. ) | |
| ) | **Jury Trial Demanded** |
| TEXAS COUNTY, MISSOURI; ) | |
| MICHAEL R. ANDERSON, ) | |
| TEXAS COUNTY PROSECUTING ) | |
| ATTORNEY; and ) | |
| MICHAEL R. ANDERSON, individually ) | |
| ) | |
| Defendants. ) | |

## RESPONSE AND SUGGESTIONS IN OPPOSITION TO DEFENDANT ANDERSON'S MOTION FOR LEAVE TO FILE AMENDED ANSWER

COMES NOW Plaintiff, Monica Daniel Hutchison, by and through counsel, and submits the following Response and Suggestions in Opposition to Defendant Anderson's Motion for Leave to File an Amended Answer:

It appears from Defendant Anderson's (hereinafter "Anderson") motion that Anderson wants to amend his answer to raise a statute of limitations "as a defense to Plaintiff's abuse of process claim relating to the investigative subpoena". Anderson asserts in support of that motion that Plaintiff (hereinafter "Hutchison") has admitted that Anderson was acting as the Texas County Prosecuting Attorney when he sought the criminal investigative subpoena, then distorts the language in the Joint Stipulation of Uncontroverted Facts to apparently assert that Hutchison agrees that Anderson was acting in his official capacity, which is required for application of §516.130 R.S.Mo, the three year statute of limitations Anderson now seeks to impose in this case. This assertion, which appears integral to Anderson's motion, is entirely premised on a misinterpretation of the Joint

1

Stipulation of Facts, which Hutchison has explained and discussed in the context her Motion toAmend/Correct the Joint Stipulation of Facts.

The granting of a motion to amend the pleadings is vested in the sound discretion of the trial court. Furthermore, "the policy favoring liberal allowance of amendment does not mean that the right to amend is absolute." <u>Thompson-El v. Jones</u>, 876 F.2d 66, 67 (8th Cir. 1989). See also <u>Ryan v. Sargent</u>, 969 F.2d 638, 641-642 (8th Cir. 1992). Among the reasons justifying denial of a Motion for Leave to Amend include "undue delay" and "futility of amendment". <u>Id</u> at 67.

With respect to undue delay, Anderson's suggestions give no reason why Anderson is just now seeking to assert the three year statute of limitations under §516.130 R.S.Mo, well after Hutchsion first asserted Anderson's actions in obtaining the criminal investigative subpoena constituted abuse of process in January of 2009, and more than 14 months after she filed her Second Amended Complaint on October 8, 2009. In fact, Anderson has asserted on several prior occasions that he was immune for his actions in obtaining the subpoena because he was acting in his official capacity, yet never raised the statute of limitations codified in §516.130. There is no claim of new knowledge or a recent discovery by Anderson which changed *Anderson's position* or allowed him, for the first time, to be able to assert the defense of the three year statute of limitations for actions brought against officials acting in the official's capacity found in §516.130.

While Anderson points to the Joint Stipulation of Uncontroverted Facts, and incorrectly asserts that Hutchison is no longer disputing whether Anderson was acting within the scope of his duties in seeking the subpoena, that is no reason for Anderson to have delayed raising his defense, as his position has not changed. Anderson also points to this Court's denial of his Motion for Summary Judgment; however, this Court's conclusion that there is a genuine issue of material fact concerning whether Anderson was acting within the scope of his duties as County Prosecutor (Doc. No. 257, pg.

16-17) only shows that, as discussed in more detail later, Anderson's proposed amendment lacks merit and is legally insufficient, as the statute he attempts to raise only applies to the doing of an act in the official's official capacity. §516.130, R.S.Mo.

Anderson's motion to amend his pleadings is also well outside the time permitted by the scheduling and jury trial order entered by this court on August 17, 2009, which specified that "all motions to amend the pleadings shall be filed on or before September 11, 2009." Despite this deadline, Anderson either did not review his answer to see if there was an additional defense he wished to raise or did not believe §516.130, R.S.Mo applies in this case despite his position that he was acting in his official capacity in obtaining the subpoena. Furthermore, he did not raise the statute of limitations defense he now seeks to assert during another opportunity: his answer to Plaintiff's Second Amended Complaint. Hutchison submits that this Court's deadline for amending pleadings serves a purpose, and a failure to attempt to amend pleadings within the time permitted by this Court in its scheduling order is, in itself, some evidence that the delay in this case is "undue", especially in the absence of any reason or excuse why the pleading could not have been amended within the time permitted by the Court. While Federal Rule of Civil Procedure 15(a)(2) indicates that the Court should grant leave freely when justice so requires, it does not require this Court to abandon its pre-trial order setting deadlines for amendment of pleadings. 876 F.2d at 67.

Furthermore, it is well settled under Missouri law that the affirmative defense of a statute of limitations is non-jurisdictional and can be waived. <u>Reynolds v. Carter County</u>, 323 S.W.3d 447, 452 (Mo. App. 2010). Thus, there is no jurisdictional impediment to denying Defendant's Motion for Leave to Amend to assert a statute of limitations defense on the abuse of process claim pertaining to the subpoena in light of Anderson's undue delay in attempting to assert this claim and failure to comply with this Court's scheduling order.

3

There is, quite simply, no legitimate reason why Anderson has waited so long to attempt to amend his answer, much less any demonstration of good cause for his undue delay. Again, undue delay justifies the trial court in denying leave to amend an answer.

In addition to the undue and unexcused delay by Anderson in seeking leave to amend his answer, the futility of the proposed amendment provides another basis compelling denial of Anderson's motion. "It is well settled that leave to amend an Answer should be denied if the proposed defenses are legally insufficient." *Fredin v. Sharp*, 176 F.R.D. 304, 307 (D. Minn. 1997). For the reasons discussed below, Anderson's proposed statute of limitations defense is legally insufficient.

Missouri cases have established that "an action for abuse of process comes within the general statute of limitations applicable to 'injuries done to the person'". *Corley v. Jacobs*, 820 S.W.2d 668, 672 (Mo. App. 1992). In Missouri, the general statute of limitations applicable to "injuries done to the person" is five years, as set out in §516.120(4), R.S.Mo. Anderson attempts to remove this claim from the five year statute of limitations for abuse of process claims in Missouri by arguing for application of §516.130, R.S.Mo instead.

§516.130, R.S.Mo, which Anderson now contends applies here, says that among the claims which must be brought within three years are actions "against a Sheriff, coroner or other officer, upon a liability incurred by the doing of an act in his *official capacity* **and** *in virtue of his office*…." Thus, on its face, the statute requires that the officer be acting within the scope and course of his duties and that the claim against him be for acts in his official capacity. It is not enough that he act "in virtue of his office", as demonstrated by the language in the statute highlighted above and case law discussed below, which requires both action in the officer's official capacity **and** in virtue of his

4

office.  Whatever argument Anderson can and might make that the pleadings and the Joint Stipulation suggest he was acting "in virtue" of his office, that is not enough.  He must also establish that he was acting in his official capacity.

Initially, Hutchison points out that the "official capacity" claims had been dismissed and are no longer pending.  The remaining abuse of process claim against Anderson, individually, does not pertain to an act in his official capacity.  While Hutchison did allege that Anderson obtained the subpoena "utilizing his position as Prosecuting Attorney", she did not plead that he did so within the scope and course of his duties or in his official capacity.  Instead, she alleged that Anderson's actions in obtaining the subpoena were "illegal and unlawful, and constituted an improper and perverted use of process which was not warranted or authorized", that it was "obtained…through false statements, false pretenses and deceit" and, most importantly, that Anderson "had no legal purpose in obtaining the issuance of said subpoena and that it was obtained to retaliate against Plaintiff for exercising her right to seek redress against Defendants for illegal employment discrimination on the basis of sex and to coerce Plaintiff into ceasing any efforts to seek redress for unlawful employment discrimination on the basis of sex." (Doc. 53, pg. 17).  Thus, the facts alleged by Hutchison indicate Anderson was not acting within the scope and course of his duties as Prosecuting Attorney, and the subpoena was not obtained in the furtherance of any official duties or purpose.  **Furthermore, this Court has already determined that "there is a genuine issue of material fact concerning whether Anderson was acting within the scope of his duties as County Prosecutor."** (Order granting in part and denying in part Defendant Anderson's Motion for Summary Judgment, Doc. 257, pg. 16-17.)

It is clear under Missouri law that the three year statute of limitations of §516.130.1 does not apply simply because the defendant happens to be an "officer" within the meaning of that statute,

5

and that a finding that a defendant is an officer "does not end [the court's] inquiry." <u>Cox v. Ripley County</u>, 233 S.W.3d 225, 227 (Mo. App. 2007). Because Anderson was not acting in his official capacity with respect to the remaining abuse of process claim, but was on a "personal frolic", his attempt to avoid the five year statute must fail.

The plain language of §516.130 indicates that the statute is not meant to, and does not, protect officials who are not acting in their official capacity but are instead engaged in a personal mission, and Missouri cases have confirmed, with respect to a similarly worded statute of limitations, §516.145 R.S.Mo., that:

> [t]he phrase "act in an official capacity" means that a public servant is acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic. In its plain and ordinary meaning, the phrase is used to delineate between and action performed for work purposes rather than for personal ones.

<u>Kinder v. Missouri Department of Corrections</u>, 43 S.W.3d 369, 373 (Mo. App. 2001).

Indeed, any argument that the statute of limitations of §516.130 applies to an abuse of process claim against an official fails to consider the elements of such a claim, which, if established, necessarily establish that the person abusing the process was not acting in furtherance of any official duties. The elements of an abuse of process claim, under Missouri Law, are: "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an illegal purpose in exercising such illegal, improper, perverted use of process; and (3) damage resulted. <u>Romeo v. Jones</u>, 144 S.W.3d 324, 330. If the use of the process is not warranted or authorized by the process, and there is an illegal purpose in exercising the process, a party guilty of abuse of process could not have been simply doing their job. It is therefore not surprising that exhaustive

6

research by counsel for Hutchison has found no case applying the statute of limitations of §516.130 to an abuse of process claim.

Finally, Anderson will not be prejudiced by denial of his motion for leave to amend. Given that this Court has already ruled, in the context of Anderson's Motion for Summary Judgment, that there is a genuine issue of material fact concerning whether Anderson was acting within the scope of his duties as County Prosecutor, Anderson's statute of limitations argument, had he timely presented it, would not have provided a successful basis for a motion to dismiss or a summary judgment motion, and the case would have ended up being tried. If, at the trial, the jury finds for Anderson on the abuse of process claim as it pertains to the subpoena, the statute of limitations defense will not be necessary. If, on the other hand, the jury determines that Hutchison is correct, and that Anderson's obtaining the subpoena constituted an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process, and that the subpoena was obtained for the improper purpose of silencing Plaintiff from making truthful statements concerning Defendant or deterring Plaintiff from pursuing a claim of employment discrimination on that basis of sex, then the statute of limitations would not apply. See <u>Romeo v. Jones</u>, 144 S.W.3d 324, 330-332 (Mo. App. 2004) for a discussion of abuse of process jury instructions. Under those circumstances, Anderson would be found not to be acting in his official capacity within the meaning of §516.130, R.S.Mo., but engaged in a "personal frolic".

In other words, if Anderson's actions in obtaining the criminal investigative subpoena were legitimate and truly performed for work purposes rather than personal ones, there will be no abuse of process. If he obtained the criminal investigative subpoena for the alleged personal reasons, and not work related ones, the three year statute of limitations would not apply. Either

way, Anderson would not be prejudiced by denial of his motion for leave to amend his answer well past the 11th hour to add a §516.130, R.S.Mo three year statute of limitations defense.

For the reasons set forth above, Defendant's Motion for Leave to Amend his answer should be denied.

          Respectfully Submitted,

          STEELMAN, GAUNT & HORSEFIELD

By:   /s/ Stephen F. Gaunt
      MO Bar #33183
      David L. Steelman   MO Bar #27334
      901 Pine Street, Ste. 110
      P.O. Box 1257
      Rolla, MO 65402
      Telephone: 573-341-8336
      Fax: 573-341-8548
      sgaunt@steelmanandgaunt.com
      dsteelman@steelmanandgaunt.com

      ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Stephen F. Gaunt, hereby certify that on the 9th day of March, 2011 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Warren E. Harris
Taylor, Stafford, Clithero, Fitzgerald & Harris, LLP
3315 East Ridgeview, Ste. 1000
Springfield, MO 65804
Counsel for Defendant Michael Anderson

          /s/ Stephen F. Gaunt
            Stephen F. Gaunt