IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MONICA DANIEL HUTCHISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 09-3018-CV-S-RED |
| vs. ) | |
| ) | **Jury Trial Demanded** |
| TEXAS COUNTY, MISSOURI; ) | |
| MICHAEL R. ANDERSON, ) | |
| TEXAS COUNTY PROSECUTING ) | |
| ATTORNEY; and ) | |
| MICHAEL R. ANDERSON, individually ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANT ANDERSON'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO ADD ADDITIONAL EXHIBIT TO PLAINTIFF'S AMENDED EXHIBIT LIST**

COMES NOW Plaintiff, Monica Daniel Hutchison, by and through counsel, and in reply to Defendant Anderson's Suggestions in Opposition to Plaintiff's Motion for Leave to Add Additional Exhibit to Plaintiff's Amended Exhibit List, states as follows:

Defendant's argument incorrectly represents that Defendant Anderson "did not state that he obtained any documents from the court file" in question. However, he quite clearly testified in his deposition that "I *got* a copy of the petition *and some of the filings*." (Deposition of Anderson in Williams v. Anderson, pg. 107, lines 22-23).

Defendant's representation of the deposition testimony is inaccurate and Anderson did, in fact, obtain copies of documents from the court file, not limited to the petition itself. Thus, to the extent that Defendant's argument rests upon an assertion that he never actually obtained the documents or that he did not review anything other than the petition, that argument should be rejected.

1

With respect to the rest of Defendant's arguments, they go not to whether Plaintiff should be allowed to list the exhibit, in that they do not claim that this information was known to Plaintiff in time to have listed it in her original exhibit list. Instead, Defendant seeks to challenge the relevance of the evidence, an objection that could be raised once Plaintiff's exhibit list is amended.

Certainly any document in that file which Defendant Anderson reviewed, and he admittedly obtained and reviewed at least some, if not all, of the documents in the exhibit in addition to the petition, are as relevant as the petition, the admission of which Defendant does not oppose. Because Defendant Anderson's research into this file, by his own testimony, was not limited to the petition, Plaintiff's exhibit should not be so limited.

Respectfully Submitted,

STEELMAN, GAUNT & HORSEFIELD

By: /s/ Stephen F. Gaunt
MO Bar #33183
David L. Steelman, MO Bar #27334
901 Pine Street, Ste. 110
P.O. Box 1257
Rolla, MO 65402
Telephone: 573-341-8336
Fax: 573-341-8548
dsteelman@steelmanandgaunt.com
sgaunt@steelmanandgaunt.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I, Stephen F. Gaunt, hereby certify that on the 11th day of March, 2011, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Warren E. Harris
Taylor, Stafford, Clithero, Fitzgerald & Harris, LLP
3315 East Ridgeview, Ste. 1000
Springfield, MO 65804
Counsel for Defendant Michael Anderson

                                                   /s/   Stephen F. Gaunt
                                                       Stephen F. Gaunt

3

Case 6:09-cv-03018-RED   Document 305   Filed 03/11/11   Page 3 of 3