IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MONICA DANIEL HUTCHISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 09-3018-CV-S-RED |
| ) | |
| TEXAS COUNTY, MISSOURI, ) | |
| MICHAEL R. ANDERSON, ) | |
| TEXAS COUNTY PROSECUTING ) | |
| ATTORNEY, and ) | |
| MICHAEL R. ANDERSON, individually, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MICHAEL ANDERSON'S SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S RULING ON PLAINTIFF'S FIRST MOTION IN LIMINE**

COMES NOW Defendant Michael R. Anderson (hereinafter Anderson), by and through counsel, and for his Suggestions in Opposition to Plaintiff's Motion for Reconsideration of the Court's Ruling on Plaintiff's First Motion in Limine, states as follows:

As far as Defendant Anderson is concerned, there is nothing for the court to reconsider. As the court will recall, at the pre-trial conference the court was of the opinion that evidence of Plaintiff's reputation and specific conduct was relevant to her claim of damages. (Pre-trial conference transcript, P.21-23). Nothing has changed. Plaintiff is still claiming such damages in this case. Therefore, her reputation prior to the alleged conduct of Defendant Anderson is relevant. As the court will recall at the pre-trial conference, the court even expressed some reservations about its initial ruling limiting the scope of Plaintiff's deposition when the court prohibited Defendant's counsel from inquiring about activities before Plaintiff worked at the prosecutor's office beginning in January 2003. (Pre-

-1-

trial conference Transcript, P.23). The relevant question in this case for the jury will be what was Plaintiff's reputation before these alleged events occurred. Nothing that Plaintiff has cited in her motion changes that fact.

While the witness referred to in Plaintiff's Motion and Suggestions did change the time frame of the events in question, she by no means changed her testimony regarding the events actually occurring. She specifically testified there were two occasions when Plaintiff engaged in multiple partner sexual relations. The timing of these incidents is really of no consequence. Further, while the witness referred to in Plaintiff's Motion and Suggestions stated she did not inform Defendant of these activities until recently, she did testify that other people were aware of it. Therefore, it is possible that others informed Defendant about these activities.

In addition, Plaintiff's attorney fails to include in his motion additional evidence that was developed from another witness who was deposed in the *Williams* case. Defendant Anderson is not going to state the name of this witness in this document in order to protect the privacy of the witness in accordance with the court's previous rulings on protective orders. However, Defendant Anderson will provide the substance of this person's testimony. This person testified under oath that Plaintiff was observed performing oral sex on a member of law enforcement in Defendant Anderson's office on one occasion. This person also testified that she observed a law enforcement officer kissing Plaintiff's exposed breast in the prosecutor's office on another occasion. Therefore, there is evidence of actual sexual conduct on the part of the Plaintiff in the prosecuting attorney's office.

Defendant Anderson will not belabor this point any further, nor will he advance all of the previous arguments made in opposition to Plaintiff's First Motion in Limine. Plaintiff

has chosen to put her reputation at issue, and claim that the conduct of Defendant caused psychological injury to her and injury to her reputation. Therefore the jury is entitled to hear evidence regarding her reputation prior to the alleged action of Defendant Anderson. The court should not reverse its previous ruling.

**TAYLOR, STAFFORD, CLITHERO, FITZGERALD & HARRIS, LLP**

By /s/ Warren E. Harris
Warren E. Harris
Missouri Bar No. 40372
wharris@taylorstafford.com
3315 E. Ridgeview, Suite 1000
Springfield, MO 65804
Tel: 417-887-2020
Fax: 417-887-8431
**COUNSEL FOR DEFENDANT ANDERSON**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of March, 2011, the foregoing *Defendant Michael Anderson's Suggestions in Opposition to the Plaintiff's Motion for Reconsideration of the Court's Ruling on Plaintiff's First Motion in Limine* was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Plaintiff, David L. Steelman and Corey L. Franklin.

/s/ Warren E. Harris
Warren E. Harris