**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MONICA DANIEL HUTCHISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09-3018-CV-S-RED** |
| | ) | |
| **TEXAS COUNTY, MISSOURI,** *et al*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>ORDER</u>**

Before the Court is Michael R. Anderson's ("Defendant") Motion for Leave to File an Amended Answer (Doc. 287). Defendant seeks to amend his Answer to add a statute of limitations as an affirmative defense. The statute of limitations at issue is pursuant to Mo. Rev. Stat. § 516.130, which applies to actions brought against officials for acts undertaken in the official's official capacity. Defendant seeks to amend his Answer because he alleges the parties filed a joint stipulation of uncontroverted facts on November 29, 2010, stating that Defendant was acting as the Texas County Prosecuting Attorney when he obtained a subpoena to collect a copy of voicemails he left Plaintiff. The act of Defendant obtaining the subpoena is one of the grounds for Plaintiff's abuse of process claim. After a review of the parties' briefing on this issue and the record in this case, the Court denies Anderson's Motion.

First, the Court notes that Defendant has consistently argued he is entitled to immunity for his act of obtaining the subpoena and therefore, his position has always been that he was acting as the Texas County Prosecuting Attorney. As such, because Defendant did not raise the statute of limitations as an affirmative defense when he filed his original Answer on June 26, 2009, he waived the right to assert this affirmative defense. *See Reynolds v. Carter Cnty.*, 323 S.W.3d 447, 452 (Mo.

Ct. App. 2010). Defendant has given no reason why he has not waived this defense. Furthermore, the Court requires a party to show good cause when that party seeks to amend a pleading "substantially out of time" of the Court's scheduling order. *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999). Good cause is the moving party's diligence in trying to meet the scheduling order's deadlines. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). As Defendant's position has not changed and the Court's scheduling order[1] required all motions to amend the pleadings to be filed by September 11, 2009, the Court finds there is not good cause to allow Defendant to amend his Answer. The Motion for Leave to File an Amended Answer (Doc. 287) is **DENIED.**

Also before the Court is Plaintiff Monica Daniel Hutchison's ("Plaintiff") Motion to Amend Joint Stipulation of Uncontroverted Facts (Doc. 290). Plaintiff seeks to file an amended joint stipulation of uncontroverted facts seeking to modify the stipulation of the fact that was at issue in Defendant's motion to amend his Answer. The Amendment would reflect that Defendant was purporting to act as Texas County Prosecuting Attorney when he obtained the subpoena. The Court notes that parties were asked to file a joint stipulation of any uncontroverted facts pursuant to the scheduling order. Now it appears the parties no longer agree on the joint stipulation of unctroverted facts. Based on all the circumstances in this case and the Court's previous rulings, the Court will **GRANT** the Motion to Amend Joint Stipulation of Uncontroverted Facts (Doc. 290) and will allow the previously filed Joint Stipulation of Uncontroverted Facts (Doc. 249) to be withdrawn. The parties shall file an Amended Joint Stipulation of Uncontroverted Facts (or a joint statement indicating no facts can be agreed upon) on or before March 25, 2011.

---

[1] Scheduling and Jury Trial Order (Doc. 42).

2

Also before the Court is Plaintiff's Motion for Leave to Add Additional Exhibit to Plaintiff's Amended Exhibit List (Doc. 294). The Court notes that it is not ruling on the admissibility of the exhibits referenced in Plaintiff's Motion. The Court further notes that Defendant has not expressed any surprise by the exhibits referenced that Plaintiff now seeks to add to her exhibit list. Therefore, the Court will allow Plaintiff to add the referenced exhibit to her exhibit list. The Motion for Leave to Add Additional Exhibit to Plaintiff's Amended Exhibit List (Doc. 294) is **GRANTED**. Plaintiff's amended exhibit list must be filed on or before March 24, 2011.

Finally, before the Court is Plaintiff's Motion for Reconsideration of Court's Ruling on Plaintiff's First Motion in Limine (Doc. 301). The subject of the Motion is that a witness in this case, Stephanie Creek Pounds, provided sworn testimony at a second deposition that may undermine the deposition testimony Stephanie originally provided in this case. This is simply a case of two sworn testimonies where any inconsistencies go to the weight of the testimony. The Court finds no reason to change its original ruling denying Plaintiff's First Motion in Limine (Doc. 228) with respect to testimony concerning Plaintiff's sexual conduct, sexual history and personal sex life. Plaintiff's Motion for Reconsideration of Court's Ruling on Plaintiff's First Motion in Limine (Doc. 301) is **DENIED.**

**IT IS SO ORDERED**.

DATED:         March 21, 2011                    _____*/s/ Richard E. Dorr*_____
                                                RICHARD E. DORR, JUDGE
                                                UNITED STATES DISTRICT COURT

3