IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **MONICA DANIEL HUTCHISON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No.: 09-3018-CV-S-RED |
| vs. ) | |
| ) | **Jury Trial Demanded** |
| **TEXAS COUNTY, MISSOURI;** ) | |
| **MICHAEL R. ANDERSON,** ) | |
| **TEXAS COUNTY PROSECUTING** ) | |
| **ATTORNEY; and** ) | |
| **MICHAEL R. ANDERSON, individually** ) | |
| ) | |
| **Defendants.** ) | |

**SUGGESTIONS IN OPPOSITION TO
DEFENDANT ANDERSON'S MOTION TO AMEND LIST OF WITNESSES**

COMES NOW Plaintiff, Monica Daniel Hutchison, by and through counsel, and for her Suggestions in Opposition to Defendant Michael Anderson's Motion to Amend List of Witnesses states as follows:

Defendant Anderson now seeks to add Sid Pearson as witness. Anderson concedes that Mr. Pearson did not appear on his list of witnesses he filed pursuant to paragraph 12 of this Court's Scheduling and Jury Trial Order. Under that order, "no supplemental or amended list will be filed without leave of court and for good cause." Defendant has totally failed to establish any good cause for leaving Mr. Pearson off his witness list filed on November 24, 2010, or for waiting till March 15, 2011 to attempt to add him.

It is true that Anderson, in his Second Supplemental Rule 26(a) Disclosures, listed Mr. Pearson as a potential witness. However, the Rule 26(a) Disclosures and this Court's order to file a list of witnesses who may be called at trial serve two different purposes. If appearing on the Rule 26(a) Disclosure was sufficient, then a party could simply call anyone they wanted at trial that they

1

had previously listed based on a claim of "inadvertently" leaving them off the trial witness list. Plaintiff has relied on Defendant's trial witness list, and not his earlier disclosures, in preparing for trial.

Furthermore, a review of the disclosures reveals that this witness has no admissible evidence to offer in this case. The disclosure states that Mr. Pearson may have discoverable information "regarding Michael Anderson's decision to take disciplinary action against Monica Daniel Hutchison and the basis for that decision." However, any such information Mr. Pearson may have is obviously hearsay, as he could not have any personal knowledge unless he could read Mr. Anderson's mind.

Finally, this evidence will be cumulative to that of another witness who was named in Anderson's list of witnesses: Tom Cline, Ozark County Prosecuting Attorney, who was disclosed as having the same type of discoverable information "regarding Michael Anderson's decision to take disciplinary action against Monica Daniel Hutchison and the basis for that decision."

Thus, granting Defendant's motion will simply add another witness to the list cumulative of a witness already listed, neither of whom would appear to have admissible evidence to present, but could testify only to hearsay.

Respectfully Submitted,

STEELMAN, GAUNT & HORSEFIELD

By: /s/ Stephen F. Gaunt
MO Bar #33183
David L. Steelman   MO Bar #27334
901 Pine Street, Ste. 110
P.O. Box 1257
Rolla, MO  65402
Telephone:  573-341-8336
Fax:  573-341-8548
sgaunt@steelmanandgaunt.com
dsteelman@steelmanandgaunt.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Stephen F. Gaunt, hereby certify that on the 22nd day of March, 2011 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Defendant, Warren E. Harris.

Warren E. Harris
Taylor, Stafford, Clithero, Fitzgerald & Harris, LLP
3315 East Ridgeview, Ste. 1000
Springfield, MO  65804
Counsel for Defendant Michael Anderson

/s/ Stephen F. Gaunt
Stephen F. Gaunt