IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MONICA DANIEL HUTCHISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TEXAS COUNTY, MISSOURI, )<br>MICHAEL R. ANDERSON, )<br>TEXAS COUNTY PROSECUTING )<br>ATTORNEY, and )<br>MICHAEL R. ANDERSON, individually, )<br>)<br>Defendants. ) | Case No.: 09-3018-CV-S-RED |

### SUGGESTIONS IN SUPPORT OF DEFENDANT MICHAEL R. ANDERSON'S MOTION FOR RECONSIDERATION OF ANDERSON'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER

COMES NOW Defendant Michael R. Anderson, by and through counsel, and for his Suggestions in Support of his Motion for Reconsideration states as follows:

### Statute of Limitations Defense Not Waived

In the court's order denying Anderson's Motion for Leave to File an Amended Answer (Doc. No. 320), the court stated that because Anderson did not raise the statute of limitations as an affirmative defense when he filed his original answer on June 26, 2009, Anderson waived the right to assert this affirmative defense. The court cited to ***Reynolds v. Carter County*, 323 SW3d 447 (Mo.App. S.D. 2010)**. However, ***Reynolds*** does not stand for the proposition that the failure to raise an affirmative defense in an original answer waives the right to assert an affirmative defense. What ***Reynolds*** actually states is that the statute of limitations for affirmative defense must be asserted by the time the case is decided. ***Reynolds*, 323 SW3d at 453**.

-1-

In ***Reynolds***, the parties underwent a bench trial during which they submitted a joint stipulation of facts and written suggestions. **Id. at 449**. The court entered a judgment in favor of the plaintiff but then later granted a new trial. **Id. at 449, 450**. The plaintiff appealed. On appeal, the defendant argued that the trial court had properly granted a new trial as the trial court had been without subject matter jurisdiction due to the running of the statute of limitations. **Id. at 451**. The court rejected this argument, and in doing so set forth several general statements of the law. First, ***Reynolds*** states that the affirmative defense of statute of limitations is not related to subject matter jurisdiction and can be waived. **Id. at 452**. Second, the defense is waived if a defendant does not raise the issue prior to a decision being entered in the case. **Id. at 453**. The court noted that the defendant had presented no evidence in support of the statute of limitations defense at trial. **Id. at 452, 453**. The court specifically held that, even if the trial court had stated that it was granting the motion for a new trial due to the statute of limitations, the decision would still be reversed as the defendant had presented no evidence regarding the statute of limitations at trial. **Id. at 452**. As such, because the defendant had failed to present such evidence at trial (and not because the defendant had not raised the statute of limitations in his initial answer), the statute of limitations defense was waived. **Id. at 453**.

The case at bar is clearly distinguishable from ***Reynolds***. Anderson seeks leave to amend his answer to assert the affirmative defense before trial. Both Missouri courts and the Eighth Circuit have held that the defense of statute of limitations is not waived because it is not immediately asserted by a defendant in his initial answer so long as it is asserted in an amended pleading. ***Caldwell v. Lester E. Cox Medical Centers South,***

***Inc.*, 943 SW2d 5, 10 (Mo.App. S.D. 1997)**; ***Groninger v. Davison*, 364 F.2d 638, 640 (8ᵗʰ Cir. 1966)**. In fact, Federal Rule of Civil Procedure 12(h)(1) provides that only the defenses of lack of personal jurisdiction, improper venue, insufficient process and insufficient service of process are waived by a failure to include such defense in the initial answer or in a prior motion to dismiss. However, under Rule 12(h)(2), all other defenses can be raised in an answer, an amended answer or even at trial. Missouri Rule of Civil Procedure 55.27(g) is in accord.

In ***Rose v. City of Riverside, 827 S.W.2d 737 (Mo.App. W.D. 1992)***, a defendant did not raise a statute of limitations defense in its initial answer. However, it did raise it in its motion for summary judgment. ***Rose, 827 S.W.2d at 739***. On appeal, the plaintiff claimed that the defendant had waived the defense by failing to raise it in its answer. ***Id.*** The ***Rose*** court rejected this argument. It held that because the defendant would have been able to raise the defense in an amended answer and that it would be an abuse of discretion for the trial court not to allow the amendment, then it made no difference that the defense was first asserted in the motion for summary judgment. ***Id. at 739***.

As the above cases demonstrate, Anderson did not waive the statute of limitations defense by not including it in his original answer.

## Good Cause Exists

Initially, it is worth noting, in her Suggestions in Opposition to Anderson's Motion for Leave to File an Amended Answer, Hutchison never raised the issue that the good cause standard under Rule 16(b) was the proper standard for determining whether Anderson may amend his answer. Second, Anderson has acted diligently to attempt to meet the Court's

-3-

scheduling order. Unlike in ***Bradford v. DANA Corp., 249 F.3d 807 (8th Cir. 2001)***, wherein the plaintiff effectively ignored all of the court's scheduling order, Anderson has acted with diligence in attempting to comply with this court's scheduling order. Other than his current request for leave to file an amended answer and his motion to add a witness to the witness list, Anderson has complied with and met every timeline set forth in the scheduling order. Anderson's Motion for Leave to File an Amended Answer does not represent Anderson's regular course of conduct in this lawsuit, but is rather an anomaly.[1] As Anderson set forth in his Reply Suggestions (Doc. No. 304), on several separate occasions, the Plaintiff has requested leave to modify the trial court's scheduling order and the trial court has granted those requests.

The existence of prejudice to the opposing party may also factor in as to whether or not a party should be allowed to file an amended pleading. ***Id. at 809***. Anderson submits that Hutchison will not be prejudiced in any manner by the allowance of the amendment. No additional or different discovery need be conducted. No additional witnesses will need to be investigated.

The timeline in this case is pertinent to the good cause analysis. Anderson would point out to the court that, in her second amended complaint, Hutchison added additional

---

[1] Anderson did previously request an extension of time to name his expert witness and to disclose the expert witness report. However, this was due to Hutchison having requested and received an extension of time to name her expert witnesses, and then Hutchison's subsequent refusal to even provide available dates for an examination until the court had ruled on the scope of the examination. Additionally, Anderson currently has pending a motion to add a witness to his witness list who, although included in his Rule 26 disclosures, was inadvertently left off the initial witness list.

-4-

language into the abuse of process claim that was not present in the original complaint. Specifically, paragraph number 8 changed in the following regard:

8. Defendant Michael R. Anderson obtained said subpoena through false pretenses and deceit. (Original complaint, doc. 1, pg. 16).

8. Defendant Michael R. Anderson, *as Texas County Prosecuting attorney* obtained said subpoena through false statements, false pretenses and deceit. (2nd Amended Complaint, doc. 53, pg. 18) (emphasis added).

As the above demonstrates, Hutchison changed her abuse of process claim so as to make explicitly clear that Anderson, as the prosecuting attorney, had obtained the subpoena. However, prior to Anderson filing an answer to Hutchison's second amended complaint, the court dismissed the abuse of process claim against Anderson in his official capacity. (Doc. 118). Therefore, because all of the state law tort claims against Anderson in his official capacity were dismissed, there was no reason for Anderson to raise the statute of limitations defense contained in §516.130.

## **Different Standards for Absolute Immunity and §516.130**

In its order denying Anderson leave to amend, the court also noted that Anderson has consistently argued that he is entitled to immunity for his act of obtaining the subpoena. However, Anderson would submit that the standard applicable to immunity and the standard applicable to the three-year statute of limitations under §516.130, RSMo. are not the same. Even Hutchison agrees on this point. See Doc. No. 297, pp. 4-5. Under §516.130, Anderson would have had to have been acting "in his official capacity *and* in virtue of his office . . ." (Emphasis added). Conversely, a prosecutor in Missouri only needs

-5-

Case 6:09-cv-03018-RED   Document 324   Filed 03/22/11   Page 5 of 8

language into the abuse of process claim that was not present in the original complaint. Specifically, paragraph number 8 changed in the following regard:

8. Defendant Michael R. Anderson obtained said subpoena through false pretenses and deceit. (Original complaint, doc. 1, pg. 16).

8. Defendant Michael R. Anderson, *as Texas County Prosecuting attorney* obtained said subpoena through false statements, false pretenses and deceit. (2nd Amended Complaint, doc. 53, pg. 18) (emphasis added).

As the above demonstrates, Hutchison changed her abuse of process claim so as to make explicitly clear that Anderson, as the prosecuting attorney, had obtained the subpoena. However, prior to Anderson filing an answer to Hutchison's second amended complaint, the court dismissed the abuse of process claim against Anderson in his official capacity. (Doc. 118). Therefore, because all of the state law tort claims against Anderson in his official capacity were dismissed, there was no reason for Anderson to raise the statute of limitations defense contained in §516.130.

## **Different Standards for Absolute Immunity and §516.130**

In its order denying Anderson leave to amend, the court also noted that Anderson has consistently argued that he is entitled to immunity for his act of obtaining the subpoena. However, Anderson would submit that the standard applicable to immunity and the standard applicable to the three-year statute of limitations under §516.130, RSMo. are not the same. Even Hutchison agrees on this point. See Doc. No. 297, pp. 4-5. Under §516.130, Anderson would have had to have been acting "in his official capacity *and* in virtue of his office . . ." (Emphasis added). Conversely, a prosecutor in Missouri only needs

to be engaging in prosecutorial functions that are associated with the judicial process in order to be entitled to absolute immunity. **Shaw v. City of St. Louis, 664 SW2d 572, 576 (Mo.App. E.D. 1983)**. Therefore, the fact that Anderson has consistently asserted that he is absolutely immune for his act of obtaining the subpoena should not be used against Anderson in regard to his request for leave to amend his answer.

Hutchison has consistently argued that Anderson acted improperly when he sought the subpoena. See Doc. 297, pg 5. That issue may be relevant to the determination of whether §516.130's limitation period applies, but it is not necessarily pertinent to the absolute immunity analysis. For example, in **Burns v. Reed, 500 U.S. 478, 489-90 (1991)**, the Supreme Court noted that prosecutors are immune from damages liability for "making false or defamatory statements in judicial proceedings (at least so long as the statements were related to the proceeding) and also for eliciting false and defamatory testimony from witnesses." Thus, the immunity analysis is not whether Anderson was acting properly, but instead on whether the act was "intimately associated with the judicial phase of the criminal process." **Burns, 500 U.S. at 492 (quoting Imbler v. Pachtman, 424 U.S. 409, 431 (1976)**.

Thus, this court's ruling on Anderson's motion for summary judgment shifted the focus from whether Anderson's actions in seeking the subpoena were "intimately associated with the judicial phase of the criminal process' to whether or not Anderson was properly acting within the course and scope of his duties as prosecutor. (Doc. No. 257, pp. 16-17) Shortly after that order was issued, Anderson filed his Notice of Appeal. The appeal was eventually dismissed. Within a week and a half of this court entering its order

lifting the prior stay it had placed on this action, Anderson sought leave to amend his answer. Therefore, this court has had jurisdiction over this matter for a mere two to three weeks between the time when Anderson became aware of this new issue and when Anderson filed his motion for leave to amend. As such, Anderson submits that he has diligently attempted to comply with the scheduling order and that good cause does exist for the amendment of his answer.

WHEREFORE, Defendant Michael R. Anderson respectfully requests that the court reconsider its order denying Anderson's Motion for Leave to File an Amended Answer and for such other and further relief as the court deems just in the premises.

**TAYLOR, STAFFORD, CLITHERO, FITZGERALD & HARRIS, LLP**

By  /s/Warren E. Harris
    Warren E. Harris
    Missouri Bar No. 40372
    wharris@taylorstafford.com

By  /s/Lance A. Roskens
    Lance A. Roskens
    Missouri Bar No. 59408
    lroskens@taylorstafford.com
    3315 E. Ridgeview, Suite 1000
    Springfield, MO 65804
    Tel: 417-887-2020
    Fax: 417-887-8431
    **COUNSEL FOR DEFENDANT ANDERSON**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 22nd day of March, 2011, the foregoing *Suggestions in Support of Defendant Michael R. Anderson's Motion for Reconsideration of Anderson's Motion for Leave to File an Amended Answer* was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Plaintiff, David L. Steelman and counsel for Defendant Texas County, Corey L. Franklin.

                                              /s/ Lance A. Roskens
                                              Lance A. Roskens