IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MONICA DANIEL HUTCHISON,     )
      )
     Plaintiff,     )
      )
     v.     )     Case No.: 09-3018-CV-S-RED
      )
TEXAS COUNTY, MISSOURI,     )
MICHAEL R. ANDERSON,     )
TEXAS COUNTY PROSECUTING     )
ATTORNEY, and     )
MICHAEL R. ANDERSON, individually,     )
      )
     Defendants.     )

## DEFENDANT MICHAEL ANDERSON'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE TWO ADDITIONAL EXHIBITS

COMES NOW Defendant Michael R. Anderson, by and through counsel, and for his response to Plaintiff's motion for leave to file two additional exhibits states as follows:

The documents which Plaintiff has marked as Exhibits 76 and 77 are TAS reports from the Missouri Highway Patrol related to Dustin James and Devin James. These documents list their history of citations received from law enforcement.

As the court will recall from the pre-trial conference, Defendant Anderson filed a motion in limine to prohibit Plaintiff from introducing evidence regarding Debbie James' claim that Defendant Anderson used his prosecutorial discretion with regard to citations received by Dustin James and Devin James on the same day in an attempt to exert some type of influence or intimidation over their mother, Debbie James, the county assessor of Texas County, Missouri. (Pre-trial Conference transcript, Pg.18-21).

-1-

At the time of the pre-trial conference, Defendant Anderson was in the process of securing Exhibits 76 and 77 from the Missouri Highway Patrol and producing files of the office of the Texas County prosecuting attorney regarding prosecutions of Dustin James and Devin James. The court ultimately ruled that if the documents demonstrated that the tickets were prosecuted by Defendant Anderson the evidence would be inadmissible and sustained the motion in limine.

Defendant Anderson has produced these documents to Plaintiff, along with copies of files of prosecutions the Texas County prosecuting attorney instituted against Dustin James and Devin James, as well as a prosecution he instituted against Debbie James.

Debbie James testified in her deposition beginning at Page 21 that Defendant Anderson saw Ms. James get into Mildred Williams' vehicle to go to lunch on a Thursday. She claims the next morning she was pulled over by Highway Patrolman, George Falterman, who said she was speeding. She then claims that on the day after she was pulled over by Trooper Falterman, her oldest son, Dustin James, was pulled over by Trooper Falterman and given a ticket for tinted windows and no proof of insurance and no seatbelt. Dustin James claimed he had insurance. However, Trooper Falterman allegedly said "just go talk to your prosecutor". Then, an hour or two later, her other son, Devin James, was sitting at Sonic eating lunch and Trooper Falterman pulled into Sonic and requested proof of insurance. When Devin James could not produce proof of insurance, he was issued a ticket. Ms. James goes on to testify that both of her sons got together and went to see the prosecutor and he took them back in his office, took the tickets, tore them up and said "this is what I can do for you and your family. Go back and tell your mom."

-2-

The documents which Defendant Anderson has produced demonstrate that Ms. James' testimony is not correct. The documents demonstrate that on February 25, 2006 Trooper Falterman did issue a ticket to Devin James for no proof of insurance, and that ticket was not prosecuted. However, Defendant Anderson in April 2006 filed charges of domestic assault and resisting arrest against Devin James and sought the appointment of a special prosecutor. Further, in November 2006, Defendant Anderson filed charges for leaving the scene of an accident and careless and imprudent driving against Devin James and sought the appointment of a special prosecutor.

With regard to Dustin James, he received three tickets from Trooper Falterman on February 25, 2006. One for vision reducing material, the second for failure to wear a safety belt and the third for no financial responsibility. However, contrary to Ms. James' testimony, charges were filed with regard to the vision reducing material ticket in the Circuit Court of Texas County, Associate Division and the charge was not dismissed until November 3, 2008. The records also demonstrate that Dustin James received a ticket from the Missouri State Highway Patrol for failure to display his license plates on May 28, 2006 and that ticket was forwarded to the Missouri Fine Collection Center for processing and Mr. James pleaded guilty.

To further undermine Debbie James' testimony, in November 2006 Defendant Anderson filed criminal charges against Debbie James for third degree assault arising out of an incident when she allegedly struck her son's girlfriend, Jessica Hayes, and Defendant Anderson sought the appointment of a special prosecutor.

Thus, the records actually reveal that charges were filed against Dustin James for one of the tickets issued by Trooper Falterman on February 25, 2006 and that Defendant

-3-

Anderson subsequently filed criminal charges against Devin James and Debbie James. Further, the dates demonstrate that the incident between Trooper Falterman, Devin James and Dustin James occurred before Defendant Anderson had ever confronted Ms. James in her office.

For these reasons, Defendant Anderson does not believe that the court should reverse its ruling on the motion in limine.

Defendant Anderson did mark his files and the reports from the Highway Patrol as Exhibits 248 and 249 in the event the court did reverse its ruling on the motion in limine and Exhibits 76 and 77 are parts of those documents.

Therefore, Defendant Anderson opposes the introduction of any of this evidence because it is unsupported and a collateral matter, and Defendant Anderson believes the court should reaffirm its ruling on the motion in limine. However, if the court would choose to reverse its ruling on the motion in limine, Defendant Anderson will need to produce Exhibits 248 and 249 at trial, and would not oppose the Plaintiff using Exhibits 76 and 77.

**TAYLOR, STAFFORD, CLITHERO,
FITZGERALD & HARRIS, LLP**

By   /s/ Warren E. Harris
       Warren E. Harris
       Missouri Bar No. 40372
       wharris@taylorstafford.com
       3315 E. Ridgeview, Suite 1000
       Springfield, MO 65804
       Tel: 417-887-2020
       Fax: 417-887-8431
       **COUNSEL FOR DEFENDANT
       ANDERSON**

-4-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of March, 2011, the foregoing *Defendant Michael Anderson's Response to Plaintiff's Motion for Leave to File Two Additional Exhibits* was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Plaintiff, David L. Steelman and Corey L. Franklin.

/s/ Warren E. Harris
Warren E. Harris