IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MONICA DANIEL HUTCHISON, )
)
    Plaintiff, )
)
v. ) Case No.: 09-3018-CV-S-RED
)
TEXAS COUNTY, MISSOURI, )
MICHAEL R. ANDERSON, )
TEXAS COUNTY PROSECUTING )
ATTORNEY, and )
MICHAEL R. ANDERSON, individually, )
)
    Defendants. )

### DEFENDANT MICHAEL ANDERSON'S REPLY TO PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT ANDERSON'S MOTION TO AMEND LIST OF WITNESSES

COMES NOW Defendant Michael R. Anderson, by and through counsel, and for his reply to Plaintiff's suggestions in opposition to Defendant Anderson's motion to amend list of witnesses states as follows:

Defendant Anderson cannot explain why Mr. Pearson's name was not contained on the original list. Counsel for Defendant Anderson learned that Mr. Pearson's name was not on the witness list when reviewing the witness list with Defendant Anderson. Counsel for Defendant Anderson thought Mr. Pearson had been listed as a witness when the witness list was filed on November 24, 2010. Upon discovering that Mr. Pearson's name was omitted from the witness list, counsel for Defendant Anderson filed the motion to amend the witness list.

Plaintiff readily acknowledges that Plaintiff was aware of Mr. Pearson by virtue of Defendant's second supplemental Rule 26(a) disclosures. However, Plaintiff still argues

-1-

that the witness should be excluded. The only argument given for not allowing the witness to testify is Plaintiff's counsel would have to prepare for an additional witness.

It appears as though Plaintiff has forgotten this court previously allowed Plaintiff on her witness list to disclose witnesses which had never previously been listed on Plaintiff's Rule 26 disclosures. Among those witnesses were Devin James, Dustin James and Sherrie James. The court allowed these witnesses because Defendant was either aware of them through discovery, or should have been aware of them through investigation.

Plaintiff clearly demonstrates they were aware of Mr. Pearson and, by their suggestions in opposition, demonstrate to the court that they have a pretty good idea of what Mr. Pearson is going to say.

Mr. Pearson is a member of the Missouri Bar and is a former prosecutor of Crawford County, Missouri, and has recently been appointed as prosecuting attorney of Dent County, Missouri. In general, Mr. Pearson will testify that Defendant Anderson contacted him regarding activity Defendant Anderson had discovered by an employee in his office and sought Mr. Pearson's opinion as to what Defendant Anderson should do. This testimony is highly relevant to refute Plaintiff's claim that Defendant Anderson terminated Plaintiff because of complaints of sexual harassment.

In **Dabney v. Montgomery Ward & Co., Inc., 692 F2d 49 (8th Cir., 1982)**, the Eighth Circuit dealt with the issue of the disclosure of a newly discovered witness shortly before trial. The court noted that a district court may exclude from evidence at trial any matter which was not properly disclosed in compliance with the court's pre-trial order, and such a ruling will be reversed on appeal only for abuse of discretion. **Id. at 51**. However,

the court went on to say that a trial court should not adhere blindly to the letter of the order no matter what the reason for a party's non-compliance. *Id. at 53*.

This is not merely some trial tactic to spring a surprise witness on the Plaintiff. Plaintiff has known that such testimony from at least one witness would be presented at trial since November 24, 2010, and has known of Mr. Pearson since Defendant Anderson filed his supplemental Rule 26 disclosures. Plaintiff has not demonstrated any prejudice that would occur to her if the court grants this motion.

As to Plaintiff's substantive evidentiary arguments to the admission of such testimony, Defendant would state that such testimony is admissible under Federal Rule of Evidence 803(1) Present sense impression and/or Federal Rule of Evidence 803(3) Then existing mental, emotional, or physical condition in that such testimony goes to Defendant Anderson's state of mind in dealing with Plaintiff in December 2005. Further, the testimony would also be admissible under Federal Rule of Evidence 807, the residual exception in that Mr. Pearson is a licensed member of the Missouri Bar and an officer of the court. Therefore, he has a circumstantial guarantee of trustworthiness.

As to Plaintiff's claim that the evidence is cumulative, the testimony of Mr. Pearson would demonstrate that Defendant Anderson sought not one, but two opinions, and each witness will offer his own perspective of Defendant Anderson's state of mind.

For these reasons, Defendant Anderson would request the court to grant leave to Defendant Anderson to amend his witness list and list Mr. Pearson as a witness.

**TAYLOR, STAFFORD, CLITHERO,  
FITZGERALD & HARRIS, LLP**

By    /s/ Warren E. Harris

-3-

Case 6:09-cv-03018-RED   Document 329   Filed 03/22/11   Page 3 of 4

Warren E. Harris
Missouri Bar No. 40372
wharris@taylorstafford.com
3315 E. Ridgeview, Suite 1000
Springfield, MO 65804
Tel: 417-887-2020
Fax: 417-887-8431
**COUNSEL FOR DEFENDANT ANDERSON**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of March, 2011, the foregoing *Defendant Michael Anderson's Reply to Plaintiff's Suggestions in Opposition to Defendant Anderson's Motion to Amend List of Witnesses* was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Plaintiff, David L. Steelman and Corey L. Franklin.

/s/ Warren E. Harris
Warren E. Harris