| | | |
|---|---|---|
| **MONICA DANIEL HUTCHISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.:  09-3018-CV-S-RED** |
| **vs.** | ) | |
| | ) | **Jury Trial Demanded** |
| **TEXAS COUNTY, MISSOURI;** | ) | |
| **MICHAEL R. ANDERSON,** | ) | |
| **TEXAS COUNTY PROSECUTING** | ) | |
| **ATTORNEY; and** | ) | |
| **MICHAEL R. ANDERSON, individually** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED INSTRUCTIONS**

COMES NOW Plaintiff, by and through counsel, and for her objections to Defendant

Michael R. Anderson's Proposed Jury Instructions and states as follows:

For clarity and ease of reference, Plaintiff will refer to Defendant's Proposed Jury

Instructions, submitted as document 309, by page number of that filing.

Instruction at p. 2:    Plaintiff objects to the Instruction at p. 2 because it is not supported

and will not be supported by the evidence, and because this Court has already concluded that Mr.

Anderson abandoned his 2006 lawsuit and it had therefore terminated in Plaintiff's favor.  (Order on

Defendant Anderson's Motion for Summary Judgment, document 257, pp. 13-15).

Instruction at p. 3:    Plaintiff objects to this instruction as it misstates the law as to when

Defendant abandoned his lawsuit against Plaintiff.  Defendant dismissed his lawsuit without

prejudice, which does not constitute abandonment.  *Doyle v. Crane*, 200 S.W.3d 581, 589 (Mo. App.

2006).  As this Court has already determined, however, he did subsequently abandon it by not re-

filing his claim within the time permitted by Missouri law.  *Arana v. Reed*, 793 S.W.2d 224, 226

1

(Mo. App. 1990). This Court held "Anderson will be considered to have abandoned his lawsuit *no earlier than July 10, 2007* and no later than May 31, 2008." (Order on Defendant Anderson's Motion to Dismiss, document 16, p. 9). Thus, this instruction seeks to submit a statute of limitations defense this Court has already, and correctly, rejected.

Instruction at p. 4: Plaintiff objects to this instruction in that it attempts to assert a statute of limitations defense which has not been pled, and this Court has denied Defendant leave to amend his answer to include this statute of limitations defense. (Doc. 320). For the reasons stated in Plaintiff's Suggestions in Opposition to Defendant's Motion for Leave to Amend his pleading, and in light of this Court's ruling, Plaintiff objects to Defendant's Proposed Instruction at p. 4.

Instruction at p. 5: Plaintiff objections to this instruction, which appears to attempt to assert an absolute immunity defense which is contrary to the law and has already been rejected by this Court on more than one occasion. Furthermore, this instruction is unsupported by the law and facts, and Defendant Anderson is not entitled to a verdict on the abuse of process claim simply because a jury might determine he was acting in his capacity as the Texas County Prosecuting Attorney when he sought the criminal investigative subpoena. For the reasons stated in Plaintiff's Suggestions in Opposition to Defendant Anderson's Motion for Summary Judgment, Doc. 201, p. 54, and Plaintiff's Suggestions in Opposition to Defendant Anderson's Motion for Reconsideration of Order Denying in Part Defendant's Motion for Summary Judgment, Doc. 264, pp. 1-4, this instruction should be rejected and does not correctly reflect the applicable law.

Instruction at p. 6: Plaintiff objects to Defendant's Proposed Instruction at p. 6 which is in the form of an interrogatory to the jury. For reasons stated in briefing previously submitted in this case, there is no determinative legal significance to whether Mr. Anderson was "acting as the Texas County Prosecutor when he sought the criminal investigative subpoena" as he has no valid immunity

defense and because that question does not determine whether or not he was acting properly and legitimately, or whether he was engaged in an abuse of process, or using the process for an objective not legitimate in the proper employment of such process. (See Plaintiff's Proposed Abuse of Process Verdict Director, document 312, p. 18). The abuse of process verdict director does not require a finding that Mr. Anderson was acting as Texas County Prosecuting Attorney, his acting as Texas County Prosecutor does not negate any element of the claim, and this interrogatory instruction is irrelevant to a determination of issues in this case.

Instruction at p. 7:    Plaintiff has no objection to the instruction at p. 7 as a converse to the punitive damages instruction on Plaintiff's state law claims, M.A.I. 10.01. However, it does not accurately converse the punitive damages instruction on Plaintiff's federal claims.

Pages 8 – 14 appear to be the same instructions without annotation or sources, and Plaintiff incorporates her objections previously made to those instructions.


            Respectfully Submitted,

            STEELMAN, GAUNT & HORSEFIELD


By:   /s/    Stephen F. Gaunt
       MO Bar #33183
       David L. Steelman, MO Bar #27334
       901 Pine Street, Ste. 110
       P.O. Box 1257
       Rolla, MO  65402
       Telephone:  573-341-8336
       Fax:  573-341-8548
       dsteelman@steelmanandgaunt.com
       sgaunt@steelmanandgaunt.com

       ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

       I, Stephen F. Gaunt, hereby certify that on the 23rd of March, 2011 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Warren E. Harris
Taylor, Stafford, Clithero, Fitzgerald & Harris, LLP
3315 East Ridgeview, Ste. 1000
Springfield, MO 65804
Counsel for Defendant Michael Anderson

                                              /s/   Stephen F. Gaunt
                                                 Stephen F. Gaunt