# UNITED STATES DISTRICT COURT

for the WESTERN DISTRICT OF MISSOURI

MONICA DANIEL HUTCHISON )
)
)
v. ) Case No.: 09-3018-CV-S-RED
)
MICHAEL R. ANDERSON )
)

## BILL OF COSTS

Judgment having been entered in the above entitled action on __3-30-2011__ against __Michael R. Anderson__,
_Date_

the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk | $ 350.00 |
| Fees for service of summons and subpoena | 1,406.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | 14,077.81 |
| Fees and disbursements for printing | |
| Fees for witnesses _(itemize on page two)_ | 3,246.93 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. | 5,868.49 |
| Docket fees under 28 U.S.C. 1923 | |
| Costs as shown on Mandate of Court of Appeals | |
| Compensation of court-appointed experts | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | |
| Other costs _(please itemize)_ | |
| TOTAL | $ 24,949.23 |

_SPECIAL NOTE:_ Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

[X] Electronic service   [ ] First class mail, postage prepaid

[ ] Other: _____

s/ Attorney: __Steelman, Gaunt & Horsefield__

Name of Attorney: __David L. Steelman & Stephen F. Gaunt__

For: __Monica Daniel Hutchison__    Date: __4-6-2011__
_Name of Claiming Party_

### Taxation of Costs

Costs are taxed in the amount of __$24,949.23__ and included in the judgment.

_____    By: _____    _____
_Clerk of Court_           _Deputy Clerk_           _Date_

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Stephanie Creek Pounds  Houston, MO | 1 | 40.00 | | | 189 | 94.54 | 134.54 |
| Craig Chval  Columbia, MO | 1 | 40.00 | | | 332 | 165.89 | 205.89 |
| Melody Wiggins  Rolla, MO | 1 | 40.00 | | | 224 | 112.22 | 152.22 |
| Carl Watson  Houston, MO | 1 | 40.00 | | | 191 | 95.68 | 135.68 |
| Linda Garrett  Houston, MO | 1 | 40.00 | | | 191 | 95.53 | 135.53 |
| Sherri James  Solo, MO | 1 | 40.00 | | | 198 | 99.17 | 139.17 |
| Millie Williams  Houston, MO | 1 | 40.00 | | | 191 | 95.67 | 135.67 |
| Melissa Dunn  Houston, MO | 1 | 40.00 | | | 191 | 95.67 | 135.67 |
| Judge Ellsworth  Cabool, MO | 1 | 40.00 | | | 158 | 78.77 | 118.77 |
| Marci Mosley  Houston, MO | 1 | 40.00 | | | 191 | 95.67 | 135.67 |
| Melinda Hutson  Cabool, MO | 1 | 40.00 | | | 159 | 79.61 | 119.61 |
| Brad Gentry  Houston, MO | 1 | 40.00 | | | 191 | 95.46 | 135.46 |
| Dustin James  Solo, MO | 1 | 40.00 | | | 201 | 100.58 | 140.58 |
| Debbie James  Solo, MO | 1 | 40.00 | | | 201 | 100.58 | 140.58 |
| Devon James  Solo, MO | 1 | 40.00 | | | 201 | 100.58 | 140.58 |
| Jeff Kinder  Jefferson City, MO | 1 | 40.00 | | | 219 | 109.56 | 149.56 |
| Eddie Warlow  Licking, MO | 1 | 40.00 | | | 219 | 109.32 | 149.32 |
| Andrea Spillars  Jefferson City, MO | 1 | 40.00 | | | 276 | 138.18 | 178.18 |
| CONTINUED ON NEXT PAGE | | | | | | | |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

# UNITED STATES DISTRICT COURT

| CONTINUED... | Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Donald Troutman  Houston, MO | 1 | 40.00 | | | 191 | 95.53 | 135.53 |
| Dwayne Gail  Willow Springs, MO | 1 | 40.00 | | | 184 | 92.18 | 132.18 |
| Terry Nelson  Willow Springs, MO | 1 | 40.00 | | | 184 | 92.18 | 132.18 |
| Eric Hackman  Willow Springs, MO | 1 | 40.00 | | | 184 | 92.18 | 132.18 |
| George Faltermann Willow Springs, MO | 1 | 40.00 | | | 184 | 92.18 | 132.18 |
| | | | | | | TOTAL | $3,246.93 |

### NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
 "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
 "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
 Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

 When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

 Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.