IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MONICA DANIEL HUTCHISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 09-3018-CV-S-RED |
| vs. | ) |
| | ) **Jury Trial Demanded** |
| TEXAS COUNTY, MISSOURI; | ) |
| MICHAEL R. ANDERSON, | ) |
| TEXAS COUNTY PROSECUTING | ) |
| ATTORNEY; and | ) |
| MICHAEL R. ANDERSON, individually | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT
TEXAS COUNTY, MISSOURI'S BILL OF COSTS**

COMES NOW Plaintiff, by and through counsel, and objects to Defendant Texas County, Missouri's Bill of Costs pursuant to Rule 54(d) and Local Rule 83.2(a) as follows:

I. <u>Defendant's Bill of Costs is untimely under Local Rule 83.2(a)</u>.

In seeking costs, Defendant notes this Court's order of March 30, 2011 as the date judgment was entered for Defendant Texas County, Missouri. Local Rule 83.2(a) states that the verified bill of costs must be filed no later than twenty-one (21) days after entry of the judgment. Defendant's Bill of Costs was filed on May 9, 2011, more than 21 days after the judgment they note on March 30, 2011.

II. <u>Defendant's Bill of Costs include costs that were not necessarily incurred in the case and are not properly taxable</u>.

Defendant's Bill of Costs seeks to recover videographer charges for three copies of the video deposition of Michael Anderson ($225.00) and videographer charges for the deposition of Plaintiff ($893.74). Under "other costs", Defendant claims charges for three more copies of the video for

1

Defendant Anderson's deposition (with a note on the invoice that counsel for Defendant "requested another copy of the three CD's he can't find the others") ($225.00), four copies of the video of the depositions of Brad Ellsworth, Stephanie Pounds, and Debbie James ($300.00), three copies of the video of Christina Mosley ($225.00), and three copies of the DVD of the video of the depositions of Brad Eidson and Terry Haden ($225.00). The Bill of Costs also includes associated technical charges of $275.25 for synchronizing the transcript and video for the Harold Emde deposition and $26.96 for converting microcassettes into CD's.

While district courts may award costs to a prevailing party in their discretion, the district court may not award costs which are not set out in 28 U.S.C. §1920 or some other statutory authorization. *Lampkins v. Thompson*, 337 F.3d 1009 (8th Cir. 2003). 28 U.S.C. §1920(2) allows taxation of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case". As will be discussed later in these objections, many of the transcripts themselves were not necessary in this case, but were investigative or discovery related only from the standpoint of Defendant Texas County, Missouri, which prevailed on a Motion for Summary Judgment. However, even if the transcripts themselves of the depositions in question were necessary, there is no showing that the multiple copies of the video were necessary to resolution of the claim against Texas County. Texas County did not utilize *any* of these videos in connection with its Motion for Summary Judgment, much less the multiple copies of the videos.

With respect to the transcripts themselves, the only transcript utilized by Texas County in its Motion for Summary Judgment was the Plaintiff's deposition. Defendant Texas County seeks to recover the transcription cost for the following depositions which were *not* utilized in their Motion for Summary Judgment: Michael Anderson ($431.50); Dina Vitoux and David Myers ($685.07); Stephanie Creek Pounds, Bradford Ellsworth and Debbie James ($590.00); Mildred Williams and

Nicholas Hutchison ($546.61); Seth Walker, Melissa Dunn, Marci Mosley and Melinda Hutson ($727.68); Christina Mosley ($426.10); Harold Emde and Jeff Kinder ($315.75); Christopher Swatosh ($181.00); Danny McNew ($147.75); Elizabeth Pribor ($435.00); Brad Eidson and Terry Haden ($463.75). Indeed, Defendant filed its Motion for Summary Judgment on March 30, 2010, and all of the depositions listed, with the exception of Defendant Anderson's, Plaintiff's, Dina Vitoux's, and David Myers', were taken *after* Defendant's Motion for Summary Judgment was ***filed***. Thus, Defendant could not have believed those depositions necessary for its dispositive motion. Again, a district court may tax transcription costs only if a deposition was "necessarily obtained for use in the case" and was not "purely investigative." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006). The transcripts listed above were not "introduced into evidence, relied upon for cross examination or impeachment purposes, or otherwise useful in assisting a resolution of contested issues" between plaintiff and defendant. Id at 763. They were "taken solely for discovery" and "are not taxable as costs." Id.

Under "fees and disbursements for printing", Defendant seeks to recover for copies of medical and pharmacy records produced under subpoena. This charge is not really for printing, but would seem to be more accurately categorized as a fee for exemplification and copies of papers. Again, those fees are only allowed under 28 U.S.C. §1920(4) "where the copies are necessarily obtained for use in the case." Those medical records were not involved in Defendant Texas County's Motion for Summary Judgment and, as with the depositions mentioned above, were not necessarily obtained for use in the case, but were an expense of discovery. The same can be said for the "fees for witnesses" Defendant claims, which pertain to custodians of those records. Because they were not necessary for use in the case, but were discovery, Defendant's fees and disbursements for printing of $132.42 and discovery witness fees of $80.00 should not be allowed.

3

Case 6:09-cv-03018-RED   Document 350   Filed 05/20/11   Page 3 of 5

Finally, Defendant Texas County seeks to recover $225.00 for charges from Dina Vitoux, Plaintiff's expert witness. This is listed in Defendant's itemization as a deposition charge of March 16, 2010, right before the transcription charge for this witness, which is dated March 26, 2010. An examination of the invoice shows that the $225.00 bill was actually for three hours of testimony at $150.00 an hour ($450.00), of which Defendant Texas County paid one half ($225.00). Expert witness fees are not listed under 28 U.S.C. §1920 and are not recoverable beyond the general statutory witness fee. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Defendant Texas County claims no statutory witness fee in connection with Dina Vitoux's deposition, and none was incurred to Plaintiff's knowledge.

For the reasons cited above, Plaintiff objects to Defendant's Bill of Costs and asks that this Court not tax costs against her in this matter.

Respectfully Submitted,

STEELMAN, GAUNT & HORSEFIELD

By: /s/ Stephen F. Gaunt
MO Bar #33183
David L. Steelman, MO Bar #27334
901 Pine Street, Ste. 110
P.O. Box 1257
Rolla, MO 65402
Telephone: 573-341-8336
Fax: 573-341-8548
dsteelman@steelmanandgaunt.com
sgaunt@steelmanandgaunt.com

ATTORNEYS FOR PLAINTIFF

# CERTIFICATE OF SERVICE

I, Stephen F. Gaunt, hereby certify that on the 20th day of May, 2011 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to:

Corey L. Franklin
The Lowenbaum Patnership, LLC
222 South Central Avenue, Ste. 901
St. Louis, MO 63105
Counsel for Defendant Texas County, Missouri

Warren E. Harris
Taylor, Stafford, Clithero, Fitzgerald & Harris, LLP
3315 East Ridgeview, Ste. 1000
Springfield, MO 65804
Counsel for Defendant Michael Anderson

                 /s/ Stephen F. Gaunt
                  Stephen F. Gaunt