**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
Southern Division

| | | |
|---|---|---|
| Monica Daniel Hutchison, | ) | |
| | ) | |
|       *Plaintiff*, | ) | |
| | ) | |
|      vs. | ) | Case No. 09-3018-CV-S-RED |
| | ) | |
| Texas County, Missouri, Michael R. Anderson, | ) | |
| Texas County Prosecuting Attorney & | ) | |
| Michael R. Anderson, individually, | ) | |
| | ) | |
|      *Defendants*. | ) | |

Defendant's Reply Memorandum In Support Of Its Bill Of Costs

COMES NOW Defendant, Texas County, Missouri ("Texas County"), pursuant to FED. R. CIV. P. 54(d) and LOCAL RULE 54.1(a), and for its Reply Memorandum in Support of Its Bill of Costs, states as follows:

I.    Texas County's Bill of Costs is timely under Local Rule 83.2(a).

Plaintiff first objects to Texas County's Bill of Costs on the basis that it is untimely under Local Rule 83.2(a), which states that a verified bill of costs must be filed "no later than twenty-one (21) days after entry of **final** judgment pursuant to Fed.R.Civ.P. 58." (emphasis added). Defendant filed its Motion For Entry Of Final Judgment in August 2010 (Doc. 198), which this Court denied by its Order in January 2011 (Doc. 282). Final judgment was entered on May 23, 2011. As such, Texas County's Bill of Costs cannot be untimely; if anything it's early.

It is noteworthy, moreover, that *Plaintiff*, *too*, filed and was awarded costs citing March 30, 2011 as the date of "judgment" in this case. This date reflects the confidential settlement reached between the parties (*see* Doc. 341). To the extent Plaintiff was able to recover its costs citing the date of settlement, and before final judgment is entered in the case, it would be inequitable to preclude Texas County from doing the same.

II.     Texas County's Bill of Costs Seeks Taxable Expenses Under 28 U.S.C. § 1920

Plaintiff next objects to a number of the costs Texas County seeks, including videographer charges for depositions, copies of video depositions, technical charges for synchronizing depositions or converting microcassettes into CD's, copies of medical and pharmacy records produced under subpoena, and witness fees. Plaintiff's objections lack merit.

Plaintiff correctly states that district courts may award costs to a prevailing party in their discretion, but that they cannot award costs which are not set out in 28 U.S.C. § 1920 or some other statutory authorization. *Lampkins v. Thompson*, 337 F.3d 1009 (8th Cir. 2003). She also correctly states the rule that the district courts "may tax transcription costs if a deposition was 'necessarily obtained for use in a case' and was not 'purely investigative.'" *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006)(citation omitted). However, Plaintiff would have the Court apply this rule much more narrowly than precedent allows.

In *Stewart v. City of St. Louis*, 2007 U.S. Dist. LEXIS 75342, *5 (E.D. Mo.), the Court held that even an unused deposition "may still fall within § 1920's ambit if it was reasonably necessary in preparing the case." The "reasonably necessary" determination "'must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.'" *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997)(citation omitted). Moreover, the Eighth Circuit has expressly held that video deposition costs are included under §1920. *Craftsmen Limousine v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009).

With respect to costs for copies of medical and pharmacy records produced under subpoena and witness fees, these costs are also clearly recoverable under § 1920 and the applicable case law. In the *Marmo* case, the Eighth Circuit held that "[c]opy and exemplification

fees may be awarded if the fees were incurred for items 'necessarily obtained' for use in the case," which means they "'were received as evidence, prepared for use in presenting evidence, or obtained for service on the other parties in the litigation and the court.'" 457 F.3d at 763 (citation omitted). In *Shaver v. Independent Stave Co., Inc.*, 2005 U.S. Dist. LEXIS 42975, *24-25 (E.D. Mo.), the Court awarded $1,206.50 for witness fees and mileage. In *Varner v. Nat'l Supermarkets, Inc.*, 1995 U.S. Dist. LEXIS 21287, *14-15 (E.D. Mo.), the Court awarded $5,632.50 for a doctor's expert witness fees.

Texas County was a party to this case until July 23, 2010 during which time Texas County, like the Plaintiff and defendant Anderson, engaged in good faith discovery into the matters at issue in the case. Plaintiff's Bill of Costs sought $14,077.81 in deposition costs from defendant Anderson (*see* Doc. 342), and the Court awarded this amount without objection from Anderson (*see* Doc. 348). Texas County, on the other hand, now seeks from Plaintiff nearly half that amount ($7,223.10) in deposition costs associated with depositions *it* took that were "reasonably necessary" to the preparation of its defense at the time the depositions were taken (*see* Doc. 347). Texas County further seeks $132.42 for fees of medical and pharmacy records which were "prepared for use" in the case, and a modest $305.00 for fees associated with expert witness testimony.

WHEREFORE, because Plaintiff's objections to Texas County's Bill of Costs lack merit, Texas County is entitled to recovery of same under the applicable statutory and case law. As such, Texas County respectfully urges the Court to overrule Plaintiff's Objections and order the Clerk of Court to tax costs in the amount of $8,869.73 against Plaintiff.

Respectfully submitted,

THE LOWENBAUM PARTNERSHIP, L.L.C.

By: */s/ Corey L. Franklin*
　　IVAN L. SCHRAEDER, MBA 35383
　　COREY L. FRANKLIN, MBE 52066
　　222 South Central Avenue, Suite 901
　　St. Louis, Missouri 63105
　　314.863.0092 - *Telephone*
　　314.746.4848 – *Facsimile*
　　ils@lowenbaumlaw.com
　　clf@lowenbaumlaw.com

Dated: May 24, 2011

　　　　COUNSEL FOR DEFENDANT –
　　　　　TEXAS COUNTY, MISSOURI

### *Certificate of Service*

I hereby certify that I have on this 24th day of May, 2011, served a true and correct copy of the foregoing via the United States District Court for the Western District of Missouri's CM/ECF electronic filing system upon the following counsel of record:

| | |
|---|---|
| DAVID L. STEELMAN | WARREN E. HARRIS |
| STEPHEN F. GAUNT | *Taylor, Stafford, Clithero, Fitzgerald* |
| *Steelman, Gaunt & Horsefield* | 　*& Harris, LLP* |
| *901 Pine Street, Suite 110* | *3315 East Ridgeview, Suite 1000* |
| *P.O. Box 1257* | *Springfield, MO 65804* |
| *Rolla, MO 65402* | |
| | COUNSEL FOR DEFENDANT – |
| COUNSEL FOR PLAINTIFF – | 　*Michael Anderson* |
| 　*Monica Daniel Hutchison* | |

　　　　　　　　　　　　　　　　　　　　　　*/s/ Corey L. Franklin*