**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MONICA DANIEL HUTCHISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 09-3018-CV-S-RED |
| | ) | |
| **TEXAS COUNTY, MISSOURI,** *et al*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Texas County, Missouri's Bill of Costs (Doc. 347). Defendant Texas County, Missouri ("Texas County") requests the Court tax costs against Plaintiff Monica Daniel Hutchison ("Hutchison") in the amount of $8,869.73. Hutchison filed Plaintiff's Objections to Defendant Texas County, Missouri's Bill of Costs (Doc. 350). For the reasons below, the Court **SUSTAINS IN PART** and **DENIES IN PART** the objections filed by Hutchison.

Hutchison's first objection is that the Bill of Costs is untimely under Local Rule 83.2(a).[1] Local Rule 54.1 requires a party to file a bill of costs no later than 21 days after final judgment is entered under Rule 58 of the Federal Rules of Civil Procedure. Hutchison claims that final judgment was entered on March 30, 2011, which is the date Hutchison and Defendant Michael Anderson reached a settlement. Texas County's Bill of Costs was not filed until May 9, 2011. However, Hutchison's claim is without merit because final judgment was not entered on March 30, 2011. Rule 58(c)(2)(A) provides that judgment is entered when the Clerk of the Court enters judgment as a separate document in the civil docket. The Clerk did not enter judgment in this case until May 23, 2011, which is the date that judgment became final for purposes of Local Rule 54.1. As such, Texas

---

[1] Local Rule 83.2 was renumbered to Local Rule 54.1.

County's Bill of Costs is timely. Hutchison's first objection is overruled.

Hutchison's second objection is that Texas County seeks to recover costs for multiple copies of video depositions, costs for synchronizing deposition transcripts with video depositions and costs for converting microcassettes into CDs. The Court agrees that multiple copies of the same deposition are not "necessarily obtained for use in the case," as contemplated by 28 U.S.C. § 1920. Moreover, the Court will not award any costs for video or electronic depositions in light of the fact the parties also acquired transcripts for the numerous depositions taken. As such, Texas County may not recover the costs for: three DVD copies of Michael Anderson's deposition ($225.00), Hutchison's video deposition costs ($893.74), three additional copies of Michael Anderson's deposition ($225.00), four DVD copies of the depositions of the Honorable Bradford E. Ellsworth, Stephanie Creek Pounds, and Debbie James ($300.00), three DVD copies of Christina Mosely's deposition ($225.00), three DVD copies of Brad Eidson and Terry Haden's depositions ($225.00), the fees related to converting microcassettes into CDs ($26.96) and the fees related to video synchronization ($275.25).

Hutchison's third objection is that the Court should not award Texas County costs for any of the deposition transcripts, witness fees or copies of medical records because these documents were not included in Texas County, Missouri's Motion for Summary Judgment (Doc. 101), aside from Hutchison's deposition transcript. Hutchison argues that because these documents were not relied upon to support the summary judgment entered in Texas County's favor, it has not shown that these items were "necessarily obtained for use in the case." § 1920(2), (4).

Costs for deposition transcripts may be awarded if they were " 'necessarily obtained for use in a case' and w[ere] not 'purely investigative.' " *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748,

2

Case 6:09-cv-03018-RED   Document 354   Filed 07/18/11   Page 2 of 4

762 (8th Cir. 2006) (quoting *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006)). The Court finds Hutchison's argument is without merit because " 'a prevailing party is presumptively entitled to recover all of its costs.' " *Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 896-97 (8th Cir. 2009) (quoting *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006)). It is Hutchison that has failed to rebut the presumption that these costs should not be awarded to Texas County. Of further importance is the fact that a majority of the transcripts that Hutchison objects to are the same transcripts she relied upon when she opposed Defendant Anderson's Motion for Summary Judgment. A majority of these witnesses also appeared on the witness lists filed by Hutchison and Michael Anderson as the case proceeded to trial. Had the Court not entered summary judgment in Texas County's favor, it is likely Texas County would have utilized these transcripts as the case progressed and it has not been shown how these transcripts were purely investigative. The same can also be said for the costs to obtain copies of medical records and the witness fees for Cheryl Roberts and Walgreens Co. Given that necessity is determined " 'in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use,' "[2] the Court finds that these costs should be taxed against Hutchison. As such, Hutchison's third objection is overruled.

Hutchison's last objection is that Texas County cannot recover $225.00 for Dina Vitoux deposition fee because Vitoux is an expert witness and expert witness fees are not recoverable beyond the statutory minimum witness fee provided under 28 U.S.C. § 1821(b). Hutchison correctly notes that 28 U.S.C. §1920 does not provide for the recovery of expert witness fees beyond what is

---

[2] *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)).

recoverable under § 1821(b) unless the expert witness was appointed by the court. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). However, Texas County is entitled to recover the $40 statutory minimum witness fee under § 1821(b). *Id*. Therefore, Hutchison's objection is sustained in part and overruled in part and the amount taxed against Hutchison will be reduced by $185.00.

Finally, the Court notes that Hutchison has not specifically objected to Texas County's request for a $157.00 application fee or to the costs for Hutchison's deposition transcript totaling $929.15.

For the reasons above, the Court **ORDERS** the Clerk of the Court to tax costs against Hutchison in the amount of $6,288.78.

**IT IS SO ORDERED**.

DATED: July 18, 2011        */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT